UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

   Plaintiff,

 vs.         PRETRIAL SCHEDULING ORDER

William J. Mooney, et al.,

   Defendants.    Court File No. 16-cv-2547(SRN/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to Pretrial Conference convened on March 30, 2017, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Pretrial Schedule will govern these proceedings. **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rules 7.1 and 16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures For The District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

## I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **June 1, 2017**. The period during which the parties must conduct all discovery (whether fact or

expert) shall terminate on **October 15, 2017**.[1]  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

## II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **July 31, 2017**.[2]

## III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **November 15, 2017**, by calling Victoria L. Miller at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois.  All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) and the Electronic Case Filing Procedures For The

---

[1]See, Local Rule 16.2(d)(3) of the United States District Court For the District of Minnesota Local Rules.

[2]This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages. Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

District of Minnesota.  No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

IV.

A Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter is set before Magistrate Judge Leo I. Brisbois, on **Monday, December 18, 2017, at 9:30 a.m.,** in Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 W. First St., Duluth, Minnesota.  A separate Notice of this Settlement Conference shall be issued outlining the parties' obligations for preparation and for appearance of the Conference.

V.

That no more than **30** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any side.

VI.

That no more than **five (5)** depositions (excluding expert depositions) shall be taken by any side without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[3]  Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written

---

[3]This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

report prepared and signed by the expert witness.[4]  As required by Rule 26(a)(2)(B), Federal Rules

of Civil Procedure, the report shall contain:

> a.      The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

> b.      The compensation to be paid for the study and testimony;

> c.      A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

> d.      A complete statement of all opinions to be expressed and the basis and reasons therefor;

> e.      The data or other information considered by the witness in forming the opinions; and

> f.      Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **August 31, 2017**.  The Defendants'

disclosures shall be made on or before **September 21, 2017**.

## VIII.

That the parties **do not** contemplate taking expert depositions.  No experts may be deposed

by any side without prior Order of the Court.

## IX.

That each party shall fully supplement all discovery responses according to Rule 26(e),

Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not

---

[4]If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

## X.

Counsel for the moving party shall contact Judge Nelson's Courtroom Deputy, Susan Del Monte, at 651-848-1970 no later than **October 15, 2017**[5] to schedule a hearing for a dispositive motion, if any. Counsel are reminded that at least two to three months advance notice is necessary to place a dispositive motion on the calendar. All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; however, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until 42 days prior to the scheduled hearing date.

When a motion, response, or reply brief is filed on ECF, two paper courtesy copies (three-hole punched, with dividers clearly marked between exhibits) of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Susan Del Monte at the same time as the documents are posted on ECF.

Notwithstanding the foregoing, no party shall file a dispositive motion before the close of discovery without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three pages briefly setting forth the basis for the motion,

---

[5]The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing. If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in response to the request. Denial of a request for permission to file an early dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

XI.

That this case shall be ready for Trial on **February 15, 2018**[6], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury**[7] Trial calendar. That the anticipated length of Trial is **one to three**

---

[6]**THIS DATE IS NOT A TRIAL SETTING DATE**. The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.

[7]The parties dispute whether or not the Defendants, William J. Mooney and Joni T. Mooney, timely made and filed a demand for a Jury Trial pursuant to Fed.R.Civ.P. 38(b). If a timely demand for a Jury Trial is not made and filed as required by Fed.R.Civ.P. 38(b)(1); (b)(2), then the Trial by Jury is waived and the issues shall be tried by the Court. Fed.R.Civ.P. 39(b). If a party wishes to preserve a right to Trial by Jury, they must serve and file a demand for a Jury Trial no later than 14 days after the last pleading directed to the issues is served - and this demand may be included in a pleading itself. Fed.R.Civ.P. 38(b)(1); (b)(2). In the present case, the Complaint was filed and served on July 28, 2016, and it did not contain a demand for a Jury Trial by the Plaintiff. [Docket No. 1]. The Defendants, William J. Mooney and Joni T. Mooney, filed their original Answer and Counter-Claim on August 19, 2016, and this pleading did not contain a demand for a Jury Trial. [Docket No. 6]. If this were the only pleading history material to this procedural disagreement, then the time for Defendants, William J. Mooney and Joni T. Mooney, to separately serve and file a demand for Jury Trial would have lapsed on September 2, 2016, Fed.R.Civ.P. 38(b)(1), thus resulting in a waiver of the right to Trial by Jury in the absence of any such separate demand having been made. Fed.R.Civ.P. 39(b). However, on August 31, 2016, before the aforementioned September 2, 2016, deadline had lapsed, the Plaintiff made a motion to strike the Defendants'
(continued...)

**days**.

BY THE COURT:

DATED:   April 7, 2017                           s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 U.S. MAGISTRATE JUDGE

---

[7](...continued)
Answer and Counter-Claim. [Docket No. 7].  After hearing argument on the motion, the Court granted the Plaintiff's motion to strike the Defendants' Answer and Counter-Claim, [Docket No. 36], and directed the Defendants, William J. Mooney and Joni T. Mooney, to file and serve a new Answer compliant with Rule 8 pleading requirements on or before December 12, 2016, (Id).  The deadline for the Defendants, William J. Mooney and Joni T. Mooney, to file and serve their new Answer was extended to February 1, 2017. [Docket No. 42].  Accordingly, the last pleading directed to the issues subject to Trial by Jury was the Mooney Defendants' new Answer required as a consequence of this Court granting the Plaintiff's motion to strike these Defendants' original Answer, and when the Defendants, William J. Mooney and Joni T. Mooney, filed and served their new Answer on January 26, 2017, before the deadline as required by this Court's Orders, it included a demand for Trial by Jury. [Docket No. 43].  Therefore, given the particular procedural posture of the present case, these Defendants' demand for a Jury Trial was timely.