UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

v.

William J. Mooney,
Joni T. Mooney, &
Harbor Holdings, Mid-Atlantic Trustees and
Administrators,

                Defendants.

Court File No. 16-cv-2547 (SRN/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge upon Defendants William J. Mooney's and Joni T. Mooney's (together the "Mooney Defendants") Motion for Dismissal With Prejudice, [Docket No. 51], and upon referral from the Honorable Susan R. Nelson. (Order of Referral [Docket No. 60]). A hearing was held on March 30, 2017, after which the motion was taken under advisement. [Docket No. 70].

For the reasons discussed herein, it is recommended that the Mooney Defendants' Motion for Dismissal With Prejudice, [Docket No. 51], be **DENIED**.

## I.    BACKGROUND AND STATEMENT OF FACTS

On July 28, 2016, Plaintiff the United States of America initiated the present action by filing its Complaint. (Compl. [Docket No. 1]). Plaintiff's Complaint seeks to "reduce federal tax and penalty assessments to judgment and enforce federal tax liens on property located in this district." (Id.).

Plaintiff's Complaint alleges that for the period from 2002 to 2014, the Secretary of the Treasury of the United States calculated tax assessments for Defendant William Mooney totaling

$59,382.10, and penalty assessments for that same time period totaling $35,778.24. (Id. at ¶¶ 6–8; ¶¶ 12–14). Plaintiff's Complaint also alleges that for the period from 2002 to 2014, the Secretary of the Treasury of the United States calculated tax assessments for Defendant Joni Mooney totaling $28,092.97, and penalty assessments for that same time period totaling $35,516.90. (Id. at ¶¶ 6–8; ¶¶ 15–17).

Regarding the property on which Plaintiff seeks to ultimately enforce federal tax liens, Plaintiff asserts that Defendant William Mooney and Joni Mooney (collectively "Mooney Defendants") acquired the property by deed dated February 26, 1982. (Id. at ¶ 18). Plaintiff alleges that Defendants "William Mooney and Joni Mooney participated in an abusive tax promotion," and "[b]y quit-claim deed recorded on November 1, 2004, William J. Mooney and Joni T. Mooney purported to convey their interest in the property to Harbor Holdings, Mid-Atlantic Trustees and Administrators, Trustee." (Id. at ¶¶ 19–25).[1] Plaintiff alleges that while "Harbor Holdings holds title to the property as the nominee of William J. and Joni T. Mooney," the Mooney Defendants have "enjoyed the benefits of, and paid for all costs associated with the property. . . [and] are the named insureds under the current homeowners insurance on the property." (Id. at ¶¶ 31–33). Therefore, Plaintiff asserts that "[t]he federal tax liens associated with the unpaid federal income tax and penalty assessments against William J. and Joni T. Mooney (individually and jointly)" should attach to the property and should be enforced. (Id. at ¶¶ 33–37).

On August 9, 2016, Plaintiff had Defendant Joni Mooney personally served and had Defendant William Mooney served by leaving a copy of the summons and complaint with Defendant William Mooney's wife, Defendant Joni Mooney, at his "usual place of abode."

---

[1] Plaintiff asserts that Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators ("Defendant Harbor Holdings") is named as a party in the Compliant under 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which Plaintiff seeks to enforce its lien. (Id. at ¶ 4).

[Docket Nos. 4, 5]. On August 19, 2016, the Mooney Defendants filed their purported joint answer to Plaintiff's Complaint which the Mooney Defendants entitled "Affidavit, Counter-Claim." [Docket No. 6].

On August 22, 2016, Plaintiff served Defendant Harbor Holdings by personally serving Kerry Augustine as trustee on behalf of Defendant Harbor Holdings. [Docket No. 14]. On September 13, 2016, Kerry Augustine, as trustee for Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators purported to answer Plaintiff's Complaint with an "Affidavit of Conditional Acceptance." [Docket No. 15].

On November 7, 2016, the Undersigned stuck the Mooney Defendants' purported joint answer, [Docket No. 6]; Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators' purported answer, [Docket No. 15], and Defendants' other extraneous purported affidavits and various documents, [Docket Nos. 11, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35]. (Order [Docket No. 36]). In that same Order, the Court directed the Mooney Defendants to answer the present Complaint as soon as possible and in any event no later than December 7, 2016. (Id.). It also ordered Defendant Harbor Holdings to obtain legal counsel of record and answer the present Complaint through that attorney as soon as possible, and in any event, answer no later than December 7, 2016. (Id.).

