UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators,<br><br>Defendants. | Case No. 16-cv-2547 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Michael R. Pahl, United States Department of Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, District of Columbia, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 Sixth Avenue Northwest, Little Falls, Minnesota 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

I.  INTRODUCTION

This matter comes before the Court on the Objections [Doc. No. 75] of Defendants William J. Mooney and Joni T. Mooney (together, the "Mooney Defendants") to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated May 1, 2017 [Doc. No. 76]. The magistrate judge recommended that the Mooney Defendants' Motion for Dismissal with Prejudice [Doc. No. 51] be denied.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole

or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). For the reasons stated herein, the Court overrules the Mooney Defendants' objections and adopts the R&R in its entirety.

## II. BACKGROUND

The facts underlying this case and the present motion have been thoroughly and accurately stated in the R&R, the background section of which the Court incorporates by reference here. Very briefly stated, Plaintiff, the United States of America, "brings this action against the above defendants to reduce federal tax and penalty assessments to judgment and enforce federal tax liens on property located in this district." (Compl. [Doc. No. 1] at 1.) Plaintiff alleges that for the period from 2002 to 2014, the Secretary of the Treasury calculated tax assessments against the Mooney Defendants totaling $87,475.07, and penalty assessments for the same period totaling $71,295.14. (*See id.* ¶¶ 6-8, 12-17.) Plaintiff seeks to enforce tax liens on property occupied by the Mooney Defendants in Little Falls, Minnesota. (*See id.* ¶ 5.)

The Complaint alleges that although the Mooney Defendants acquired the property by deed in February 26, 1982, and have continuously occupied it since, they purported to convey their interest in the property to Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators, Trustee ("Harbor Holdings") by a quit claim deed recorded on November 1, 2004. (*See id.* ¶¶ 18, 25.) Plaintiff contends that "Mid-Atlantic Trustees and Administrators" was the name used by certain promoters to "promote an abusive tax scheme where customers used sham trusts to hide their income and assets from the IRS."

(*Id.* ¶ 26.) Importantly, although Harbor Holdings was supposedly the title-holder to the Little Falls property, the Mooney Defendants have "enjoyed the benefits of, and paid for all costs associated with the property," and "are the named insureds under the current homeowners insurance on the property." (*Id.* ¶¶ 31-33.) Ultimately, the Complaint asserts that the "federal tax liens associated with the unpaid federal income tax and penalty assessments against William J. and Joni T. Mooney (individually and jointly)" should "attach to the [Little Falls] property" and be enforced by a court-ordered sale of the property and distribution of the proceeds. (*See id.* ¶ 37.)

Between the filing of the Complaint on July 28, 2016 and the present date, the Mooney Defendants have engaged in what may be described as an unconventional response to litigation. A complete recounting of events is contained in the R&R, and for the sake of brevity will not be repeated here. Of particular note, Defendant William J. Mooney, although not a lawyer authorized to practice law in the State of Minnesota or to appear before this Court, has attempted to represent not only himself but his wife and Harbor Holdings. (*See* Jan. 30, 2017 Order [Doc. No. 47].) Defendants have also filed more than two dozen affidavits, exhibits, motions, and notices with names such as "Lawful Notice of Fault in Dishonor" and "Affidavit of 'Friend of a Friend' and "Constitutional Consul'." These documents have generally proven non-responsive to the Complaint and not in keeping with the Federal Rules of Civil Procedure, and accordingly have been nearly universally stricken from the record by the magistrate judge. (*See* Jan. 30, 2017 Order; Nov. 7, 2016 Order [Doc. No. 36].) Judge Brisbois has also repeatedly reminded the Mooney Defendants that a non-lawyer may not represent a third-party in court. (*See, e.g.*, Jan. 30,

2017 Order.)

Because Defendant Harbor Holdings had failed to plead or otherwise properly defend the action—despite repeated orders of this Court to do so—Plaintiff moved for an entry of default as to that defendant on February 2, 2017. (*See* Request for Entry of Default [Doc. No. 48].) Pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of Court duly entered default four days later. (*See* Clerk's Entry of Default [Doc. No. 50].) On February 15, 2017, the Mooney Defendants filed the present Motion for Dismissal with Prejudice. They contend that dismissal is warranted on five separate grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) insufficient process as to Defendant Harbor Holdings; (4) insufficient service of process as to the same defendant; and (5) failure to join Harbor Holdings. The magistrate judge filed the R&R as to the Mooney Defendants' motion on May 1, 2017, recommending that the motion be denied. The Mooney Defendants have since filed timely objections to the R&R, triggering this *de novo* review.

## III. DISCUSSION

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the

magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Hom Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B. Jurisdictional Issues

As Judge Brisbois noted and discussed at length, the Mooney Defendants' jurisdictional arguments are based on what is commonly termed a "sovereign citizen" theory of law and history. (*See* R&R at 6-11.) They argue that Plaintiff has failed to demonstrate that jurisdiction exists in this matter; that they themselves are not citizens of the United States (as opposed to the "Republic of Minnesota"); that they are "flesh and blood" persons who are not subject to this Court's jurisdiction, unlike the fictitious, "corporate" defendants named in the case; that this Court has territorial jurisdiction only in the District of Columbia and a few other scattered places; that the federal income tax is voluntary; and that neither the Court nor the Internal Revenue Service has authority to collect income taxes "from a natural man/woman and human beings who are by definition outside the scope and jurisdiction of THE INTERNAL REVENUE SERVICE." (*See* Defs.' Mem. in Supp. [Doc. No. 52] at 1-10 (capitalization original).) In support, they cite to a random smattering of

case law, most of it ancient, obscure, out-of-context, and—in at least one instance—apparently wholly made up.[1]  *Cf. United States v. Mitchell*, 405 F. Supp. 2d 602, 605 (D. Md. 2005) (noting that sovereign citizens "all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent").

