**FILED ON DEMAND**

RECEIVED
AUG 22 2017
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 0:16-cv-02547- SRN-LIB |
| William J. Mooney, Joni T. Mooney, ) | |
| And Harbor Holdings, Mid-Atlantic ) | |
| Trustees and Administrators, ) | |
| Defendants. ) | |

# MEMORANDUM OF LAW

1). In a motion for Summary Judgement under Fed. R. Civ. P. 12(b)(1), plaintiffs bear the burden of demonstrating the Court's subject matter jurisdiction. As the Supreme Court explained in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted): Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. When confronted with a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff has the obligation to establish jurisdiction by competent proof." Sapperstein v. Hager,

SCANNED
AUG 2 3 2017
U.S. DISTRICT COURT MPLS

188 F.3d 852, 855 (7th Cir. 1999). Because plaintiff have failed to meet that obligation, their Complaint should be dismissed.

2. William J. Mooney and Joni T. Mooney are not the living man and woman William Joseph Mooney and Joni Therese Hansen and believe there is no proof to the contrary. (see Exhibits Affidavit of Nationality William Joseph Mooney, Affidavit of Nationality Joni Therese Hansen, and Affidavit of Estate Holder.

3. William Joseph Mooney and Joni Therese Hansen are Minnesota and Ohio State Citizens respectively and believe there is no proof to the contrary.

4. William Joseph Mooney and Joni Therese Hansen as Minnesota and Ohio state Citizens respectively are recipients of the Bill of Rights through their state Constitutions and United States Constitutions.

5. William Joseph and Joni Therese Hansen have not consented to these Proceedings.

6. Plaintiff Attorney Michael R. Paul is a United States Attorney by his own admission. Plaintiff's attorney cannot bring a claim for the United States of America. Attorney Michael R. Pahl does not possess the authority, power of attorney, and Congress has not granted the United States to sue or be sued by any other name. William Joseph Mooney and Joni Therese Hansen have a reasonable belief that Plaintiff attorney would act on clearly established law and defendant's due process

rights have been violated. Also by clearly established law Defendants William Joseph Mooney and Joni Therese Hansen believe that Plaintiff and Plaintiff's attorney does not have Subject Matter Jurisdiction.

## Zedner v. United States 547 U.S. 489 (2006)

*"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: the judicial inquiry is complete."*

The Supreme Court has stated very clearly that the statutes and code mean what they say and say what they mean. 28 USC code 547 is clear and unambiguous and means the United States and not the United States of America. Due Process has been violated and there is no Subject matter jurisdiction that the plaintiff can prove.

### 28 USC code 547

*"**Duties**
Except as otherwise provided by law, each United States attorney, within his district, shall—
(1)
prosecute for all offenses against the **United States**;
(2)
prosecute or defend, for the Government, all civil actions, suits or proceedings in which the **United States is concerned**;
(3)
appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury;
(4)
institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law, unless satisfied on investigation that justice does not require the proceedings; and
(5)
make such reports as the Attorney General may direct"
(Added Pub. L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 618.)*

### 28 U.S. Code § 1345 - United States as plaintiff

*"Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."*

(June 25, 1948, ch. 646, 62 Stat. 933.)

## 28 CFR 77.2 - Definitions.

*§ 77.2 Definitions. "As used in this part, the following terms shall have the following meanings, unless the context indicates otherwise:*

*(a) The phrase attorney for the government means the Attorney General; the Deputy Attorney General; the Solicitor General; the Assistant Attorneys General for, and any attorney employed in, the Antitrust Division, Civil Division, Civil Rights Division, Criminal Division, Environment and Natural Resources Division, and Tax Division; the Chief Counsel for the DEA and any attorney employed in that office; the Chief Counsel for ATF and any attorney employed in that office; the General Counsel of the FBI and any attorney employed in that office or in the (Office of General Counsel) of the FBI; any attorney employed in, or head of, any other legal office in a Department of Justice agency; any United States Attorney; any Assistant United States Attorney; any Special Assistant to the Attorney General or Special Attorney duly appointed pursuant to 28 U.S.C. 515; any Special Assistant United States Attorney duly appointed pursuant to 28 U.S.C. 543 who is authorized to conduct criminal or civil law enforcement investigations or proceedings on behalf of the United States; and any other attorney employed by the Department of Justice who is authorized to conduct criminal or civil law enforcement proceedings on behalf of the United States. The phrase attorney for the government also includes any independent counsel, or employee of such counsel, appointed under chapter 40 of title 28, United States Code. The phrase attorney for the government does not include attorneys employed as investigators or other law enforcement agents by the Department of Justice who are not authorized to represent the United States in criminal or civil law enforcement litigation or to supervise such proceedings.*

There is only one mention of the United States of America in title 28 and that comes in 28 USC 1746. It is used to differentiate between the two and is used to show how to give an oath of declaration without the United States. The United States of America is in this statue, meaning the 50 states in the union and not the United States. Title 28 as revised, codified and enacted into positive law on June 25, 1948. (see exhibit Affidavit of Nationality William Joseph Mooney, *Hooven & Allison Co. v. Evatt, 324 US 652 (1945)*]

## 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury

*"Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*
*(1)*
*If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).   (Signature)".*
*(2)*
*If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."*

7.   William Joseph Mooney and Joni Therese Hansen's proper venue is an Article III Court and believe there is no proof to the contrary.

**U.S. Supreme Court**

## Mookini v. United States, 303 U.S. 201 (1938)

*The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States." Reynolds v. United States, 98 U. S. 145, 98 U. S. 154; The City of Panama, 101 U. S. 453, 101 U. S. 460;*

## 26 U.S. Code § 7402 - Jurisdiction of district courts

*(a) To issue orders, processes, and judgments*

*The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.*

*(b) To enforce summons*
*If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.*

*(c) For damages to United States officers or employees*
*Any officer or employee of the United States acting under authority of this title, or any person acting under or by authority of any such officer or employee, receiving any injury to his person or property in the discharge of his duty shall be entitled to maintain an action for damages therefor, in the district court of the United States, in the district wherein the party doing the injury may reside or shall be found.*
*[(d) Repealed. Pub. L. 92–310, title II, § 230(d), June 6, 1972, 86 Stat. 209]*
*(e) To quiet title*
*The United States district courts shall have jurisdiction of any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien under this title.*
*(f) General jurisdiction*
*For general jurisdiction of the district courts of the United States in civil actions involving internal revenue, see section 1340 of title 28 of the United States Code.*

There is a big difference between the district courts of the United States in (a) and the United States District Courts referenced in (e). Part (a) is referencing an Article III court And part (e) is referencing the legislative territorial court that does not have jurisdiction in this matter.

8. William Joseph Mooney and Joni Therese Hansen believe that because of the Bill of Rights and the Due Process Clause of the Constitution there must be a man or woman as an injured party, a competent witness with firsthand knowledge and proof.

9. Attorney for Plaintiff has no evidence, affidavits or testimony on file and appears to have made a unverified, unsubstantiated claims without foundational support or evidence and defendants believe there is no proof to the contrary. Also Plaintiff has failed to follow the Judge's Pretrial Scheduling Order to present all pre-

discovery disclosures to defendants by June 1, 2017. As of this date August 22, 2017, no evidence of any kind has been presented by the Plaintiff to substantiate his claims and is a clear violation of 12(b) 6, failure to state a claim upon which relief can be granted.

10. It appears that the Attorney for Plaintiff has made claims on "somebody's say so" without properly verifying the facts and Plaintiff has not rebutted, answered and has ignored the lawful request giving 14 days to verify the alleged debt in writing and thereby defaulted on a lawful presentation of a UCC 9-210 request sent to the originator of the alleged debt claim, the Internal Revenue Service and Plaintiffs' superiors, at the US Justice Department. Because of the default, Dishonor, and non answer, William Joseph Mooney and Joni Therese Hansen believe there is no debt and there is no evidence to contrary.     (see exhibits: Affidavit of Non Response William Joseph Mooney UCC 9-210 and Affidavit of Non Response Joni Therese Mooney UCC 9-210 and see Exhibit Certified Statement of account)

**§ 9-210. REQUEST FOR ACCOUNTING; REQUEST REGARDING LIST OF COLLATERAL OR STATEMENT OF ACCOUNT.**

*"(a) [Definitions.]    In this section:*

*(1) "Request" means a <u>record</u> of a type described in paragraph (2), (3), or (4).*

*(2) "Request for an accounting" means a <u>record</u> <u>authenticated</u> by a <u>debtor</u> requesting that the recipient provide an <u>accounting</u> of the unpaid obligations secured by collateral and reasonably identifying the transaction or relationship that is the subject of the request.*

*(3) "Request regarding a list of collateral" means a <u>record</u> <u>authenticated</u> by a <u>debtor</u> requesting that the recipient approve or correct a list of what the debtor believes to be the collateral securing an obligation and reasonably identifying the transaction or relationship that is the subject of the request.*          Page 7 of 15

*(4) "Request regarding a statement of account" means a <u>record</u> <u>authenticated</u> by a <u>debtor</u> requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request.*

**<u>(b) [Duty to respond to requests.]</u>**

*Subject to subsections (c), (d), (e), and (f), a <u>secured party</u>, other than a buyer of <u>accounts</u>, <u>chattel paper</u>, <u>payment intangibles</u>, or <u>promissory notes</u> or a <u>consignor</u>, shall comply with a request within 14 days after receipt:*

*(1) in the case of a request for an <u>accounting</u>, by <u>authenticating</u> and sending to the <u>debtor</u> an accounting; and*

*(2) in the case of a request regarding a list of collateral or a request regarding a statement of account, by <u>authenticating</u> and sending to the debtor an approval or correction."*

11. It appears that the Attorney for Plaintiff has made claims on "somebody's say so" without properly verifying the facts and the request for verified assessments with signatures that has not been rebutted, nor answered but ignored. The requests for verified assessments with signatures was sent to confirm the actuality of the alleged debt by documentation and testimony of a competent witness and to rebut and answer an affidavit. The first request, 'Notice of Demand for Verified Assessment" gave a 30 day response time and was ignored by the Internal Revenue Service and the Department of Justice who is bringing the complaint. It was sent certified mail return receipt and was delivered. By dishonoring, not answering or responded to the requests for verified assessments in any way, William Joseph Mooney and Joni Therese Hansen believe that the silent acquiescence proves there is no substantiation or evidence that the alleged debt exists and nobody under the penalty of perjury can testify to it. (see

exhibits: (Notice of Demand for Verified Assessment, Affidavit of non response to Notice of Demand for Verified Assessment William Joseph Mooney, and Affidavit of non response to Notice of Demand for Verified Assessment Joni Therese Hansen).

12. The second request, "Notice of Fault in Dishonor" (Consent to Judgement) giving 14 days to answer alleged claims of debt with verified assessments and signatures to confirm the actuality of the alleged debt by documentation and testimony of a competent witness and to rebut and answer an affidavit was also not answered in any way and ignored. The request was sent certified mail return receipt and was delivered. William Joseph Mooney and Joni Therese Hansen believe that the dishonor and silent acquiescence of non response and default proves there is no substantiation or evidence that the alleged debt exists and that nobody can testify, under the penalty of perjury, confirming that debt does exist. (see exhibits: Notice of Fault in Dishonor, Affidavit of Notice of Fault in Dishonor William Joseph Mooney, and Affidavit of Notice of Fault in Dishonor Joni Therese Mooney).

13. A third request "Notice of fault in Dishonor( Consent to Judgement).No Answer of alleged claims of debt with verified assessments and signatures to confirm the actuality of the alleged debt by documentation and testimony of a competent witness and to rebut and answer an affidavit was also not answered in any way and ignored. The request was sent certified mail return receipt and was delivered. William

Joseph Mooney and Joni Therese Hansen believe that the silent acquiescence of no Response and dishonor and thereby default, proves there is no substantiation or evidence that the alleged debt exists and nobody can testify under the penalty of perjury, verifying and confirming that debt does exist. (see exhibits: Notice of Default" (Confession to Judgement), Affidavit of Notice of Fault (Confession to Judgement) William Joseph Mooney, and Affidavit of Notice of Fault (Confession to Judgement) Joni Therese Hansen).

14. William Joseph Mooney and Joni Therese Hansen believe the good faith offer to pay on 4 attempts of verification of alleged debt has resulted in the complete discharge of any and all alleged debts per UCC 3-603 for the years in question 2002 through 2015.

**UCC § 3-603. TENDER OF PAYMENT.**

*(a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to Enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract. If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party</u> having a right of recourse with respect to the obligation to which the tender relates. If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.*

15. William Joseph Mooney and Joni Therese Hansen believe because of the above actions and notices 9 through 13, the Plaintiff has no proof and can not

substantiate the alleged claims with documents, affidavits, competent witnesses and an injured party under the penalty of perjury.

16. The Testimony of Plaintiff's attorney Michael R. Pahl is not allowed as Evidence and must be treated as hearsay. Trinsey vs Pagliaro "Statements of counsel in brief or argument are not facts before the court"..... .

17. It is assumed that Plaintiff and Plaintiff's attorney understand that they are Subject to Uniform Commercial Codes requirements for filing of Lien and are subject to the criminal liability of filing false Liens, UCC 9-309, UCC 9-310. The credit reporting agencies were asked to verify the liens on the credit report of the defendants and they could not. The credit reporting company removed the liens from defendant's credit report. see exhibit: (Lien Removal-William) ( Lien Removal –Joni),(DECLARATION OF FACT & MEMORANDUM OF LAW  Notice of Lien)( M. C. Doc. # 503705)

18. Notice of Liens Filed in Morrison County Recorder's Office do not have a UCC-1 Financing statement with signatures of both parties attached. William Joseph Mooney and Joni Therese Hansen believe the Notice of Liens are invalid on their face and are false and invalid liens and are violations of clearly established law and believe there is no evidence to the contrary.  ( see exhibit Affidavit of William Joseph Mooney and Affidavit of Michael Pontius) ( DECLARATION OF FACT & MEMORANDUM OF LAW  Notice of Lien).          Page 11 of 15

19. Notice of Liens Filed in Morrison County Recorder's Office do not have a Security agreement with signatures of both parties attached. William Joseph Mooney and Joni Therese Hansen believe the Notice of Liens are invalid on their face and are false and invalid liens and are violations of clearly established law and believe there is no evidence to the contrary. . ( see exhibit Affidavit of William Joseph Mooney and Affidavit of Michael Pontius) , (DECLARATION OF FACT & MEMORANDUM OF LAW  Notice of Lien).

20. Notice of Liens Filed in Morrison County Recorder's Office do not have a Court order or a judge's signature that shows that the Notice was reduced to Judgement and no due process was given. No documentation of any kind was sent with the Notice of Lien.  William Joseph Mooney and Joni Therese Hansen believe their Due Process Rights have been violated and believe the Notice of Liens are invalid on their face and are false and invalid liens. The Notice of Liens recorded by the Morrison County Recorder's office are violations of clearly established law and believe there is no evidence to the contrary. . ( see exhibit Affidavit of William Joseph Mooney and Affidavit of Michael Pontius) (Also see exhibit DECLARATION OF FACT & MEMORANDUM OF LAW  Notice of Lien)

21. **26 U.S. Code § 6502 - Collection after assessment.** Commencement of Collection efforts on years 2002, 2003 are over the statute of limitations of 10 years

from assessment date and must be dismissed. (see exhibit: M. C. Doc. # 503705)

22. 26 CFR "**9.1.2.1 (01-16-2008)**
**Overview**

"*1.The authority to enforce Federal laws is derived from a variety of statutes.*"

The Plaintiff has failed to show relevant controlling statutes supporting his claims for alleged debt and any duty said statute places on William Joseph Mooney and Joni Therese Hansen.

**26CFR 1040 US Code**

"*(a) General rule*

*If the executor of the estate of any decedent transfers to a qualified heir (within the meaning of section 2032A(e)(1)) any property with respect to which an election was made under section 2032A, then gain on such transfer shall be recognized to the estate only to the extent that, on the date of such transfer, the fair market value of such property exceeds the value of such property for purposes of chapter 11 (determined without regard to section 2032A).*"

The Internal Revenue Service through the US Department of Justice Tax Division, has brought this complaint to William J. Mooney and Joni T. Mooney saying the living man and woman, William Joseph Mooney and Joni Therese Hansen have to pay a 1040 tax on the transfer of qualified property because of the presumption of being executor or heir of an estate. William Joseph Mooney and Joni Therese Hansen believe they have never knowingly, willingly, with full knowledge, and full disclosure with a witness signed any contract making William Joseph Mooney and Joni Therese Hansen Executor or heirs of an estate and there is not any proof or evidence that has been presented that the dead can file 1040 tax. William Joseph Mooney and Joni Therese Hansen are alive and believe there is no evidence to the contrary. Plaintiff would have

to produce the name of the decedent, the death certificate, who made the determination, and their name and address of person that could testify to the determination and the decedents death. The alleged contract(s) for estate representatives and a qualified heir would have to be a wet ink signature contract(s) with who made the determination that can testify under the penalty of perjury that full disclose was given with our consent and full knowledge that would make a duty for the defendants. These document are not in the evidence files. Filing of false and misleading documents is a crime. Statute and Code say what they mean, and mean what they say according to Supreme court decisions in:

## CONNECTICUT NATIONAL BANK, Petitioner, v. Thomas M. GERMAIN, Trustee for the Estate of O'Sullivan's Fuel Oil Co., Inc.

503 U.S. 249 (112 S.Ct. 1146, 117 L.Ed.2d 391)

*"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."*

And Justice Scalia, concurring in part and concurring in the judgment:

## Zedner v. United States 547 U.S. 489 (2006)

*"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: the judicial inquiry is complete."*

The Supreme court agrees that where a statute is clear and unambiguous it means what it says and says what it means. HAINES v. KERNER, (1972) No. 70-5025.

**Conclusion**: William Joseph Mooney and Joni Therese Hansen have not been presented

with the Plaintiff's evidence, witnesses, any contracts with wet ink signatures entered into knowingly willingly, voluntarily, with full disclosure and a witness that places any duty because of this statute, **26CFR 1040 US Code.** William Joseph Mooney and Joni Therese Hansen believe there is no Subject Matter Jurisdiction and William Joseph Mooney and Joni Therese Hansen's Due Process Rights have been violated. This case must be dismissed with damages. We reserve the right to amend anytime.

All rights reserved, without prejudice
By: _____ a.r.
Mooney: William Joseph, *Sui Juris*

All rights reserved, without prejudice
By: _____ a.r.
Hansen: Joni Therese, *Sui Juris*

- jurat -

Minnesota Republic    ]
                      ] ss
<u>Morrison County</u>     ]

On this 22nd day of August 2017, William J Mooney + Joni T Hansen, personally appeared before me, the undersigned officer authorized to administer oaths, known to me the person described in the foregoing answer who acknowledged that he/she executes the same in the capacity stated for the purpose herein contained. In witness whereof, I have hereunto set my hand and official seal.
notary: Paula K Theisen

My Commission expires: 01/31/21

PAULA K. THEISEN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2021