UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 0:16-cv-02547-SRN-LIB |
| | ) | |
| William J. Mooney, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**United States' Memorandum of Law in
Opposition to Defendants' Motion for Summary Judgment**

**Question Presented**

The Mooneys move for summary judgment, asserting almost two dozen discrete

tax-protestor arguments, many of which have already been rejected by the district court.

Because the Mooneys' arguments have no legal merit, should this Court deny the

Mooneys' motion?

**Facts**

The United States seeks to reduce to judgment the federal income tax assessments

and penalty assessments made against William and Joni Mooney; a judicial determination

that Harbor Holdings is the alter ego or nominee of William and Joni Mooney; and to

foreclose the tax liens of the United States upon certain real property located in Little

Falls, Minnesota.[1] Discovery is ongoing, with the Mooneys' depositions noticed for

---

[1] Dkt. 1.

October 12, 2017 and a deposition for the trustee of Harbor Holdings anticipated for

October as well.[2]

The Mooneys now move for summary judgment, raising over 20 discrete legal

arguments that they assert show either that the Court lacks subject-matter jurisdiction or

that they are entitled to summary judgment. Because the Mooneys' arguments are

frivolous, the motion should be denied.

## **Legal Argument**

A motion for summary judgment should be granted only if the evidence submitted

to the Court demonstrates that there is no genuine dispute as to any material fact, and that

the movant is entitled to judgment as a matter of law.[3] The moving party has the burden

of showing the absence of genuine disputes over facts which might affect the outcome of

the action.[4] As noted by the United States Supreme Court in *Anderson v. Liberty Lobby,*

*Inc.*, "the substantive law will identify which facts are material … Factual disputes that

are irrelevant or unnecessary will not be counted."[5]

Here, the substantive law is set forth in 26 U.S.C. § 7401 (action for recovery of

taxes), 26 U.S.C. § 7403 (action to enforce federal tax law), and cases interpreting the

---

[2] The trustee of Harbor Holdings, Kerry Augustine, lives in Parrish, Florida, an area likely affected by Hurricane Irma. Government counsel anticipates that the United States may encounter problems in serving Augustine or taking his deposition in Tampa by the October 13th discovery deadline and would like to address this issue if needed at the summary-judgment motion hearing on October 5th.

[3] Fed.R.Civ.P. 56; *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

[4] *Celotex*, 477 U.S. at 323.

[5] 477 U.S. 242, 248 (1986)(citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, pp. 93–95 (1983)).

same. Only facts relating to whether the United States can reduce the federal tax and penalty assessments to judgment, the amount of the judgment, and whether the United States may enforce its liens against the Mooneys' residence, are material. Here, the Mooneys have failed to set forth *any* material facts in support of their motion. Instead, the Mooneys have filed tax-protestor affidavits containing irrelevant "facts" in support of frivolous legal positions. Accordingly, the Mooneys' motion should be denied its entirety because of the Mooneys' utter failure to present evidence in support of their claims or to show that there is no evidence to support the Government's claims.[6] Similarly, to the extent their motion may be deemed a motion to dismiss for lack of subject-matter jurisdiction, it should be denied. The United States addresses each of the Mooneys' arguments below. The vast majority of the Mooneys' argument already were rejected by this Court as typical "sovereign citizen" arguments that "have been thoroughly and consistently rejected by courts throughout this country."[7]

      1.  The court has subject-matter jurisdiction.

This Court has already reviewed the statutes on which the United States relied in bringing suit and concluded that the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1340, 1345; and 26 U.S.C. §§ 7402, 7403. The Court noted that the Mooneys "can present no non-frivolous arguments in favor of their jurisdictional motions."[8] The Mooneys' argument to the contrary[9] is frivolous.

---

[6] *See, e.g., Celotex*, 477 U.S. at 325.
[7] Dkt. 78 at 6.
[8] Dkt. 78 at 7.
[9] Dkt. 84 at 1.

2. The Mooneys are living persons for federal tax purposes.

The Mooneys' next claim - that they are not the "living man and woman William Joseph Mooney and Joni Therese Hansen and believe there is no proof to the contrary"[10] - also is frivolous. This Court has already determined that "this Court's authority to exercise personal jurisdiction over the Mooney Defendants—both residents of this state—is unquestionable."[11]

3. The Mooneys are U.S. citizens.

The Mooneys next assert that "William Joseph Mooney and Joni Therese Hansen are Minnesota and Ohio State Citizens respectively and believe there is no proof to the contrary."[12] The Mooneys' argument is frivolous and irrelevant. This Court has already determined that "this Court's authority to exercise personal jurisdiction over the Mooney Defendants—both residents of this state—is unquestionable."[13] The Court also rejected the Mooneys' argument that "they themselves are not citizens of the United States (as opposed to the "Republic of Minnesota")."[14]

4. The Mooneys are entitled to the protections set forth the Bill of Rights.

The Mooneys next assert that they "*as Minnesota and Ohio state Citizens respectfully are recipients of the Bill of Rights through their state constitutions and United States Constitutions.*"[15] As U.S. citizens, the Mooneys are entitled to the full

---

[10] Dkt. 84 at 2.
[11] Dkt. 78 at 7.
[12] Dkt. 84 at 2.
[13] Dkt. 78 at 7.
[14] Dkt. 78 at 5.
[15] Dkt. 84 at 2 (italics added).

protections of the Bill of Rights set forth in the United States Constitution. The Mooneys'

argument is frivolous, however, to the extent they argue or imply that these rights derive

not from the United States Constitution itself, but from some special status they have as

"state citizens." The Court previously rejected the Mooneys' argument that "they

themselves are not citizens of the United States (as opposed to the "Republic of

Minnesota")."[16]

     5.   The Mooneys' lack of "consent" to these Proceedings is of no matter.

     The Mooneys next assert that "William Joseph [Mooney] and Joni Therese

Hansen have not consented to these Proceedings."[17] This fact is undisputed but

immaterial. The Mooneys were served with copies of the summons and complaint, and

thus did not in a technical sense "consent" to this case. As a legal matter, the Mooneys'

"consent" is not relevant; the Court has personal jurisdiction over them.

     6.   Government counsel can represent the United States in this case.

     Without citing any competent legal authority, the Mooneys next assert that

government counsel Michael Pahl, an attorney for the United *States*, cannot bring a claim

on behalf of the United States *of America*.[18] The Mooneys' argument is frivolous, and

likely waived in any event by their failure to object to the United States' representation as

soon as they appeared in this case. Regardless, undersigned counsel can properly

represent the plaintiff in this action.[19]

---

[16] Dkt. 78 at 5.
[17] Dkt. 84 at 2.
[18] Dkt 84 at 2-3 (emphasis added).
[19] 28 U.S.C. §§ 515, 516.

7. This Court is an Article III court.

The Mooneys next argue that "proper venue is an Article III Court and believe

there is no proof to the contrary."[20] The Mooneys' argument is frivolous. The Court has

already determined that it has jurisdiction, as an Article III court, to adjudicate this case

under 28 U.S.C. § 1331, which provides district courts original jurisdiction for "all civil

actions arising under the Constitution, laws, or treaties of the United States."[21]

8. No "injured man" is needed for the Court's jurisdiction.

Without citing any authority, the Mooneys next assert that "there must be a man or

woman as injured party, a competent witness with firsthand knowledge or proof."[22] The

Mooneys' argument is frivolous. As noted above, the Court has already ruled that it has

jurisdiction based on the statutes cited by the United States.[23] Nothing more is required.

9. Summary judgment cannot be granted on immaterial, frivolous arguments.

The Mooneys next assert that the United States "has no evidence, affidavits or

testimony on file" in support of its "unverified, unsubstantiated claims" and the Mooneys

"believe there is no proof to the contrary."[24]

As the moving party on summary judgment, however, the Mooneys are required to

cite to "particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other

---

[20] Dkt. 84 at 5.
[21] Dkt. 78 at 7.
[22] Dkt. 84 at 6.
[23] Dkt. 78 at 7.
[24] Dkt. 84 at 6.

materials."[25] Instead, the Mooneys have relied on tax-protestor arguments and irrelevant affidavits. Accordingly, the United States is under no obligation to produce any evidence, as there are no material facts to rebut here.

To the extent the Mooneys have put any facts in issue, the United States relies on the attached IRS transcripts of account for the tax years and penalties at issue.[26] These transcripts establish that the taxes and penalties were properly assessed and that liens encumber the real property (which the Mooneys admit). Viewing this evidence in the light most favorable to the United States as the nonmoving party, the Mooneys' summary-judgment claim fails.

10. The Mooneys' UCC argument is frivolous.

Without citing any competent legal authority, the Mooneys next assert that because the United States has "ignored the lawful request" to verify the tax debt, the United States has somehow defaulted and there no longer is a debt.[27] The Mooneys' argument is frivolous[28] and should be rejected by the Court.

---

[25] Rule 56(c)(1)(A).

[26] These documents set forth, among other items, the taxpayer's name and social security number, the type and amount of tax, the date of assessment, and the date of the filing of the lien. They are self-authenticating and admissible evidence of the tax assessments in issue. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Bisbee*, 245 F.3d 1001, 1006 (8th Cir. 2001); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[T]he Certificates of Assessments and Payments submitted by the government here are sufficient to establish the validity of the assessments.").

[27] Dkt. 84 at 7.

[28] *See, e.g. United States v. Merritt,* No. CIV 5-10-0618 MCE EFB PS, 2011WL9736 *6 (E.D. Cal. Jan. 3, 2011)(noting use of frivolous UCC financing statements and signature documents by tax protestors purporting to attempt to discharge federal tax obligations).

11. The Mooneys' "Notice and Demand for Verified Assessment" is frivolous.

Without citing any competent legal authority, the Mooneys next assert that there is

no tax debt because the IRS and the Department of Justice failed to respond to a "Notice

of Demand for Verified Assessment."[29] The Mooneys' argument is frivolous and should

be rejected by the Court.

12. The Mooneys' "Notice of Fault in Dishonor" is frivolous.

Without citing any competent legal authority, the Mooneys next assert that the

United States' failure to respond to their "Notice of Fault in Dishonor" means there is no

tax due.[30] The Mooneys' argument is frivolous and should be rejected by the Court.

13. The Mooneys' Third Request "Notice of fault in Dishonor" is frivolous.

Without citing any competent legal authority, the Mooneys next assert that the

United States' failure to respond to their Third "Notice of Fault in Dishonor" means there

is no tax due.[31] The Mooneys' argument is frivolous and should be rejected by the Court.

14. The Mooneys' "Offer to Pay" argument is frivolous.

Relying on a frivolous interpretation of the UCC, the Mooneys next assert that by

making a good faith offer to pay the "alleged debt," the debt has somehow been

discharged.[32] The Mooneys have not presented any evidence that they have offered to full

pay their tax debt to the United States Department of Justice, which has the exclusive

---

[29] Dkt. 84 at 8.
[30] Dkt. 84 at 9.
[31] Dkt. 84 at 9.
[32] Dkt. 84 at 10.

authority to settle the Mooneys' federal tax debt. The Mooneys' reliance on the UCC[33] is

frivolous and should be rejected by the Court.

     15. The Mooneys' "offers" do not negate the federal tax debt.

The Mooneys next assert that because of the aforementioned notices and offers,

the United States cannot substantiate that there is any tax debt owing. For the reasons set

forth above, the Mooneys' argument is frivolous[34] and should be rejected by the Court.

     16. Government counsel is not offering "testimony."

Without explaining why this might be legally relevant, the Mooneys next argue

that the testimony of government counsel "is not allowed as Evidence and must be treated

as hearsay."[35] The Mooneys have not cited to any testimony of government counsel, nor

is the United States relying on any such testimony in opposing the Mooneys' motion. The

Mooneys' argument is thus moot.

     17. The Mooneys' credit report is not relevant.

The Mooneys next assert that the "credit reporting company removed the liens

from [their] credit report."[36] This factual statement, even if true, is irrelevant. The IRS is

the only entity capable of removing a lien from a taxpayer's property. Even if liens do not

appear on the Mooneys' credit report, this is of no legal import because even the

---

[33] *See Merritt, supra.*
[34] *Id.*
[35] Dkt. 84 at 11.
[36] Dkt. 84 at 11.

Mooneys admit in their motion that notices of federal tax liens are on file in the Morrison

County Recorder's Office.[37] The Mooneys' argument should thus be rejected.

18. The IRS liens do not require UCC-1 financing statements.

Without citing any controlling legal authority, the Mooneys object that the IRS

notices of federal tax lien do not have a "UCC Financing statement with signatures of

both parties attached."[38] Neither Congress by statute nor Treasury by regulation has

imposed any such requirement. Notices of Federal Tax Lien simply must be filed in

accordance with 26 U.S.C. § 6323(f). Accordingly, the Mooneys' argument should be

rejected.[39]

19. The IRS liens do not require a security agreement.

Similarly, without citing any relevant case law, the Mooneys object that the IRS

notices of federal tax lien "do not have a Security agreement with signatures of both

parties attached."[40] Neither Congress by statute nor Treasury by regulation has imposed

any such requirement. Accordingly, the Mooneys' argument that the liens are somehow

void should be rejected.

20. The IRS liens do not require a court order or a judge's signature.

Relying on another unsubstantiated legal claim, the Mooneys next assert that the

IRS liens are false or invalid because they do not "have a Court order or a judge's

---

[37] Dkt. 84 at 11.
[38] Dkt. 84 at 11.
[39] *See Merritt, supra.*
[40] Dkt. 84 at 12.

signature that shows that the Notice was reduced to judgment."[41] The Mooneys can point

to no authority in support of this allegation, and this Court has already ruled that the

purpose of *this case* is to see whether the United States can reduce to judgment the

assessments against the Mooneys. It is in this arena were the Mooneys will receive their

due process.

21. The collections statute has not expired.

The Mooneys next assert that the collections statute has expired for the

assessments for the 2002 and 2003 tax years.[42] Under 26 U.S.C. § 6502(a)(1), the United

States has 10 years from the date of assessment to bring a proceeding to collect tax. Here,

taxes for the 2002 and 2003 years were assessed on August 17, 2006 and December 19,

2006.[43] Thus, the collection statute expired for the earliest assessment (August 17, 2006)

on August 17, 2016. Because the Complaint was filed on July 28, 2016, the collections

statute for the 2002 and 2003 years has not expired.[44]

22. The United States has "shown" relevant controlling statutes to the Mooneys.

The Mooneys next assert that the United States has "failed to show relevant

controlling statutes supporting the [United States'] claims for alleged debt and any duty

said statute places on William Joseph Mooney and Joni Therese Hansen."[45] The

Mooneys' argument is untenable. The United States' Complaint set forth the statutes on

which the United States relies. Moreover, the Court already concluded that these statutes

---

[41] Dkt. 84 at 12.
[42] Dkt. 84 at 12-13.
[43] Complaint, Dkt. 1 at 3-4.
[44] Complaint, Dkt. 1.
[45] Dkt 84 at 13.

provide jurisdiction and thus notice to the Mooneys.[46] The Mooneys' remaining

arguments regarding the need for an estate and a qualified heir are plainly frivolous.

## Conclusion

The Mooneys' motion, whether deemed a motion to dismiss or for summary

judgment, rehashes the tax-protester and sovereign citizen arguments already rejected by

this Court. They failed to provide any evidence or tenable argument that this case cannot

proceed. For the reasons set forth above, the Court should deny the Mooneys' motion for

summary judgment.

Dated: September 12, 2017  DAVID A. HUBBERT
             Acting Assistant Attorney General

             s/Michael R. Pahl
             MICHAEL R. PAHL
             Mn. Bar. No. 0234539
             Trial Attorney, Tax Division
             U.S. Department of Justice
             Post Office Box 7238
             Ben Franklin Station
             Washington, D.C.  20044
             Telephone: (202) 514-6488
             e-mail: michael.r.pahl@usdoj.gov

---

[46] *See generally* Dkt. 78.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the United States' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, IRS Transcripts of Account, and Word-Court Certification was filed electronically on September 12, 2017 by ECF and that service will be made by U.S. mail on the following non-ECF participants:

William Mooney
409 6th Avenue NW
Little Falls, MN 56345

Joni Mooney
409 6th Avenue NW
Little Falls, MN 56345

/s/Michael R. Pahl
Michael R. Pahl