UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,                        Court File No. 16-cv-2547 (SRN/LIB)

    v.                                **REPORT AND RECOMMENDATION**

William J. Mooney, et al.,

        Defendants.

This matter came before the undersigned United States Magistrate Judge pursuant to an order of referral, [Docket No. 103], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendants William J. Mooney and Joni T. Mooney's[1] joint Motion for Summary Judgment, [Docket No. 83]. The undersigned held a Hearing on the motion on October 5, 2017, after which the Motion was taken under advisement. (See, Minute Entry, [Docket No. 111]).

For the reasons set forth below, the undersigned recommends that Defendants William J. Mooney and Joni T. Mooney's Motion for Summary Judgment, [Docket No. 83], be **DENIED**.

**I.  BACKGROUND AND STATEMENT OF ALLEGED FACTS**

On July 28, 2016, the United States of America ("the United States") initiated the present action by filing its Complaint seeking to "reduce federal tax and penalty assessments to judgment and enforce federal tax liens on property located in this district." (Compl., [Docket No. 1]). The United States alleges that, for the period from 2002 to 2014, there are outstanding tax assessments and penalty assessments against Defendant William J. Mooney and Defendant Joni

---

[1] Defendant, Joni T. Mooney, refers to herself at various times in her motion pleadings as Joni Therese Hansen. For purposes of this Report and Recommendation, she will be referred to at all times as Joni T. Mooney consistent with the case caption.

T. Mooney (collectively, "the Mooney Defendants"). (Id. at ¶¶ 6-8, 12-17). The United States also seeks to enforce federal tax liens on property which it alleges the Mooney Defendants acquired by deed in February 1982, and thereafter, conveyed in November 2004, to Defendant Harbor Holdings, Mid-Atlantic Trustees and Administrators ("Harbor Holdings") as part of an abusive tax promotion. (Id. at ¶¶ 18-25). The United States alleges that despite the quitclaim deed transferring title to the property to Harbor Holdings, the Mooney Defendants have continued to enjoy the benefits of the property, they pay all of the costs associated with the property, and they are named as insureds on the current homeowners insurance for the property. (Id. at ¶¶ 31-33). Thus, the United States asserts that the federal tax liens against the Mooney Defendants should attach to and be enforced against this property. (Id. at ¶¶ 33-37).

On February 2, 2017, the United States filed an Application for Entry of Default as to Harbor Holdings, [Docket No. 48], and on February 6, 2017, the Clerk of Court entered Default against Harbor Holdings, [Docket No. 50].

On February 15, 2017, the Mooney Defendants filed a Motion for Dismissal with Prejudice, [Docket No. 51], which was referred to this Court for Report and Recommendation by United States District Judge Susan Richard Nelson. ([Docket No. 60]). The Mooney Defendants argued that the case against them should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); for lack of personal jurisdiction pursuant to Rule 12(b)(2); for insufficient process and insufficient service of process upon Harbor Holdings pursuant to Rules 12(b)(4) and (5); and for failure to join Harbor Holdings pursuant to Rule 12(b)(7). (Report and Rec., [Docket No. 74], 5).

On May 1, 2017, this Court issued its Report and Recommendation recommending denial of the Mooney Defendants' Motion for Dismissal with Prejudice in its entirety. (Id. at 15). The

Mooney Defendants filed Objections to the Report and Recommendation, [Docket No. 75], and on May 31, 2017, Judge Nelson overruled the Objections, adopted the Report and Recommendation, and denied the Mooney Defendants' Motion for Dismissal. (Order, [Docket No. 78]).

On August 22, 2017, the Mooney Defendants filed the present Motion for Summary Judgment with Prejudice, [Docket No. 83]. In the accompanying Memorandum of Law in support of their Motion, the Mooney Defendants again argue that this Court lacks subject matter jurisdiction to hear this case; they are state citizens; they have not consented to the present case; the United States Attorney prosecuting this case has no power to do so; the United States Attorney has failed to respond to certain requests made by the Mooney Defendants and this failure proves that there is no debt at issue; no liens can be enforced because certain documentation is not on file with the Morrison County Recorder's Office; and the claims in this case are barred by the applicable statute of limitations. (Mem. in Supp., [Docket No. 84], 1-15). In the days following, the Mooney Defendants also filed with the Court multiple affidavits purportedly in support of their Motion. (See, [Dockets No. 90-101, 104-05]).

On September 12, 2017, the United States filed its Memorandum in Opposition to the Motion for Summary Judgment, [Docket No. 107]. The United States argues that this Court should deny the Mooney Defendants' Motion for Summary Judgment because they have completely failed to show that there is no genuine dispute of material fact and that they would therefore be entitled to judgment as a matter of law. (Mem. in Supp., [Docket No. 107], 2). Rather, the United States contends that the Mooney Defendants' arguments are frivolous and, even when construed liberally, have no merit. (Id. at 3-13).

On September 22, 2017, the Mooney Defendants filed their reply (entitled an "Answer and Objection") to the Memorandum in Opposition, [Docket No. 109].

Judge Nelson referred the Motion to the Undersigned for Report and Recommendation. ([Docket No. 13]). The Undersigned held a Hearing on the Motion for Summary Judgment on October 5, 2017, after which the Motion was taken under advisement. (See, Minute Entry, [Docket No. 111]).

## II. THE MOONEY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, [Docket No. 83]

### A. Standards of Review

"'Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."'" Riddle v. Riepe, 866 F.3d 943, 946 (8th Cir. 2017) (citation omitted). The moving party bears the burden to meet this standard. Nat'l Credit Union Admin. Bd. v. CUMIS Ins. Society, Inc., 241 F. Supp. 3d 934, 938 (D. Minn. 2017). In considering a motion for summary judgment, "[t]he Court must view the evidence and the inferences that may reasonably be drawn from the evidence in the light most favorable to the nonmoving party." Id.

### B. Analysis

As set forth above, the Mooney Defendants raise multiple issues in the Motion for Summary Judgment presently before the Court. (See, generally, Mem. in Supp., [Docket No. 84]). Each is addressed in turn below.

#### 1. Renewed Arguments

The Court notes that several of the Mooney Defendants' arguments in support of the present Motion for Summary Judgment are substantively identical to arguments the Mooney

Defendants raised in the context of their prior, unsuccessful Motion to Dismiss. The arguments made in support of that prior Motion to Dismiss were considered and rejected both by the Undersigned and by Judge Nelson. (See, Report and Rec., [Docket No. 74]; Order, [Docket No. 78]).

Arguments which have already been raised by the Mooney Defendants and rejected by the Court are now the law of the case and therefore control. See, Sprint Commc'ns Co., L.P. v. Lozier, 860 F.3d 1052, 1056 (8th Cir. 2017) ("The law-of-the-case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" (citations omitted)). If the Mooney Defendants wished Judge Nelson to reconsider her ruling on the arguments made with respect to their Motion to Dismiss, they should have timely requested permission to file a motion to reconsider with the Court. See, Local Rule 7/1(j). The Mooney Defendants did not do so. Therefore, the renewed arguments, which are addressed immediately below, are not properly before the Court, and any arguments thereupon do not warrant further consideration.

### a. Subject Matter Jurisdiction

First, the Mooney Defendants argue that this Court lacks subject matter jurisdiction over the present case. (Mem. in Supp., [Docket No. 84], 1-2). The undersigned already considered the Mooney Defendants' argument regarding subject matter jurisdiction in the context of the Mooney Defendants' prior, unsuccessful Motion to Dismiss, as did Judge Nelson. (See, Report and Rec., [Docket No. 74], 6-11); Order, [Docket No. 78], 7 ("A quick review of [the relevant] statutes is all that is necessary to determine—as a matter of law—that this Court has subject matter jurisdiction over this action.")). Although the Mooney Defendants are correct that a challenge to subject matter jurisdiction may be brought at any time, their current arguments

regarding subject matter jurisdiction are substantively identical to the arguments regarding subject matter jurisdiction which have already been ruled upon and rejected. As set forth above, the Mooney Defendants did not timely request permission to file a motion to reconsider denial of their prior Motion to Dismiss. See, Local Rule 7/1(j). Therefore, their reassertion of the same subject matter jurisdiction argument in support of the present Motion is improper, does not warrant further consideration, and is summarily denied.

### b. Sovereign Citizen Arguments

Similarly, the Mooney Defendants assert that they "are not the living man and woman William Joseph Mooney and Joni Therese Hansen [*sic*]"[2] and that they are "State Citizens" who are not amenable to the present federal lawsuit. (Mem. in Supp., [Docket No. 84], 2; Affidavits of Nationality, [Docket No. 90], 6-29). These arguments are nothing more than "sovereign citizen" claims of the sort which were also previously rejected by this Court and by Judge Nelson in the context of the Mooney Defendants' prior, unsuccessful Motion to Dismiss. (See, Report and Rec., [Docket No. 74], 6-11 (rejecting this argument specifically and collecting similar decisions in cases nationwide); Order, [Docket No. 78], 6-7). Again, the Mooney Defendants did not timely request permission to file a motion for reconsideration of Judge Nelson's ruling on this issue. Therefore, the sovereign citizen arguments are not further considered herein, and are summarily denied.

### c. Insufficient Evidence of Claims/ Default

The Mooney Defendants also argue that the United States has not submitted sufficient substantiation of its claims against the Mooney Defendants. (Mem. in Supp., [Docket No. 84], 6-7). A Motion for Summary Judgment, however, is not the appropriate vehicle for a moving party to conclusorily assert that the nonmoving party's claims lack sufficient evidence to ultimately

---

[2] See fn. 1, page 1, supra.

6

succeed. In order to succeed on their Motion for Summary Judgment, the Mooney Defendants must "show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law."'" See, Riddle, 866 F.3d at 946.

The Mooney Defendants base their argument largely on their assertion that the United States' failure to respond to certain documents which the Mooney Defendants have served upon the United States[3] constitutes a default of some sort on the underlying claim which conclusively proves they owe no debt to the IRS. (See, Mem. in Supp., [Docket No. 84], 7-10). The Undersigned has already recognized in the present case the meritless nature of the argument that certain documents unilaterally created by the Mooney Defendants "bind the Government to an agreement dictate[d] by the filer of said documents" if the Government fails to "take some action or admit some fact to avoid 'default.'" (See, Order on Motion to Strike, [Docket No. 36], 9-10). The Mooney Defendants did not seek review of the November 7, 2016, Order in which the above-quoted language can be found. Nevertheless, the Mooney Defendants now assert that the United States' failure to respond to their "Notice of Demand for Verified Assessment" and their "Notice[s] of Fault in Dishonor" has created a default status that "has resulted in the complete discharge of any and all alleged debts . . . for the years in question . . . ." (See, Mem. in Supp., [Docket No. 84], 10).

There has been no significant change in the law as to the complete lack of any legal significance whatsoever of these types of documents since the above-quoted Order was issued in November 2016. Accordingly, the Mooney's "default" arguments remain without merit, and are summarily denied.

---

[3] E.g., Self-styled "Notice of Demand for Verified Assessment," "Notice[s] of Fault in Dishonor," and the like. These self-created documents are meaningless.

7

### 2. Arguments not Previously Decided

The Court turns next to the arguments made by the Mooney Defendants in support of the present Motion for Summary Judgment which were not previously argued in support of another Motion already decided in this case.

#### a. Consent

The Mooney Defendants assert that they "have not consented to these Proceedings." (Mem. in Supp., [Docket No. 84], 2). The Mooney Defendants do not explain why their consent is required, and to the extent that they imply that this Court lacks personal jurisdiction over them or the United States lacks authority to tax them because they have not consented, such reasoning has regularly been previously and soundly rejected. See, e.g., United States v. Leugers, No. 1:16-cv-614, 2016 WL 8135285, *1 (S.D. Ohio Dec. 1, 2016) (noting defendant charged with unpaid federal income taxes, penalties, and interest had stated "'I do not consent to these proceedings'" and nevertheless denying his motion to dismiss for lack of jurisdiction); United States v. Agra, No. 2:13-cv-1662 GEB DAD PS, 2014 WL 1671592, *2-4 (E.D. Cal. April 28, 2014) (ruling on government's motion for summary in case involving false liens filed against employees of the Internal Revenue Service despite defendant's repeated assertions that he did not consent to the proceedings); United States v. Hiatt, No. C10-5333BHS, 2010 WL 4690885, *1 (W.D. Wash. Nov. 10, 2010) (requiring the defendants to file answer to complaint in suit to reduce federal tax assessments to judgment and foreclose federal tax liens against the defendants despite the defendants' assertions that "'We Do Not Consent to These Proceedings'").

A lack of consent from the Mooney Defendants to the present litigation is not sufficient to "'"show[] that there is no genuine dispute as to any material fact and the [Mooney Defendants

8

are] entitled to judgment as a matter of law,'"'" as is required for them to succeed on their present Motion for Summary Judgment. See, Riddle, 866 F.3d at 946.

### b. Authority of US Attorney

The Mooney Defendants also argue that the Assistant United States Attorney prosecuting this case "cannot bring a claim for the United States of America" because he lacks the authority to sue on behalf of the United States of America. (Mem. in Supp., [Docket No. 84], 2-5). They base this assertion on their purported belief that 28 U.S.C. § 547 only authorizes United States Attorneys to prosecute offenses committed against "the United States," which the Mooney Defendants attempt to distinguish from "the United States of America," as the Plaintiff is named in the case caption in the present case. (Id.). Again, this attempted distinction has been soundly and repeatedly rejected, both by this Court and Federal courts in other jurisdictions. See, United States v. Garcia, No. 13-cr-164 (PJS/LIB), 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013) (rejecting the same argument the Mooney Defendants raise here); see, also, e.g., United States v. Pflum, No. 14-40062-01-DDC, 2016 WL 7242506, *1-2 (D. Kan. Dec. 15, 2016) (noting that Assistant United States Attorney was admitted to practice in the District of Kansas and had been properly appointed to his post by the Attorney General of the United States and therefore refusing objection brought under 28 U.S.C. § 547(1) by self-proclaimed sovereign citizen defendant). The Undersigned sees no reason to deviate from the cases cited above, and finds the Mooney Defendants' argument on this point unpersuasive.

The Mooney Defendants also point out that the arguments and statements by the Assistant United States Attorney are not evidence. (Mem. in Supp., [Docket No. 84], 11). Although unsupported arguments of counsel are not sufficient to defeat an otherwise supported motion for summary judgment, see, Wade v. Aetna Life Ins. Co., No. 4:10-CV-1237 CAS, 2011

WL 4369423, *21 (E.D. Mo. Sept. 19, 2011), that legal premise is irrelevant in the context of the present Motion for Summary Judgment because the United States Attorney is not, in the case presently before this Court, attempting to present unsupported arguments as evidence to defeat the present Motion.

### c. "District Courts of the United States" v. "United States District Courts"

In a related vein, the Mooney Defendants argue that there is a distinction between the "District Courts of the United States" and the "United States District Courts," and they contend that the present Court is a "United States District Court," which has no authority to hear the present case because it is not a true Article III Court. (Mem. in Supp., [Docket No. 84], 5-6). As with their other arguments, this contention is neither new nor has it ever been successful in any other court. See, e.g., Warfield v. Byron, 137 Fed. Appx. 651, 653-54 (5th Cir. 2005) (rejecting an identical argument); United States v. Barrett, 108 F.3d 1380, *2 (7th Cir. 1997) (unpublished decision) (same); United States v. Schooler, No. 3:10-cr-134, 2012 WL 2814322, *1 (S.D. Ohio July 10, 2012) (same); United States v. Kemp, No. 1:07-CR-00142, 2010 WL 2710518, *3 (N.D. Ohio July 7, 2010) (same);  United States v. Fisher, No. 05-50023, 2008 WL 660014, *2-3 (E.D. Mich. March 10, 2008) (same). Again, the Undersigned sees no reason to deviate from the widely held conclusion that this purported distinction is meaningless, and therefore, this distinction provides no basis upon which the Mooney Defendants would be entitled to summary judgment in their favor.

### d. Uniform Commercial Code

The Mooney Defendants also argue that certain sections of the Uniform Commercial Code ("UCC") require invalidation of the tax liens the Plaintiff, United States, now seeks to

10

enforce through the present lawsuit. (Mem. in Supp., [Docket No. 84], 11-12). Specifically, they contend that: (1) the "Notice of Liens Filed in Morrison County Recorder's Office do not have a UCC-1 Financing Statement with signatures of both parties attached"; (2) they "do not have a Security agreement with signatures of both parties attached"; and (3) they "do not have a Court order or a judge's signature that shows that the Notice was reduced to Judgement [*sic*] and no due process was given." (Id.). As the United States points out, the Mooney Defendants have pointed to no legal requirement that the IRS tax liens, as filed in the Morrison County Recorder's Office, be accompanied by either a Financing Statement signed by all parties or a Security Agreement under the UCC. (See, Mem. in Opp., [Docket No. 107], 10-22). Rather, liens for unpaid tax liabilities are governed by 26 U.S.C. § 6323, and that statute does not articulate either of the requirements the Mooney Defendants now assert to be lacking. Moreover, as to the Mooney Defendants' third point, the present case is the litigation in which the United States presently seeks to reduce the tax assessments to judgment. The present case is the vehicle through which they are receiving due process as the Plaintiff pursues its claims. Thus, this last argument by the Mooney Defendants also does not provide any basis which would justify the Court granting their present Motion for Summary Judgment.

### e. Statute of Limitations

The Mooney Defendants contend that the controlling 10-year statute of limitations, 26 U.S.C. § 6502, bars any efforts by the United States to collect any tax liabilities from the years 2002 and 2003. (Mem. in Supp., [Docket No. 84], 12-13). As the United States replies, however, 26 U.S.C. § 6502 calculates the 10-year period to attempt collection from "the assessment of the tax." (Mem. in Opp., [Docket No. 107], 11); 26 U.S.C. § 6502(a)(1). According to the Complaint, and as clarified by the Assistant United States Attorney at the October 5, 2017,

11

Motion Hearing, the taxes for tax years 2002 and 2003 were assessed respectively on August 17, 2006, and December 18, 2006. (See, [Docket No. 1], 3-4; Oct. 5, 2017, Motion Hearing, Digital Record, 2:50-52). The Complaint was filed on July 28, 2016. ([Docket No. 1]).[4] This is within the 10-year statute of limitations, and the Mooney Defendants' argument on this point also fails.

### f. The United States' Failure to Identify Relevant Controlling Statutes

Finally, the Mooney Defendants argue that the United States has failed to cite to any legal authority which support its claims that the Mooney Defendants are responsible for any debt to the United States. (Id. at 13). This argument is clearly belied by the face of the Complaint, which does exactly that, setting forth the statutes under which the United States brings this case. (See, [Docket No. 1]).

Likewise, the Mooney Defendants' arguments that they are not executor or heirs of any estate, that they are alive, that the United States should produce information regarding a presumed decedent, and the lack of a wet-ink-signature contract for estate representatives are meaningless and frivolous on their face. The Mooney Defendants base these contentions on their asserted belief that they are being penalized for failure to pay "a 1040 tax," which they contend

---

[4] At the October 5, 2017, Motion Hearing, Defendant William J. Mooney also argued that the form on which both parties rely to prove the assessment dates at issue was "filed illegally." (Oct. 5, 2017, Motion Hearing, Digital Record, 2:52-56). This form was filed by the Mooney Defendants as their Exhibit 3 to their Motion for Summary Judgment. (See, [Docket No. 105], 18). Defendant William J. Mooney pointed out at the October 5, 2017, Motion Hearing that the form states: "This Lien Has Been Filed in Accordance with Internal Revenue Regulation 301.6323(f)-1." (Oct. 5, 2017, Motion Hearing, Digital Record, 2:53-54). Internal Revenue Regulation 301.6323(f)-1, found at 26 C.R.F. § 301.6323(f)-1 states in relevant part: "The notice referred to . . . shall be filed on Form 668, "Notice of Federal Tax Lien Under Internal Revenue Laws'." 26 C.R.F. § 301.6323(f)-1(d)(1). Defendant William J. Mooney argued at the October 5, 2017, Motion Hearing that because the form at the Mooney Defendants' Exhibit 3 in support of their Motion for Summary Judgment is not labeled as a "Form 668," it was filed illegally and should not be considered. (Oct. 5, 2017, Motion Hearing, Digital Record, 2:52-54). However, the relevant Internal Revenue Regulation continues to say: "The term Form 668 means either a paper form or a form transmitted electronically . . . . A Form 668 must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien." See, 26 C.F.R. § 301.6323(f)-1(d)(2). The form which has been submitted to the Court as the Mooney Defendants' Exhibit 3 in support of their Motion for Summary Judgment contains all of the information required by 26 C.F.R. § 301.6323(f)-1(d)(2), and the fact that the document does not self-identify as a "Form 668" does not render it "illegal." See, Tony Thornton Auction Serv., Inc. v. U.S., 791 F.2d 635, 638-39 (8th Cir. 1986) (holding that a notice of federal tax lien need not be perfectly compliant with the statutory requirement; the test is whether there is substantial compliance which gives notice and alerts the taxpayer of the government's claim).

must be based upon "26 C.F.R. § 1040." (Oct. 5, 2017, Motion Hearing, Digital Record, 2:35-36). The statute that Defendant William J. Mooney quoted at the October 5, 2017, Motion Hearing in support of this argument is actually 26 U.S.C. § 1040, which addresses gains on the transfer of certain property from an estate of a decedent to a qualified heir. (Id.; see, also, 26 U.S.C. § 1040). It is clear from the face of the Complaint, however, that the United States is not alleging a violation of 26 U.S.C. § 1040's estate tax provisions; rather, the United States alleges that Defendants William J. Mooney and Joni T. Mooney failed to pay federal income tax. (See, Compl., [Docket No. 1]). The fact that federal income tax is generally reported on a "Form 1040" does not indicate that 26 U.S.C. § 1040 controls those taxes. Therefore, the United States' ability or inability to prove a violation of 26 U.S.C. § 1040 is wholly irrelevant to whether the Mooney Defendants have shown that the United States, as a matter of law, cannot succeed on the claims presented in the present case, as would be required for the Mooney Defendants in order for them to prevail on the present Motion for Summary Judgment.

## IV.   CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants William J. Mooney and Joni T. Mooney's Motion for Summary Judgment, [Docket No. 83], be **DENIED.**


Dated: November 2, 2017                                    s/Leo I. Brisbois
                                                           Leo I. Brisbois
                                                           United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).