## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators,<br><br>Defendants. | Case No. 16-cv-2547 (SRN/LIB)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Michael R. Pahl, United States Department of Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, District of Columbia, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 Sixth Avenue Northwest, Little Falls, Minnesota 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter comes before the Court on the Answer and Objection [Doc. No. 113] ("Objection") of Defendants William J. Mooney and Joni T. Mooney (together, the "Mooney Defendants") to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated November 2, 2017 [Doc. No. 112]. The magistrate judge recommended that the Mooney Defendants' Motion for Summary Judgment [Doc. No. 83] be denied.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion.   28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).   For the reasons stated herein, the Court overrules the Mooney Defendants' objections and adopts the R&R in its entirety.

## II.    BACKGROUND

The facts underlying this case and the present motion have been thoroughly and accurately stated in the R&R, the background section of which the Court incorporates by reference here.   As the Court previously noted in its Order denying the Mooney Defendants' motion to dismiss and adopting the magistrate judge's R&R, the Mooney Defendants have taken an unconventional approach to this litigation.   (Order dated May 31, 2017 [Doc. No. 78], at 3.)   Since the Court's last order in this case, the Mooney Defendants have proceeded with the same litigation strategy as before, filing this and other motions accompanied by a series of affidavits such as their "Affidavit of Non Response to Notice of Fault in Dishonor."

The Mooney Defendants' Motion for Summary Judgment raises nine issues which Magistrate Judge Brisbois addressed in the R&R.   Several arguments raised in this motion simply restate arguments from the Motion to Dismiss which were already rejected by this Court, and are now barred by the law-of-the-case doctrine.   (*See* R&R, at 4–7.)   After reviewing the rest of the arguments, Magistrate Judge Brisbois found that the Mooney

Defendants had failed to show that the United States could not succeed, as a matter of law, on the claims presented in the case.  (*Id.* at 10–13.)

Magistrate Judge Brisbois filed the R&R as to the Mooney Defendants' motion on November 2, 2017, recommending that the motion be denied.  The Mooney Defendants have since filed timely objections to the R&R, triggering this *de novo* review. The Mooney Defendants raise three objections to Magistrate Judge Brisbois's R&R: (1) that the Government failed to provide legal authority establishing the Mooney Defendants' obligation to pay the taxes in question; (2) that counsel for the United States lacks the power to bring this suit; and (3) that the statute of limitations has expired for claims that arose from the 2002 and 2003 tax periods, or alternatively, that the form giving notice of the liens was illegally filed.

## III.   DISCUSSION

### A.   Standard of Review

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2) (emphasis added).  "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review.  *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar.

3

19, 2012)).  Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots."  *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted).  Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.  *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B.    Statutory Authority for United States' Claims

The Mooney Defendants assert that the Government has not cited any statute that would obligate them to pay the taxes at issue in this case, which they refer to as "1040" taxes.  (Obj., at 2–3.)  The Mooney Defendants raised this argument in their summary judgment motion and Magistrate Judge Brisbois addressed it in the R&R. (*See* R&R, at 12–13.)  As Magistrate Judge Brisbois noted, the Mooney Defendants' argument arises from their misunderstanding of the charges in the Complaint.  (*Id.*)  The Complaint alleges that the Mooney Defendants failed to pay federal income tax, which is generally reported on a "Form 1040."  (Compl. [Doc. No. 1] ¶¶ 6–11.)  The Mooney Defendants misapprehend this to mean that the Government alleges they failed to pay *estate* taxes governed by 26 U.S.C. § 1040.  (*See* Obj., at 3 ("Because we are living and not deceased, therefore we are not subject or have no duty or obligation to pay 26 USC 1040 [sic] tax.").)

As Magistrate Judge Brisbois discussed, the statutory authority for the Government's action to collect unpaid federal income tax is plainly identified on the face of the Complaint.  (*See* Compl., at 1 (asserting authority under 26 U.S.C. §§ 7401 and 7403).)  Accordingly, the Court agrees with Magistrate Judge Brisbois that "the United States' ability or inability

4

to prove a violation of 26 U.S.C. § 1040 is wholly irrelevant" to whether the Mooney Defendants are entitled to summary judgment, and therefore rejects their objections claiming a lack of statutory authority.  (R&R, at 13.)

### C.      Authority of United States Attorney

The Mooney Defendants also argue that counsel for the United States lacks the authority to bring this suit because *United States* Attorneys cannot sue in the name of the *United States of America*.  (Obj., at 4.)  There are two flaws in this objection, which was raised in the summary judgment motion and rejected in the R&R.  (*See* R&R, at 9.)  First, counsel for the United States, Michael R. Pahl, is a Trial Attorney from the Tax Division of the Department of Justice and not, as the Mooney Defendants assert, a United States Attorney.   Second, even if counsel were a United States Attorney, there is no legal distinction between the United States and the United States of America.  In rejecting this argument when it was raised on summary judgment, Magistrate Judge Brisbois correctly noted that the same argument has been raised and rejected repeatedly in cases throughout the federal courts.  *See, e.g.*, *United States v. Garcia*, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker*, No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999).  The Court must therefore reject the Mooney Defendants' argument as it lacks a legal basis.

### D.      Statute of Limitations

Finally, the Mooney Defendants argue that the 10-year statute of limitations period for the claims that arose from the 2002 and 2003 tax periods expired before the United

States filed this suit.  Under 26 U.S.C. § 6502, the government can levy unpaid taxes "within 10 years after the assessment of the tax."  26 U.S.C. § 6502(a)(1).

The Mooney Defendants raise two arguments on this point.  First, they argue that taxes from the 2002 and 2003 periods were assessed in 2003 and 2004, respectively, meaning claims for unpaid taxes from both periods expired before the United States initiated this suit in July 2016.  (Obj., at 6.)  Second, they argue that the form filed by the Government providing notice of the liens against them, which lists the assessment dates, was "illegal" because it was not a "Form 668" as required by 26 C.R.F. § 301.6323(f)-1. (*Id.* at 6–7.)  The Mooney Defendants raised these same arguments in their Motion for Summary Judgment or at the summary judgment hearing before Magistrate Judge Brisbois, and Magistrate Judge Brisbois rejected both in the R&R.  (R&R, at 12–13.) The Court addresses each objection in turn.

In support of their contention that the taxes in question were assessed in 2003 and 2004, the Mooney Defendants rely on a document entitled "Facsimile Federal Tax Lien Document," filed as Exhibit 3 to their Motion for Summary Judgment.  (Ex. Index for Mot. for Summ. J. [Doc. No. 105], at 18.)  The document lists tax assessments against the Mooney Defendants for the years 2002 and 2003 in one chart.  For each year, the form lists two separate assessment dates.  For 2002, it lists one entry with an assessment date of April 14, 2003, and one with a date of August 17, 2006.  For 2003, it lists an assessment dated May 17, 2004, and one dated December 18, 2006.  As is stated in the Complaint, and as the United States made clear at oral argument, the taxes at issue in this case are those assessed in 2006.  (*See* Compl.¶ 7.)

6

In support of the allegation in the Complaint, the United States cites Internal Revenue Service Account Transcripts, filed as Exhibits 1 and 2 to the Memorandum in Opposition to the Motion for Summary Judgment.  (United States Mem. of Law in Opp'n to Defs. Mot. for Summ. J. [Doc. No. 108], at 1–8.)  The Account Transcripts make clear that the taxes claimed by the United States were assessed in 2006 after the Mooney Defendants' filings were examined.  (*Id.* at 2–8.)  Because the 2002 and 2003 taxes were assessed, respectively, in August and December of 2006, the United States' claims were timely when they were filed in July 2016.  The Court therefore overrules the Mooney Defendants' objection on this issue.

Alternatively, the Mooney Defendants contend that the form entitled "Facsimile Federal Tax Lien Document," which provided notice of the liens against them and on which they rely for their statute of limitations argument, was "illegal" because it failed to meet the requirements for a "Notice of Federal Tax Lien" under 26 C.R.F. § 301.6323(f)-1.  (Obj., at 6–7.)  This contention, which Defendant William J. Mooney first raised at oral argument, was also addressed by Magistrate Judge Brisbois in the R&R.  (R&R, at 12 n. 4.)  As Magistrate Judge Brisbois noted, the Internal Revenue Regulations provide, in relevant part, that notice of a lien "shall be filed on Form 668."  26 C.R.F. § 301.6323(f)-1(d)(2).  The Mooney Defendants' contention is that because the form in question was not labeled "Form 668," it was legally insufficient to provide notice.

Section 301.6323(f)-1(d)(2) provides in full:

> **Form 668 defined.** The term Form 668 means either a paper form or a form transmitted electronically, including a form transmitted by facsimile (fax) or electronic mail (e-mail). A Form 668 must identify the taxpayer,

the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien.

The form in question here was not labeled "Form 668," but instead states "This Lien Has Been Filed in Accordance with Internal Revenue Regulation 301.6323(f)-1." (Ex. Index for Mot. for Summ. J. at 18.)  The form identifies the Mooney Defendants as taxpayers, and identifies the tax liabilities giving rise to the liens and their dates of assessment.  (*Id.*) Furthermore, the Court does not understand the Mooney Defendants to argue that they did not have notice of the liens against them.  In fact, in their Motion for Summary Judgment they argue instead that they have been deprived of due process because there was no additional documentation accompanying the notice of liens.  (Mem. of Law [Doc. No. 84], at 12.)

In short, the Mooney Defendants do not assert that they lacked actual notice of the liens, but rather that the notice was technically invalid.  According to the Eighth Circuit "[t]he sufficiency of notice is a question of federal law," and "'[t]he test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial compliance sufficient to give constructive notice and to alert one of the government's claim.'"  *Tony Thornton Auction Serv., Inc. v. United States*, 791 F.2d 635, 638–39 (8th Cir. 1986) (quoting *United States v. Sirico*, 247 F.Supp. 421, 422 (S.D.N.Y.1965)).  Without question the form here was sufficient to give notice of the claim against the Mooney Defendants.  It contained all the required information and identified itself as a lien document in accordance with Regulation 301.6323(f)-1, and the Mooney Defendants do not deny knowledge of its existence.  The Court therefore agrees

with Magistrate Judge Brisbois that the notice was valid and overrules the Mooney Defendants' objection.

## IV.    CONCLUSION

For the reasons stated, the Court concludes that the magistrate judge did not err in concluding that the Mooney Defendants' Motion for Summary Judgment must be denied. Accordingly, the Court overrules all objections, and adopts the R&R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Objections [Doc. No. 113] to the Magistrate Judge's November 2, 2017 Report and Recommendation are **OVERRULED;**

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 112]; and

3. Defendants' Motion for Summary Judgment [Doc. No. 83] is **DENIED**.


Dated: February 15, 2018                    **s/Susan Richard Nelson**
                                             SUSAN RICHARD NELSON
                                             United States District Judge