**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators,**<br><br>      **Defendants.** | File No. 16-cv-02547 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Michael R. Pahl, U.S. Department of Justice, Tax Division, PO Box 7238 Ben Franklin Station, Washington, DC 20044, for Plaintiff.

William J. Mooney and Joni T. Mooney, *pro se*, 409 6th Avenue Northwest, Little Falls, MN 56345.

SUSAN RICHARD NELSON, United States District Judge

     This matter comes before the Court on the Answer and Objection ("Objection") [Doc. No. 147] filed by Defendants William J. Mooney and Joni T. Mooney (collectively "the Mooneys") to Magistrate Judge Leo I. Brisbois's Report and Recommendation dated April 19, 2018 ("R&R of April 19, 2018") [Doc. No. 146]. In the R&R, the magistrate judge recommended that the Motion for Summary Judgment [Doc. No. 119] filed by the United States of America ("Plaintiff") be granted. For the reasons set forth below, after a *de novo* review, this Court overrules the Mooneys' Objection, adopts the R&R in its entirety, and grants Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

The facts and lengthy procedural history of this case have been thoroughly and accurately stated in several Orders of this Court and of the magistrate judge. (*See, e.g.*, Order of Nov. 7, 2016 [Doc. No. 36]; Mem. Op. & Order of May 31, 2017 [Doc. No. 78].) Therefore, this Court, like the magistrate judge, recites the facts here only to the extent necessary to contextualize and rule on the Mooneys' Objection.

### A.   Factual Background

Very briefly stated, on July 28, 2016, Plaintiff initiated this action against the Mooneys "to reduce federal tax and penalty assessments to judgment and enforce federal tax liens on property located in this district." (Compl. [Doc. No. 1] at 1.) Before reciting the facts, however, this Court notes that even at this stage of the litigation, only Plaintiff has filed admissible evidence regarding the Mooneys' tax liability and the Mooneys' history of ownership of the property at issue. Among other documents, Plaintiff has filed the sworn declarations of Internal Revenue Service ("IRS") Revenue Officers Richard Wallin ("Wallin Decl.") [Doc. No. 123] and Shawn M. Kennedy ("Kennedy Decl.") [Doc. No. 122]. Plaintiff has also filed Certifications of Assessments and Payments that provide the transactional history of the relevant tax years. (*See* Exs. 1–15 to Pl.'s Opp'n to Defs.' Mot. Summ. J. [Doc. No. 108].)[1] In the absence of any evidence offered by the Mooneys to call into question the veracity of these documents, combined with the presumption of correctness that tax assessment documents enjoy, *see, e.g.*, *N.S. State Univ. v. United States*,

---

[1] Throughout this Order, citations to these exhibits will simply indicate the exhibit number, *e.g.*, Exs. 1–5.

255 F.3d 599, 603 (8th Cir. 2001), this Court considers the Mooneys' tax and civil penalty liability as set forth in Sections I.A.1 and I.A.2 to be undisputed.[2]

### 1. The Mooneys' Tax Liability

William Mooney owes federal income taxes for the 2002, 2003, 2004, 2013, and 2014 tax years, and Joni Mooney owes federal income taxes for the 2002, 2003, 2013, and 2014 tax years. (*See* Exs. 1–5.) In 2002 and 2003, the Mooneys filed joint tax returns, which the IRS later audited. (Wallin Decl. ¶ 4.) This audit demonstrated that the Mooneys had failed to report some taxable income and consequently owed additional taxes, plus interest and penalties. (William Mooney Test., Ex. 29 to Wallin Decl. [Doc. No. 123-1] at 44–45; Exs. 1–2.) As of June 9, 2016, the Mooneys' tax liability, including income taxes, interest, and penalties for those two years had an unpaid balance of $24,065.46. (Exs. 1–2.)

For the 2004 tax year, William Mooney did not file a federal income tax return, but the IRS recreated his net income for that year, assessed taxes, and sent him notice of the tax assessment and the penalties imposed. (Wallin Decl. ¶ 5; Notice of Deficiency, Ex. 35 to Wallin Decl. [Doc. No. 123-3].) As of June 9, 2016, William Mooney's tax liability for the 2004 tax year was $30,546.41. (Ex. 3.)

For the 2013 and 2014 tax years, the Mooneys again filed joint federal income tax returns. (Wallin Decl. ¶ 7.) The IRS assessed taxes for those years based on the Mooneys' self-reported income. (*Id.*; *see also* Exs. 4–5.) The federal income tax, penalties, and interest for those two tax years maintained an unpaid balance of $3,138.66 as of June 9, 2016. (*See*

---

[2] As more fully explained below, although the Mooneys certainly dispute the government's *legal authority* to collect taxes, they do not meaningfully call into question the accuracy of the assessments or of any of the documents filed by Plaintiff.

Exs. 4–5.)

In all, as of January 1, 2018, the assessments made against William Mooney, including federal income taxes, interest, and penalties for the tax years of 2002–2004 and 2013–2014 maintained a balance of $63,355.21. (Kennedy Decl. ¶ 5.) Likewise, as of that same date, the assessments made against Joni Mooney, again including federal income taxes, interest, and penalties for the 2002–2003 and 2013–2014 tax years maintained an unpaid balance of $30,240.11. (*Id.* ¶ 7.) Additional interest continues to accrue on these debts at a rate specified by federal law. (*Id.* ¶¶ 5, 7.) Moreover, as shown in the IRS transcripts of account, notices of the aforementioned assessments and demands for payment were sent to the Mooneys. (*Id.* ¶¶ 5, 7.) However, despite these notices and demands for payment, the Mooneys have failed to pay what they owe the IRS. (*Id.* ¶¶ 5, 9.)

### 2. The Mooneys' Civil Penalty Liability

In 2009, the Mooneys filed federal income tax returns for the 2004–2008 tax years. (Wallin Decl. ¶ 6.) A delegate of the Secretary of the Treasury deemed all of these tax returns to be frivolous, so a penalty was assessed for each of the submitted tax returns. (Tax Returns & Penalty Approval Forms, Exs. 30–34 to Wallin Decl. [Doc. No. 123-2].) As of January 1, 2018, this penalty assessment against William Mooney had an unpaid balance of $37,907.70, and the penalty assessment against Joni Mooney had an unpaid balance of $37,630.81. (Kenney Decl. ¶¶ 9, 11.) The IRS again sent the Mooneys notices of these assessments as well as demands for payments. (*Id.* ¶¶ 10, 12; *see also* Exs. 6–15.)

### 3. The Property at Issue

It is undisputed that in February of 1982, the Mooneys acquired by deed a property located at 409 6th Avenue Northwest, Little Falls, Minnesota. (William Mooney Dep. ("Mooney Dep.") [Doc. No. 124-2] at 13.)[3] It is also undisputed that the Mooneys officially owned this property until 2004. (*Id.* at 21; Quit Claim Deed, Ex. 16 to Wallin Decl. ("Deed") [Doc. No. 123-1] at 1.) In 2004, however, William Mooney purported to transfer the property to the Harbor Holdings Trust, a "Pure Trust" that was created in September of that year. (*See* Trust Documents, Ex. 25 to Wallin Decl. [Doc. No. 123-1] at 10–20.) A "Memorandum of Trust" purports to name Ronald Ottaviano and Michael Balice as trustees for the Harbor Holdings Trust and William Mooney as the General Manager. (*Id.* at 17.)

On October 4, 2004, William Mooney purported to give, or "exchange," the Property to the Harbor Holdings Trust via a "Certificate of Exchange." (*Id.* at 20.) This Certificate, however, does not provide details of what William Mooney received in return for the property; it simply states that "the exchanger [William Mooney] will hold no legal or beneficial title or interest in the property exchanged hereto, and that this exchange is complete and absolute and the exchanger understands that he will have no right to the assets until the Trust ends in 25 years or the Trustees sooner dissolve the same." (*Id.*) At his deposition, William Mooney testified that he received "Certificates" with no monetary value in "exchange for the property." (Mooney Dep. at 19.) Then, on November 1, 2004, the Mooneys signed a quitclaim deed purportedly conveying the property to "'Harbor

---

[3] Citations to William Mooney's deposition reference the deposition's internal pagination.

Holdings', Mid-Atlantic Trustees and Administrators, Trustee." (Deed at 1.) This quitclaim deed states that the "sale price or other consideration given for this property was $500.00 or less." (*Id.*) The Morrison County tax assessment for the property that same year indicated that the estimated market value of the property was $69,200.00. (Property Tax Assessment, Ex. 17 to Wallin Decl. [Doc. No. 123-1] at 2.)

Despite this purported conveyance, William Mooney testified that the Mooneys have at all times continued to live in the property without paying rent. (Mooney Dep. at 18.) Although the Mooneys do not pay rent, William Mooney further testified that they pay some maintenance and utility costs and perform upkeep on the property, including yardwork and snow removal. (*Id.* at 18, 25–27.)

### B.    Procedural Posture

From the time Plaintiff initiated this action, and as this Court has described in several of its prior Orders, the Mooneys have engaged in what may be described as an unconventional response to this litigation.  To begin with, Defendant William Mooney, although not a lawyer authorized to practice law in the State of Minnesota or to appear before this Court, has attempted to represent not only himself but his wife and Harbor Holdings.  (*See* Jan. 30, 2017 Order [Doc. No. 47] at 4.)  The Mooneys have also filed more than two dozen affidavits, exhibits, motions, and notices with names such as "Lawful Notice of Fault in Dishonor" and "Affidavit of 'Friend of a Friend' and "Constitutional Consul'." (*Id.* at 4–7.)  These documents have generally proven non-responsive to the Complaint and not in keeping with the Federal Rules of Civil Procedure, and accordingly have been nearly universally stricken from the record by the magistrate judge. (*See* Jan. 30, 2017 Order; Nov.

7, 2016 Order [Doc. No. 36].) Magistrate Judge Brisbois has also repeatedly reminded the Mooneys that a non-lawyer may not represent a third-party in court. (*See, e.g.*, Jan. 30, 2017 Order.)

Because Defendant Harbor Holdings had failed to plead or otherwise properly defend the action—despite repeated orders of this Court to do so—Plaintiff moved for an entry of default as to that defendant on February 2, 2017. (*See* Request for Entry of Default [Doc. No. 48].) Pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of Court duly entered default four days later. (*See* Clerk's Entry of Default [Doc. No. 50].)

On February 15, 2017, the Mooneys filed a Motion for Dismissal with Prejudice [Doc. No. 51]. This Court adopted the magistrate judge's R&R [Doc. No. 74], and denied the Mooneys' Motion. (*See* Order of May 31, 2017 Adopting R&R [Doc. No. 78].) Relevant here, this Court rejected the Mooneys' contention that the Court lacked jurisdiction over this action—arguments founded on the so-called "sovereign citizen" theory of law and history—and held that it had subject matter jurisdiction as a matter of law. (*Id.* at 7.)

On August 22, 2017, the Mooneys filed a Motion for Summary Judgment with Prejudice [Doc. No. 83]. In their Motion, the Mooneys raised the same "sovereign citizen" jurisdictional arguments that they had previously raised in their Motion to Dismiss, and which this Court and the magistrate judge addressed and rejected. (*See* R&R of Nov. 2, 2017 [Doc. No. 112] at 5–8.) And of significance here, the Mooneys further argued that they should be granted summary judgment because they "have not consented to these Proceedings," (Defs.' Mem. Supp. Summ. J. [Doc. No. 84], ¶ 5), and because Plaintiff had

7

failed to "show the relevant controlling statutes supporting [its] claims" that the Mooneys are liable for a "1040 tax," (*id.* ¶ 22). This Court referred the Mooneys' Motion to the magistrate judge, (*see* Order of Aug. 24, 2017 [Doc. No. 103]), who then recommended that this Court deny the Mooneys' Motion, (*see* R&R of Nov. 2, 2017). The R&R, which this Court later adopted in its entirety, (*see* Order of Feb. 15, 2018 [Doc. No. 143]), rejected the Mooneys' claims, reasoning that: (1) the Mooneys' jurisdictional arguments had been previously rejected by this Court and were thus barred by the law-of-the-case doctrine; (2) that the Mooneys' "lack of consent" arguments were without a legal basis; and (3) that their "1040 tax" arguments were similarly wholly without legal merit, as they were grounded on a misunderstanding of the Counts asserted in the Complaint, (R&R of Nov. 2, 2017 at 5–6, 8–9, 12–13).

On January 10, 2018, Plaintiff filed the Motion for Summary Judgment currently under consideration. Plaintiff seeks to reduce to judgment the federal income tax assessments and penalty assessments against the Mooneys; a judicial determination that Harbor Holdings is their nominee or, in the alternative, that the Mooneys fraudulently conveyed their personal residence to Harbor Holdings; and to enforce federal tax liens on the Mooneys' personal residence and order the sale of the property so that Plaintiff can apply the proceeds to the Mooneys' federal tax debt. (*See* Pl.'s Mem. Supp. Summ. J. [Doc. No. 121].) In an Order dated January 12, 2018, the magistrate judge directed the Mooneys to file a response to Plaintiff's Motion. (*See* Order of Jan. 12, 2018 [Doc. No. 127].) However, rather than filing a substantive response, the Mooneys again filed the same "meaningless and routinely rejected tax protestor documents" advancing the same

unmeritorious arguments that this Court has rejected in its prior Orders. (R&R of Apr. 19, 2018 at 18.)

Turning to Plaintiff's substantive arguments, the magistrate judge first found "that the federal income tax liability [and federal tax penalty liability] assessments against [the Mooneys] should be reduced to judgment." (*Id.* at 7, 8.) Citing controlling Eighth Circuit precedent, the magistrate judge reasoned that tax assessments made by the IRS are "presumed correct," and that "the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." (*Id.* at 5 (quoting *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001).) The magistrate judge noted that the Mooneys "have failed to proffer any admissible evidence to rebut or dispute the assessments presented by [Plaintiff]," (*id.* at 7, 8), and found that Plaintiff had presented the necessary evidence "demonstrating it is entitled to judgment in the present case," (*id.* at 6).

With respect to the enforcement of the federal tax liens, the magistrate judge found that these liens were enforceable on the Mooneys' Little Falls property notwithstanding the Mooneys' purported conveyance of the property to Harbor Holdings. Analyzing the factors considered by Minnesota courts to determine nominee status, the magistrate judge found that evidence in the record amply showed that "Harbor Holdings holds the [p]roperty as a mere nominee of [the Mooneys]." (*Id.* at 13.) Specifically, the magistrate judge found that: (1) "Harbor Holdings paid no consideration . . . as part of the purported conveyance of the Property from [the Mooneys] to Harbor Holdings," (*id.*); (2) that the Mooneys' tax labilities arose before the purported transfer of the property, (*id.* at 14); (3) that there was a close relationship between William Mooney and Harbor Holdings, (*id.* at 14–15); (4) that the

9

evidence strongly indicated that the Mooneys exercised dominion and control over the property, (*id.*); and (5) that the Mooneys continued to enjoy the property, (*id.* at 16). Weighing all of these factors, the magistrate judge found that summary judgment in favor of Plaintiff was warranted on the issue of whether Harbor Holdings holds the property merely as the Mooneys' nominee. (*Id.*) In light of its conclusion, the magistrate judge found that Plaintiff was entitled to a forced sale of the property, and that the proceeds of the sale should be paid to Plaintiff "to satisfy or partially satisfy the recommended judgment in favor of [Plaintiff] on [the Mooneys]' federal income tax and civil penalty liabilities." (*Id.* at 18.)[4]

On May 1, 2018, the Mooneys filed their Objection to the R&R. As more thoroughly discussed below, the Mooneys regrettably continue to assert the same meritless tax protestor arguments that this Court and the magistrate judge have thoroughly addressed and rejected. Accordingly, and because this Court fully agrees with the magistrate judge's R&R, this Court will overrule the Mooneys' Objection and adopt the R&R in its entirety.

## II. DISCUSSION

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections

---

[4] "[I]n an abundance of caution," the magistrate judge also analyzed the documents that the Mooneys filed in response to Plaintiff's Motion. The magistrate judge found not only that the arguments advanced by the documents were barred by the law-of-the-case doctrine, but that "th[ose] exact arguments" as well as "numerous variations . . . have routinely and correctly been repeatedly rejected by the Eighth Circuit as 'meritless,' 'absurd,' and 'entirely frivolous.'" (R&R of Apr. 19, 2018 at 22 (citations omitted); *see also id.* at 18–24.)

should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3)

### B. Analysis

In their Objection, the Mooneys set forth ten reasons why this Court should decline to adopt the R&R. They contend: (1) that the assessments against them were made without their consent; (2) that the Treasury cannot do assessments on "1040 taxes;" (3) that neither this Court nor the IRS has jurisdiction in these proceedings; (4) that the Court and the IRS's "refus[al]" to show why they have jurisdiction in this case is "a clear violation of Due

Process and ground for an appeal;" (5) that Plaintiff and the IRS "ha[ve] refused to provide the statute written by Congress which makes the [Mooneys] liable for income tax;" (6) that Plaintiff's Motion for Summary Judgment should have been submitted before October 15, 2017 per the magistrate judge's scheduling order; (7) that this Court has allowed the magistrate judge to issue an R&R "when [the Mooneys] specifically said [they] did not consent to a magistrate judge," thus "den[ying] [their] right to a judge" in violation of their due process rights; (8) that "case law is a violation of the constitution because the constitutional provisions only permit congress to make law [and] not the courts;" (9) that their due process rights have been further violated because "[n]o clear and convincing evidence given by testimony under oath with the penalty of perjury and subject to cross examination has been presented" and that their rights to a "Jury Trial ha[ve] been violated;" and (10) that this Court "has denied [their] right to subrogation." (Defs.' Obj. at 1–4.)

In essence, the Mooneys' objections can be grouped into six primary categories. First, the Mooneys assert that they did not consent to these proceedings or to the assessment of taxes. Second, they contend that the Treasury lacks statutory authority to collect taxes. Third, they argue that neither the IRS nor this Court has jurisdiction. Fourth, they contend that this Court lacks authority to make law or to refer motions to a magistrate judge. Fifth, they allege that this Court is violating their rights to due process and to a trial by jury. And finally, they assert that Plaintiff violated the pretrial scheduling order.

At the outset, this Court notes that the first three of the Mooneys' contentions have been thoroughly and repeatedly addressed and rejected by this Court and the magistrate judge throughout these proceedings. This Court has time after time advised the Mooneys

that the law-of-the-case doctrine bars them from continuing to advance the same unmeritorious arguments that have already been rejected by this Court.  Although the Mooneys remain undeterred, this Court will not address those arguments any further. For the reasons already explained elsewhere, the Mooneys' arguments about consent, jurisdiction, and the impropriety/illegality of the IRS assessing "1040 taxes" are overruled.

The next of the Mooneys' contentions—that this Court lacks authority to "make law" or to refer motions to a magistrate judge—are patently frivolous and do not merit a lengthy discussion. *See, e.g.*, *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."); 28 U.S.C. § 636(b)(1)(B) ("a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ."). Similarly, the Mooneys' fifth contention—that this Court has violated their rights to due process and to a trial by jury—is without legal merit. The Mooneys have failed to articulate any due process violations, and it is beyond question that this Court may properly grant summary judgment before trial if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1107 (8th Cir. 2016). As clearly explained by the magistrate judge, Plaintiff has submitted substantial evidence to show the Mooneys' tax and civil penalty liability and why the federal tax liens should attach to the Mooneys' residence.

Finally, this Court finds no basis in fact for the Mooneys' contention that Plaintiff violated the pretrial scheduling order by not filing its Motion for Summary Judgment by October 15, 2017. Contrary to the Mooneys' assertions, the pretrial scheduling order merely directed the parties to *contact* this Court no later than October 15, 2017 to schedule a hearing for a dispositive motion. (*See* Pretrial Sched. Order of Apr. 7, 2017 [Doc. No. 72] at 5.) The scheduling order clearly contemplated that the motion hearing, and therefore the filing of motion papers, may not occur until after that date, warning the parties that "at least two to three months advance notice is necessary to place a dispositive motion on the calendar." (*Id.*) And in any event, a scheduling order violation is not grounds for outright denial of a summary judgment motion.

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court fully agrees with the magistrate judge that summary judgment is warranted in favor of Plaintiff. Accordingly, this Court overrules the Mooneys' Objection and adopts the R&R in its entirety.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Objection to the magistrate judge's April 19, 2018 Report and Recommendation filed by Joni T. Mooney and William J. Mooney [Doc. No. 147] is **OVERRULED;**

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 146] in its entirety; and

3. Plaintiff's Motion for Summary Judgment [Doc. No. 119] is **GRANTED**:

   a. The Clerk of Court **SHALL ENTER JUDGMENT** against William J. Mooney and in favor of the Unites States in the amount of $101,262.91, plus statutory interest, penalties, and additions accruing after January 1, 2018, until judgment is paid for William J. Mooney's federal income tax debts for the tax years 2002, 2003, 2004, 2013, and 2014, and for William J. Mooney's frivolous-filing penalties for tax years 2004, 2005, 2006, 2007, and 2008;

   b. The Clerk of Court **SHALL ENTER JUDGMENT** against Joni T. Mooney and in favor of the Unites States in the amount of $67,870.92, plus statutory interest, penalties, and additions accruing after January 1, 2018, until judgment is paid for Joni T. Mooney's federal income tax debts for the tax years 2002, 2003, 2013, and 2014, and for Joni T. Mooney's frivolous-filing penalties for tax years 2004, 2005, 2006, 2007, and 2008.

   c. The United States has valid and subsisting federal tax liens on all property and rights to property of William J. Mooney and Joni T. Mooney, and may enforce its liens against William J. Mooney and Joni T. Mooney's property to attempt to satisfy those federal tax liabilities. Specifically, the Unites States' federal tax liens attach to William J. Mooney and Joni T. Mooney's real property located at **409 6th Avenue Northwest, Little Falls, Minnesota, within this judicial district and more particularly described as: Lots 9, 10, 11, 12, and 13, all in Block 11 of Thayer's Addition to the City of Little Falls, according to the plat thereof, and situated in Morrison, County, Minnesota (the "Property")**.

   d. The United States is authorized to enforce its federal tax liens against William J. Mooney and Joni T. Mooney's interest in the Property, so that the proceeds of the sale of the Property may be distributed to the United States to be applied to William J. Mooney and Joni T. Mooney's outstanding federal income tax liabilities.

   e. The United States shall be authorized to sell the Property subject to further Order of this Court.

   f. Defendant Harbor Holdings has no property interest in the Property.

 g. The proceeds of any sale shall be distributed to the United States to be applied to William J. Mooney and Joni T. Mooney's outstanding federal tax liabilities.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 15, 2018         s/Susan Richard Nelson
                  SUSAN RICHARD NELSON
                  United States District Judge