On December 12, 2016, the Court granted the Mooney Defendants' Affidavit of Continuance, [Docket No. 39], thereby extending the deadline to February 1, 2017, for all Defendants to comply with the substantive directives of this Court's prior Order. (See, Order [Docket No. 42]).

On January 26, 2017, Defendants William and Joni Mooney filed their Answer and Counterclaim, [Docket No. 43], generally denying every paragraph in Plaintiff's Complaint and asserting a number of counterclaims and defenses.[2]

On January 26, 2017, Defendant Joni T. Mooney filed a document entitled "Affidavit of 'Friend of a Friend' and 'Constitutional Consul.'" [Docket No. 44]. In that document, Defendant Joni T. Mooney purports to name Defendant William J. Mooney as her counsel.[3] Also on January 26, 2017, Defendant William J. Mooney filed a document entitled "Affidavit of 'Friend of a Friend' and 'Constitutional Consul,'" [Docket No. 45], in which Kerry Augustine, as purported trustee for Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators, purports to name Defendant William J. Mooney as counsel for Defendant Harbor Holdings. Defendant William J. Mooney also filed another document entitled "Affidavit of 'Friend of a Friend' and 'Constitutional Consul,'" [Docket No. 46], in which Kerry Lee Augustine—who is not a party in the present action—purports to name Defendant William J. Mooney as Mr. Augustine's counsel.

On January 30, 2017, the undersigned struck Docket Nos. 44, 45, and 46, again explaining that Defendant William J. Mooney, as a pro se party, may only represent himself as he is not an attorney licensed to practice law in this Court. (Order [Docket No. 47]).

On February 2, 2017, Plaintiff filed an Application for Entry of Default as to Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. [Docket No. 48]. On February 6,

---

[2] While the Mooney Defendants' Answer and Counterclaim, [Docket No. 43], is not structured as a routine answer and contains superfluous verbiage in its ostensible defenses and counterclaims, it does "deny all allegations 1 thorough 37" in Plaintiff's Complaint.

[3] The Court notes that it previously struck a document containing an attachment similar to Defendant Joni Mooney's presently filed document in which Defendant Joni Mooney also purported to appoint Defendant William Mooney as counsel for Defendant Joni Mooney. (See, Order [Docket No. 36]).

4

2017, the Clerk of Court entered default against Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. (Clerk's Entry of Default [Docket No. 50]).

On February 15, 2017, the Mooney Defendants filed the present Motion for Dismissal with Prejudice, [Docket No. 51], as well as, supporting documentation. [Docket Nos. 51–59]. On February 16, 2017, Judge Nelson referred that motion to the undersigned for findings of fact and recommendation for its disposition. (Order of Referral [Docket No. 60]).

On March 30, 2017, the Court held a motions hearing regarding the present motion. [Docket No. 70].

## II.  DEFENDANTS' MOTION FOR DISMISSAL. [DOCKET NO. 51].

The Mooney Defendants move this Court for an Order dismissing the present action with prejudice. (Defs' Mot. [Docket No. 51]). The Mooney Defendants argue that the present action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the Mooney Defendants; under Federal Rule of Civil Procedure 12(b)(4), as well as, under Federal Rule of Civil Procedure 12(b)(5) for insufficient process and insufficient service of process upon Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators; and under Federal Rule of Civil Procedure 12(b)(7) arguing that Plaintiff has failed to join Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. (See, Defs' Mot. [Docket No. 51]). The Court reviews these arguments in turn, and it finds them all entirely without merit.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

### A. Jurisdictional Issues

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12–cv–1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may at any time challenge the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See, Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).

The Mooney Defendants argue that the Court lacks both subject matter jurisdiction and personal jurisdiction over them. The Mooney Defendants maintain that the Plaintiff has failed to demonstrate subject matter jurisdiction exists; the Mooney Defendants themselves are not citizens of the United States, or "federal State citizens;" that they are "flesh" and "blood" persons who are not subject to this Court's jurisdiction; that the Defendants named in this case are fictional persons as opposed to the natural "flesh" and "blood" persons who have made appearance in this matter; that this Court only has territorial jurisdiction over the District of Columbia; that this Court lacks jurisdiction because the federal income tax is voluntary; and that the Court lacks jurisdiction because neither the Internal Revenue Service nor this Court has the authority to collect income taxes "from a natural man/woman and human beings who are by definition outside the scope and jurisdiction of THE INTERNAL REVENUE SERVICE." (See, Defs.' Mem. [Docket No. 52], at 1–10).

The Mooney Defendants raise a type of "sovereign citizen" or "revisionist legal theory" claim which have universally been found without substance of any kind. Adherents of such claims or defenses "believe that they are not subject to governmental authority and employ

6

various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (citation omitted).

"[C]ourts have encountered these claims before, namely, in the antics and writing of extremist who wish to dissociate themselves from the social compact undergirding this nation's democratic institutions, including the independent judicial branch of government." United States v. Mitchell, 405 F. Supp. 2d 602, 605 (D. Md. 2005). These other courts, including Mitchell have summarized these types of theories noting that:

> Though the precise contours of their philosophy differ among the various groups, almost all antigovernment movements adhere to a theory of a "sovereign" citizen. Essentially, they believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are "corporate" or "14th Amendment" citizens by virtue of the ratification of the 14th Amendment. The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent. One of the more cogent [—] in the sense that it is readily followed—arguments is that there were no United States citizens prior to the ratification of the 14th Amendment. All Americans were merely citizens of their own state and owed no allegiance to the federal government. As a result of that amendment, however, Congress created a new type of citizen—one who now enjoyed privileges conferred by the federal government and in turn answered to that government.

Id. at 605.

Other Courts describe a similar theory based upon a belief that the passage of the Fourteenth Amendment somehow led to creation of fictitious entities:

> Supposedly, prior to the passage of the Fourteenth Amendment, there were no U.S. citizens; instead, people were citizens only of their individual states. Even after the passage of the Fourteenth Amendment, U.S. citizenship remains optional. The federal government, however, has tricked the populace into becoming U.S. citizens by entering into "contracts" embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is

7

> separate from, the real person.[4] Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship. However, the government cannot hold the profits it makes from this use of its citizens and their property in the general fund of the United States because doing so would constitute fraud, given that the profits technically belong to the actual owners of the property being pledged (i.e., the real people represented by the fictitious entities). Therefore, the government holds the profits in secret, individual trust accounts, one for each citizen.

Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 758–59 (W.D. Va. 2007); aff'd 282 Fed. App'x 260 (4th Cir. 2008) (footnote in original); see, Gravatt v. United States, 100 Fed. Cl. 279, 283 (2011).

While the Mooney Defendants may not have labelled their claims as such, the same antics as described above are the exact type of claims and arguments the Mooney Defendants now present in support of their Motion for Dismissal. [Docket No. 51]. The types of arguments made by the Mooneys have been repeatedly and soundly rejected, and therefore, require no further detailed analysis here. See, e.g., United States v. Jonassen, 759 F.3d 653, 657 n. 2 (7th Cir. 2014) (providing that sovereign citizen arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law.") (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)).

For example, the Mooney Defendants argue that they themselves are not citizens of the United States, or "federal State citizens;" that they are **persons "flesh" and "blood"** who are not subject to this Court's jurisdiction; that the Defendants named in the case caption are **fictional persons** as opposed to the natural "flesh" and "blood" persons who have made appearances before the Court in this matter; and that the Court lacks jurisdiction because neither the Internal

---

[4] [Apparently, proponents of this theory claim] the name of the fictitious entity is the real person's name [but written] in all-capital letters, which apparently explains, [according to the proponents,] why names are commonly written in all-capital letters on birth certificates, driver's licenses, and other government documents.

Revenue Service nor the Court has the authority to collect income taxes "**from a natural man/woman and human beings** who are by definition outside the scope and jurisdiction of THE INTERNAL REVENUE SERVICE." (See, Defs.' Mem. [Docket No. 52], at 1–10). In support of their arguments, the Mooney Defendants also appear to assert that the Court and the Internal Review Service only have the authority to act within the "federal zone" which they assert consists of the District of Columbia and other specific limited areas of land owned by the United States government.

As already noted, the exact arguments raised by the Mooney Defendants, as well as, numerous variations of these arguments have correctly been repeatedly rejected by the Eighth Circuit as "meritless," "absurd," and "entirely frivolous." See, United States v. Watson, 1 F.3d 733, 734 (8th Cir. 1993) (finding defendant's assertion that he is a "free citizen of the State of Oklahoma" and not a United States citizen because he has never lived or worked in the District of Columbia or territories of the United States to be "meritless"); United States v. Kruger, 823 F.2d 587, 587–88 (8th Cir. 1991) (rejecting as "absurd" defendants' argument that the Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution unlawfully bestow citizenship upon "non-white races and other 'artificial statutory person'"); United States v. Schmitt, 784 F.2d 880, 882 (8th Cir. 1986) (finding appellants' arguments that the district court lacked personal jurisdiction over them because they are "Natural Freeman" to be "entirely frivolous"); United States v, Sileven, 985 F.2d 962, 970 (8th Cir. 1993) (finding similar arguments that defendant was not a federal citizen "plainly frivolous" and noting that further discussion was unnecessary); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as "meritless" and "frivolous" appellants' assertions that they were not citizens of the United States, but instead "Free Citizens of the Republic of Minnesota" and that the district court

had failed to establish "inland jurisdiction"); see, also, United States v. Garcia, No. 17-1012, 2017 WL 1521786, at *1 (8th Cir. Apr. 28, 2017) (rejecting defendant's challenge to the Court's jurisdiction based on his assertion that he is a "private, sovereign, flesh and blood man" and concluding that the challenge lacked merit); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all person within its borders."); Schwagerl v. Fed. Nat'l Mortg. Ass'n, No. 11-cv-3578 (DWF/JJK), 2012 WL 2060636, at *4 (D. Minn. Apr. 11, 2012) (finding plaintiffs' argument "that the capitalized versions of their names are separate legal entities from themselves" is without basis or merit); United States v. Beale, No. 10-cv-4933 (ADM), 2011 WL 1302907, at *4 (D. Minn. Apr. 6, 2011) (rejecting similar arguments); United States v. Foster, No. 97-cr-7103 (JMR/RLE), 1997 WL 685371, at *7 (D. Minn. May 27, 1997) (finding defendants' assertion that they were citizens of the "Sovereign Republic County Minnesota State," and that the "United States consists of ten square miles, a/k/a District of Columbia" to be "patently frivolous under the settled law of this Circuit"); United States v. Alexio, No. 13-cv-1017 (JMS), 2015 WL 4069160, at *4 (D. Haw. July 2, 2015); Santiago v. Century 21/PHH Mortg., No. 1:12-cv-2792 (KOB), 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013) (citing cases rejecting similar arguments); Paul v. New York, No. 13-cv-5047 (SJF/AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) ("The conspiracy and legal revisionist theories of 'sovereign citizens' are not established in law in this court or anywhere in this country's valid legal system."); Rice v. Maryland, No. 9-cv-1947 (RWT), 2010 WL 2773575, at *3 n. 2 (D. Md.

July 13, 2010) ("Such a ['flesh and blood' sovereign] defense has been repeatedly rejected and has been viewed by [the Fourth Circuit] as a 'self-defeating legal strategy.'") (citing United States v. Jenkins, 311 Fed. App'x 655, 656 (4th Cir. 2009)).

The Mooney Defendants also argue that the Court lacks jurisdiction because the federal income tax is voluntary. (See, Defs.' Mem., [Docket No. 52], at 5). However, the Eighth Circuit Court of Appeals has also previously and repeatedly dismissed the frivolous argument that the federal income tax is voluntary observing that it "clearly lacks substance." See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (citing Newman v. Schiff, 778 F.2d 460, 467 (8th Cir. 1985)); Grell v. Obama, No. 15-mc-51 (JRT/BRT), 2015 WL 6445496, at *2 (D. Minn. Oct. 21, 2015). The Court clearly has subject matter jurisdiction in this case. See, United States v. Kruger, 923 F.2d 587, 588 (8th Cir. 1991) (finding that a district court had subject matter jurisdiction to entertain suits brought pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402).

Accordingly, the Court finds entirely meritless the Mooney Defendants' arguments and no further comment is required to wholly reject the Mooney Defendants' argument that this Court lacks subject matter jurisdiction over the present cause of action, as well as, reject the Mooney Defendants' argument that the Court lacks personal jurisdiction over them because they are not federal citizens.

### B. Service and Service of Process Upon Defendant Harbor Holdings

The Mooney Defendants also appear to argue that the present action should be dismissed in its entity because of insufficient process and insufficient service of process upon Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators (hereafter "Harbor Holdings"). (Defs. Mot. [Docket No. 51]; Defs.' Reply, [Docket No. 64], at 11).

The Mooney Defendants appear to generally argue that if service is not effectuated upon all defendants in a case then the case must be dismissed in its entirety. Specifically, in the present case, the Mooney Defendants appear to be arguing that Defendant Harbor Holdings has not been served, and therefore, the present case must be dismissed. This argument is itself meritless and unpersuasive for at least three reasons.

First, as the Court has previously explained to the Mooney Defendants, neither of them, as pro se parties, may appear and present argument on behalf of Defendant Harbor Holdings. (See, e.g., Orders [Docket Nos. 36, 47]). "A non-lawyer . . . has no right to represent another entity, i.e. a trust, in a court of the United States." Knoefler v. United Bank of Bismark, 20 F.3d 347, 348 (8th Cir. 1994); see, Hentges v. Vandelist, No. 15-cv-1203 (DWF/TNL), 2015 WL 2454120, at *3 (D. Minn. May 22, 2015). As such, the Mooney Defendants may not raise arguments—even arguments of insufficient process or insufficient service of process—on behalf of Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators.

Next, Defendant Harbor Holding has in fact been served legal process in the present case, and a clerk's entry of default has already been entered against Defendant Harbor Holdings. [Docket Nos. 14, 50].[5] On August 22, 2016, Plaintiff served Defendant Harbor Holdings by personally serving Kerry Augustine as trustee on behalf of Defendant Harbor Holdings. [Docket No. 14]. This Defendant never answered the Complaint. On February 2, 2017, Plaintiff filed an Application for Entry of Default as to Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators, [Docket No. 48], and on February 6, 2017, the Clerk of Court entered default

---

[5] The Mooney Defendants may also now be attempting to inartfully contend that "Harbor Holdings" is a different entity than "Mid-Atlantic Trustees and Administrators;" however, the Mooney Defendants do not support this assertion with any factual allegations or legal arguments. In any event and as explained above, the Mooney Defendant cannot raise any arguments on behalf of Defendant Harbor Holdings. The Defendant in this matter is "Harbor Holdings, Mid-Atlantic Trustees and Administrators." (See, Compl., [Docket No. 1], at ¶ 4).

against Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. (Clerk's Entry of Default [Docket No. 50]).

Finally, even assuming for the mere sake of argument there was a lack of service as to one defendant, an action as it proceeds as to another defendant in not affected. Issues of service apply to each defendant separately not to the defendants as a whole. See, e.g., Hanks v. Hills, No. 15-cv-4275 (JNE/TNL), 2016 WL 7404680, at *1 (D. Minn. Dec. 21, 2016) (dismissing pursuant to Rule 4(m) only the defendant who had not been properly served while the action continued against defendants who had been served); Yang v. Rosenbaum, No. 9-cv-3190 (RHB), 2017 WL 2735756, at *1–2 (D. Minn. July 9, 2010) (discussing service requirements as to defendants individually).

### C. Failure to Join Defendant Harbor Holdings

The Mooney Defendants' Motion for Dismissal With Prejudice, [Docket No. 51], also asserts that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(7) because of a failure to join "Mid-Atlantic Trustees and Administrators, a Trust." (Defs.' Mot. [Docket No. 51]).[6] However, as noted above, Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators has been served, [Docket No. 14], and therefore, it has been joined as a party.

Under Rule 12(b)(7) a party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "Dismissal under Rule 12(b)(7) is 'warranted only when the defect is serious and cannot be cured.'" Omega Demolition Corp. v. Hays Grp., Inc., 306 F.R.D. 225, 227 (D. Minn. 2015) (quoting Direct Supply, Inc. v. Specialty Hospitals of America, LLC, 878 F. Supp. 2d 13, 23 (D.D.C. 2012)).

---

[6] Again this argument seems predicated on the notion that Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators is somehow different than the "Mid-Atlantic Trustees and Administrators, a Trust" referred to in the Mooney Defendants motion; however, the Mooney Defendants do not explain this differentiation or provide any factual or legal support for such an assertion.

"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Omega Demolition Corp., 306 F.R.D. at 227 (quoting Skyes v. Hengel, 220 F.R.D. 593, 596 (S.D. Iowa 2004)). Rule 19(a) designates a person to be a required party if "in that person's absence, the court cannot accord complete relief among existing parties; . . . or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

While the Mooney Defendants do not indicate under what provision of Rule 19 they believe Defendant Harbor Holdings should be joined, the record clearly demonstrates that Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators is a party in the present matter. Defendant Harbor Holdings is named in the present Complaint. (See, Compl., [Docket No. 1], at ¶ 4). Plaintiff served Defendant Harbor Holdings by personally serving Kerry Augustine as trustee on behalf of Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. [Docket No. 14]. This Defendant did <u>not</u> answer the Complaint. On February 2, 2017, Plaintiff filed an Application for Entry of Default as to Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators, [Docket No. 48], and on February 6, 2017, the Clerk of Court entered default against Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators. (Clerk's Entry of Default [Docket No. 50]).

Accordingly, the Court finds yet again entirely meritless and unpersuasive the Mooney Defendants' argument that dismissal is appropriate under Rule 12(b)(7) because Harbor

Holdings, Mid-Atlantic Trustees and Administrators has not been joined as a party—most simply stated because it <u>has</u> been made a party. [Docket No. 14].

## III. CONCLUSION

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendants' Motion for Dismissal With Prejudice, [Docket No. 51], be **DENIED** in its entirety.

Dated: May 1, 2017

s/Leo I. Brisbois  
Leo I. Brisbois  
U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.