As the magistrate judge carefully demonstrated through ample case citation, such arguments have been thoroughly and consistently rejected by courts throughout this country. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented.")  Of note, the Eighth Circuit has described the Mooney Defendants' arguments as "frivolous," and not deserving of "extended discussion."  *United States v. Simonson*, 563 F. App'x 514

---

[1] The Mooney Defendants cite to *Penhallow v. Doane's Adm'rs*, 3 U.S. (3 Dall.) 54 (1795) for the following proposition:

> Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons.  The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible.  The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them.

Having since carefully reviewed *Penhallow*, the Court can confidently say that this quote appears nowhere in that case.  *See United States v. Heijnen*, 375 F. Supp. 2d 1229, 1231 n.1 (D.N.M. 2005) (addressing same quote, and noting that it was not found in *Penhallow* "or in any other source").  The Mooneys are admonished to be truthful, accurate, and careful about citing precedent in future.

(8th Cir. 2014) (mem.).

Moving beyond the Mooney Defendants' unavailing sovereign citizen arguments, the fundamental fact is this: Plaintiff has asserted that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1340, and 1345, as well as I.R.C. §§ 7402 and 7403. A quick review of these statutes is all that is necessary to determine—as a matter of law—that this Court has subject matter jurisdiction over this action. *See, e.g.*, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* at § 1340 ("The district court shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."); *id.* at § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."); *see also Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008) (noting that where a defendant has made a facial attack against subject matter jurisdiction (as here), "then the court *only considers the allegations in the complaint*, deciding whether jurisdiction exists *as a matter of law*") (emphasis added). Likewise, this Court's authority to exercise personal jurisdiction over the Mooney Defendants—both residents of this state—is unquestionable. *See Milliken v. Meyer*, 311 U.S. 457 (1940); *United States v. Olsen*, No. 14-cv-3302 (WJM/KLM), 2016 WL 322554, at *2 (D. Colo. Jan. 27, 2016) (noting that a federal district court has personal jurisdiction over individuals residing within the territorial boundaries of the state within which the court resides). Accordingly, because the Mooney Defendants can present no non-frivolous arguments in favor of their jurisdictional motions, the Court overrules their objections and adopts the R&R on both matters.

### C. Insufficient Process and Service of Process

The Mooney Defendants apparently also argued before the magistrate judge that the entire action, against all defendants, must be dismissed because of insufficient process and insufficient service of process upon Harbor Holdings. Judge Brisbois flatly rejected this contention, noting, among other things, that the Mooney Defendants may not raise arguments on behalf of Harbor Holdings, that process has been properly served on Harbor Holdings, and that, in any event, failure to serve Harbor Holdings would not abate the action as to the Mooney Defendants. (*See* R&R at 11-13.)

The Court agrees with the magistrate judge on all three bases. As non-lawyers, the Mooney Defendants may only represent themselves in court—not other parties. *See, e.g.*, *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity, i.e. a trust, in a court of the United States."). Thus, to the extent the Mooney Defendants seek to raise an argument on behalf of Harbor Holdings, they are barred from doing so.

Second, the record amply demonstrates that Harbor Holdings was, in fact, properly served. Plaintiff served that entity on August 22, 2016 by personally serving Kerry Augustine, the trustee and agent for Harbor Holdings. (*See* Aff. Of Service [Doc. No. 14]; *see also* Augustine Aff. of Conditional Acceptance [Doc. No. 15] (showing acknowledgment by Kerry Augustine of service).) Although the Mooney Defendants apparently argue, in their objections, that "Harbor Holdings" and "Mid-Atlantic Trustees and Administrators" are different entities, they present no factual support for this contention. In any event, as the magistrate judge properly noted, they cannot present argument on behalf

of any other defendants. (*See* R&R at 12 n.5.) Accordingly, the Court need not address that contention here.

Third, the magistrate judge is entirely correct that even if Harbor Holdings had been improperly served, that fact would not result in dismissal of this action against the Mooney Defendants—both of whom have, indisputably, been properly served. Were it correct that Harbor Holdings was improperly served, the proper relief would be to dismiss *only* that defendant from the case, not any others. *See, e.g.*, *Hanks v. Hills*, No. 15-cv-4275 (JNE/TNL), 2016 WL 7404680, at *1 (D. Minn. Dec. 21, 2016). Accordingly, the Court rejects the Mooney Defendants' objections as to insufficient process and insufficient service of process.

### D. Failure to Join a Party

Finally, the Mooney Defendants contend that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a necessary party. *See also* Fed. R. Civ. P. 19. They base this argument, again, on the idea that Harbor Defendants and Mid-Atlantic Trustees and Administrators are somehow separate entities, and that the latter must be joined or this action dismissed. However, the burden is on the Mooney Defendants, as the moving party, to demonstrate that dismissal or joinder is appropriate. *See Am. Gen. Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). As the Court has noted earlier, they have presented no evidence to support (or even suggest) a finding that Mid-Atlantic Trustees and Administrators is a separate entity from Harbor Holdings, or—more pertinently—that its joinder is necessary. Having failed to meet the requisite burden under Rule 12(b)(7), the Court must reject the Mooney Defendants' argument as to this issue.

9

## IV. CONCLUSION

For the reasons stated, the Court concludes that the magistrate judge did not err in concluding that the Mooney Defendants' motion to dismiss must be denied. Accordingly, the Court overrules all objections, and adopts the R&R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Objections [Doc. No. 75] to the Magistrate Judge's May 1, 2017 Report and Recommendation are **OVERRULED;**

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 74]; and

3. Defendants' Motion to Dismiss [Doc. No. 51] is **DENIED**.

Dated: May 31, 2017
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge