**"District Court of the United States**
**District of Minnesota**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *Versus* | ) |
| | ) **Case No. 16-cv-02547 (SNR/LIB)** |
| **William J. Mooney**, *in propria persona*; | ) |
| **And, Joni T. Mooney**, *in propria persona*; | ) |
| **And, Harbor Holding, Mid-Atlantic** | ) |
| **Trustees and Administrators.** | ) |
| | ) |
| *Defendants,* | ) |

**Reply to "United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss/Vacate Judgment"**

Comes now William Joseph Mooney and Joni Therese Mooney ("Mooneys") with the **Reply to "United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss/Vacate Judgment"** in "**the Court**" ("**District Court of the United States**") from *this Court* ("**United States District Court,**" *i.e.* ("**USDC**")) that is operating under the codified 28 U.S.C. § 132.

**Table of Contents**

I.  General Statement of FACT Concerning "United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss/Vacate Judgment" ..................................... 1

II.  Subject Matter Jurisdiction Arising under Article III Section 1 & 2 of the Constitution of the United States ................................................................................................. 2

III.  No "Counsel for the United States of America" in this Instant Case to Date. ............. 6

IV.  Public Salary Act of 1939—53 Stat. 574-577 .......................................................... 11

   A. Legislative History ................................................................................................. 14

i

V. FACT:  No Where the Pleading from the "UNITED STATES OF AMERICA" or any Declarations in This Controversy is the Subtitle of Tax in Title 26 Identified or the Meaning of "Any Tax Imposed by this Title." ....................................................16

    A. "Any Tax Imposed by this Title means [Title 26]" .......................................16

    B. Means is the Exclusive Use of a Word or Words. .......................................19

VI.   Summary of the CON in *Rapatt v. State of Minnesota*, A17-2033 (State of Minnesota, Court Appeals. ...........................................................................................21

VII. Conclusion...........................................................................................................22

Certificate of Service. ................................................................................................22

## Table of Authorities

**Cases**

., *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) .............................................................................15

*Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975) ....................................................................................................................5

*Adams v. United States*, 65 Fed.Cl. 217, 225 (U.S.Fed.Cl. 2005).....................................15

*Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ...................................................................................................3

*Allen v. Principi*, 237 F.3d 1368, 1375 (Fed.Cir.2001)......................................................15

*Athens Lodge No. 70 v. Wilson*, 1953, 117 Cal.App.2d 322, 255 P.2d 482 .....................20

*Bankline Oil Co. v. Commissioner*, 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897, and

*Helvering v. Mountain Producers Corp.*, 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907,

both decided March 7, 1938, overruling Burnet v. Coronado Oil & Gas Co., 285 U.S.

393, 52 S.Ct. 443, 76 L.Ed. 815 ....................................................................................13

*Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). ........................15

*Blum v. Stenson*, 465 U.S. 886, 896 (1984) ....................................................................14

*Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ..................15

*Burgess v. United States*, 553 U.S. 124, 130 (2008) citing *Colautti* ..................................20

*Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) ..................................................19

*Burnet v. A. T. Jergins Trust*, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925....................13

*Cherokee Nation of Okla. v. United States*, 73 Fed.Cl. 467, 476 (2006) .........................14

*Colautti v. Franklin*, 439 U.S. 379, n. 10, (1979)................................................................21

*Colautti v. Franklin*, 439 U.S. 392 n10 (1979)....................................................................21

*Colautti v. Franklin*, 439 U.S., at 392–393, n. 10, 99 S.Ct. 675 .......................................20

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, (1992)............................................20

*Currier v. U.S.*, 166 F.2d 346, 48-1 U.S. Tax Cas. (CCH) P 9191, 36 A.F.T.R. (P-H) P

775 (C.C.A. 1st Cir. 1948) ............................................................................................17

*Darsigny v. Office of Personnel Management*, 787 F.2d 1555, 1557 (Fed.Cir.1986) ......15

*Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891

(1989) ............................................................................................................................15

*Dynes v. Hoover*, 61 U.S. 65, 66 (1857).................................................................................6

*Educational Films Corp. v. Ward*, 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226..................................................................................................................13

*Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828)....................................................6

*Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75, 127-128 (1807) ......................9

*Ex parte Commonwealth of Virginia*, 100 U.S. 339, 346, 358 (1879) .........................9

*Flint v. Stone Tracy Co.*, 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq..............................................................................................................13

*Fox v. Standard Oil Co. of N. J.*, 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.) ...................................................................................................20

*Fox v. Standard Oil Co. of New Jersey*, 294 U.S. 87, 95 (1935)..................................21

*Groman v. Commissioner*, 302 U.S. 82, 86 (1937) .....................................................19

*Group No. 1 Oil Corporation v. Bass*, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032..........13

*Haeger Potteries v. Gilner Potteries*, 123 F.Supp. 261, 267-268 (S.D.Cal. 1954)...........20

*Heinzelman v. Secretary of Health and Human Services*, 98 Fed.Cl. 808, 816 (2011) ....14

*Helvering v. Gerhardt*, 304 U.S. 405, 418 FN6 (1938 ..................................................13

*Helvering v. Gerhardt*, 304 U.S. 405, 418 FN6 (1938)...............................................12

*Helvering v. Therrell*, 303 U. S. 218 ........................................................................12

*In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013) .......................................................19

*Indian Motocycle Co. v. United States*, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277 ........13

*James v. Santella*, 328 F.3d 1374, 1381 (Fed.Cir.2003) ...........................................15

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) .............................................................................................3

*Lawkowski v. Spellings*, 443 F.3d 930, 941 (7th Cir. 2006) ................................................. 5

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ...3

*McCullen v. Coakley*, 134 S. Ct. 2518, 2540 (2014) ........................................................ 16

*McNamara v. Nomeco Bldg. Specialties, Inc.*, 26 F.Supp.2d 1168, 1174 (D.Minn. 1998)

............................................................................................................................................ 20

*McNeil v. Wisconsin*, 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ...5

*Meese v. Keene*, 481 U.S. 465, (1987) ........................................................................... 21

*Meese v. Keene*, 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) .......... 20

*Metcalf & Eddy v. Mitchell*, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384 ............................. 13

Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana, 472 U.S. 237, 249, (1985),

quoting *Colautti v. Franklin*, 439 U.S. 379, 392 (1979) ................................................. 21

*National Life Insurance Co. v. United States*, 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72

L.Ed. 968 ..................................................................................................................... 13

*Norfolk Dredging Co. v. United States*, 375 F.3d 1106, 1110 (Fed.Cir.2004) ................... 14

*Oklahoma v. New Mexico*, 501 U.S. 221, 234 FN5 (1991) .............................................. 14

*Osage Tribe of Indians of Oklahoma v. United States*, 68 Fed.Cl. 322 (U.S.Fed.Cl. 2005)

............................................................................................................................................ 15

*Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ........................... 2

*Pacific Co., Ltd., v. Johnson*, 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893 .......... 13

*Patterson v. Shumate*, 504 U.S. 753, 761, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992)

............................................................................................................................................ 15

*Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953) .............................................. 5

*Postum Cereal Co, Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1927) ..........10

*Price v. Commissioner of Revenue*, 1989 WL 158198, *3 (Minn.Tax Ct. 1989) .............21

*Public Employees Retirement system of Ohio v. Betts*, 492 U.S. 158, 185 (1989)............14

*Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C.2002)...................................3

*Snyder v. Bettman*, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035, cf. Greiner v. Lewellyn, 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676.......................................................................13

*St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 547, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) .............................................................................................................................14

*Stainback v. Mo Hock Ke Lok Po*, 336 U.S. 368 n. 12 (1949) .............................................5

*State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010)......................................................19

*Statterlee v. Commissioner of Internal Revenue, et al.*, 195 F.Supp.3d 327 (Dist.Cir. 2016) .......................................................................................................................................3

*Stenberg v. Carhart*, 530 U.S. 914, 942 (2000)..................................................................20

*Sullivan v. Stroop*, 496 U.S. 478, 480, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K–Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)).....................................................................................................................................15

*Toibb v. Radloff*, 501 U.S. 157, ——, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991)....15

*Toibb v. Radloff*, 501 U.S. 157, 162 (1991)........................................................................14

*TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)) .......15

*U.S. v. Alker*, 255 F.2d 851, 58-2 U.S. Tax Cas. (CCH) P 11801, 1 A.F.T.R.2d 2170 (3d Cir. 1958) ...........................................................................................................................17

*U.S. v. Cain*, 298 F.2d 934, 62-1 U.S. Tax Cas. (CCH) P 9226, 9 A.F.T.R.2d 795 (7th Cir. 1962) ..................................................................................................17

*U.S. v. Doughty*, 460 F.2d 1360, 72-1 U.S. Tax Cas. (CCH) P 12843, 29 A.F.T.R.2d 72-1550 (7th Cir. 1972) ..........................................................................17

*U.S. v. Genser*, 582 F.2d 292, 78-2 U.S. Tax Cas. (CCH) P 9682, 2 Fed. R. Evid. Serv. 1027, 42 A.F.T.R.2d 78-5747, 49 A.L.R. Fed. 335 (3d Cir. 1978) ................17

*U.S. v. Richard*, 209 F. Supp. 542, 63-1 U.S. Tax Cas. (CCH) P 9243, 11 A.F.T.R.2d 437 (D.R.I. 1962), judgment aff'd, 315 F.2d 331, 63-1 U.S. Tax Cas. (CCH) P 9376, 11 A.F.T.R.2d 1176 (1st Cir. 1963) .............................................................17

*United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) ......................................................................................19

*United States v. DiCristina*, 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) ..........................................................20

*United States v. Garcia*, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013). 10

*United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955)...15

*United States v. National City Lines*, 337 U.S. 78, 81 (1949) .............................................5

*United States v. Wacker*, 173 F.3d 865, *2 (10th Cir. Mar. 31, 1999) ...............................10

*Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920) .....................6

*Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015) ..........................................................................................................19

*Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015) ..........................................................................................................19

*Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953)..................5

*Western Union Telegraph Co. v. Lenroot*, 323 U.S. 490, 502, (1945)..............................21

*Western Union Telegraph Co. v. Lenroot*, 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414

(1945) ..........................................................................................................................20

*Wheeler Lumber Bridge & Supply Co. v. United Stat*es, 281 U.S. 572, 50 S.Ct. 419, 74

L.Ed. 1047 ..................................................................................................................13

*Willcuts v. Bunn*, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260..................13

*Williamson v. Berry*, 49 U.S. 495, 541 (1850) .......................................................................6

*Zavislak v. United States*, 29 Fed.Cl. 525, 528-529, (U.S.Fed.Cl.1993)...........................15

## Statutes

18 U.S.C. § 911............................................................................................................22

18 U.S.C.A. § 2............................................................................................................17

26 U.S.C. § 7701(a)(16)...............................................................................................18

28 U.S.C. § 132......................................................................................................i, 7

28 U.S.C. § 132(c), *ibid.*] **[derived from the Territory of Hawaii, *ibid.***..........................5

28, U.S.C., 1940 ed., § 1 ...............................................................................................4

4 U.S.C. § 104-110 ......................................................................................................21

68 Stat. 869-1009 (1948) "United States District Courts" codified in 28 U.S.C. § 132(c).8

8 U.S.C. § 1101(22)(B)................................................................................................22

A—Income Ta ..............................................................................................................16

**Attach 1—28 U.S.C. § 132**......................................................................................2, 3

**Attach 1—28 U.S.C. 132** ..................................................................................4

**Attachment 1—28 U.S.C. § 132 with Reviser's Notes ("Attach 1—28 U.S.C. § 132")** 2

B—Estate and Gift Taxes ....................................................................................16

C—Employment Taxes.........................................................................................16

D—Miscellaneous Excise Taxes ..........................................................................16

E—Alcohol, Tobacco and Other Excise Taxes ...................................................16

F—Procedure and Administration ......................................................................16

G—Joint Committee on Taxation........................................................................16

H—Financing Presidential Elections...................................................................16

I—Trust Fund Code ............................................................................................16

I.R.C. § 7201 .....................................................................................................17

I.R.C. § 7206(2) .................................................................................................17

Public Salary Act of 1939 (53 Stat. 574-577).....................................................11

remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and
133 of this title ...............................................................................................5

section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this
title....................................................................................................................4

section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30,
1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3,
1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921,
ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, §
1, 44 Stat. 19) ..................................................................................................4

**section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii** ...................................................................................................4

Section 7201 ..................................................................................................17

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed ..............................................................................4

*U.S. v. Nigro*, 262 F.2d 783, 59-1 U.S. Tax Cas. (CCH) P 15213, 3 A.F.T.R.2d 1912 (3d Cir. 1959) .............................................................................17

*U.S. v. Shaffer*, 291 F.2d 689, 61-2 U.S. Tax Cas. (CCH) P 15351, 7 A.F.T.R.2d 1924 (7th Cir. 1961)...........................................................................18

*U.S. v. Thompson*, 806 F.2d 1332, 86-2 U.S. Tax Cas. (CCH) P 16451, 22 Fed. R. Evid. Serv. 180, 59 A.F.T.R.2d 87-342 (7th Cir. 1986)...........................17

*Wilson v. U.S.*, 250 F.2d 312, 57-2 U.S. Tax Cas. (CCH) P 10040, 52 A.F.T.R. (P-H) P 1048 (9th Cir. 1957)...........................................................17

## Other Authorities

*1 Mertens law of Fed. Income Tax'n § 1:4.  Internal Revenue Code and Other Tax Legislation*..............................................................................16

*15 Mertens Law of Fed. Income Tax'n 55A:6.  Section 7201 (tax evasion)* .....................16

*2A Sutherland: Statutes and Statutory Construction § 46:06 (Norman J. Singer ed., 6th ed.2000).*..............................................................................16

**Attach 3—Sen.Rpt. 96-304** ..........................................................................11

**Attach 4—Wallin Declaration** ......................................................................11

**Attach 4—Wallin Declaration** Pg. 1 ...................................................................11

**Attach 4—Wallin Declaration** Pg. 1 & 2. ........................................................11

**Attach 5—S.Rpt. 112** .............................................................................................12

**Attach 5—S.Rpt. 112 pg. 14** .................................................................................12

**Attach 5—S.Rpt. 112 pg. 7** ...................................................................................13

**Attachment 2—Palmer Record District 311 "United States of America is a sovereign body politic." ("Attach 2—USA Sovereign Body Politic")** ...........................6

**Attachment 3—Senate Report No. 96-304 (Attach 3—Sen.Rpt. 96-304)** .................11

**Attachment 4—Doc 123—Declaration of IRS Revenue Officer Richard Wallin ("Attach 4—Wallin Declaration")** ........................................................11

**Attachment 5—Senate Report No. 112 February 24, 1939 ("Attach 5—S.Rpt. 112")** ....................................................................................................12

**Attachment 6—*Rapatt v. State of Minnesota*, A17-2003 (State of Minnesota, Court of Appeals)** ........................................................................................21

Docket 157 .................................................................................................................2

*New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.** Page 1521—28* U.S.C § 132. Creation and composition of district courts ........................................................4

ORDERED in Docket 160 to oppose Docket 157 with "evidence" ..................2

***Page 1732*—Section 132—Revised [Reviser's Notes]**—Section 132-Section Revised ...4

*Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948—pg. i* ....................................................................................................4

*United State of America v. Mooney, et al.,* 0-16-cv-2547 (D.Minn. 2018) Docket 143, pg. 5, Memorandum Opinion and Order of Judge Susan Richard Nelson, *i.e.,* holding .7, 10

**Rules**

**Evidence Rule 901(7)** ......................................................................................................7

**Constitutional Provisions**

"Constitution of the United States" in Article I Section 8 Clause 17..................................8

Amendment Twel ..............................................................................................................8

Article I Section 8 Clause 18 .............................................................................................8

Article II Section 1 Clause 3..............................................................................................8

Article III ..........................................................................................................................2

Article III Section 1 ...........................................................................................................5

Article III Section 1 and 2..................................................................................................3

Article III section 2 of the Constitution of the United States ...........................................10

Preamble of the Constitution of the United States.............................................................7

Section....................................................................................................................................5

Tenth Amendment .............................................................................................................7

Tenth Amendment to the "Constitution of the United States" ..........................................7

## I.  General Statement of FACT Concerning "United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss/Vacate Judgment"

The **"United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss/Vacate Judgment"** ("United States Motion") filed at Docket 161 is Non-Responsive and the Mooneys Motion **the Court** to Strike said **United States Motions** as it is not in the name of the Plaintiff, being the "UNITED STATES OF AMERICA"; and, there is no "Counsel for the United States of America" that signed the **United States Motion.**  Both are incontrovertible FACTs evidenced **United States Motion.**

The Plaintiff is the **"UNITED STATES OF AMERICA"** and therein the ONLY party that has standing to file into **the Court** is a bona fide "Counsel for the United States of America" and no appearance has been made into *this Court* or **the Court of** <u>any</u> **"Counsel of the United States of America;"** and further, the **United States Motion** does not bear the required identification of the a "Counsel for the United States of America" therein *flows a fortiori* that Michael R. Pahl has no standing to be filing any documents into *this Court* or **the Court** in this instant Controversy.

And further, the Plaintiff is the **"UNITED STATES OF AMERICA"** that is conclusively evidenced in the Complaint and the Docket Sheet and not the "United States."

And further, Michael R. Pahl ("Pahl") is no standing to be filing into this instant case as evidenced by the beginning filing and also this last **United States Motion** and the arrogance is shocking.

1

And further, Pahl, even in the United States Motion did not OPPOSE one scintilla of the documented evidence or pleading by the Mooneys Motion at Docket 157 when even Ordered by *this Court* to **respond at Docket 160** therein *flows a fortiori* that the said filing and the public records attached stand as true and correct, which *this Court* and **the Court** shall take judicial Notice thereof.

## II. Subject Matter Jurisdiction Arising under Article III Section 1 & 2 of the Constitution of the United States

Pahl stated that the "proper venue is an Article III Court and **believe** there is not proof to the contrary." Another bait and switch by Pahl, as Pahl was ORDERED in Docket 160 to oppose Docket 157 with "evidence" which the Mooneys did **with conclusive public record proof** with **Attachment 1—28 U.S.C. § 132 with Reviser's Notes ("Attach 1—28 U.S.C. § 132")** in Docket 157, wherein the Mooneys will again file with this Reply the **Attach 1—28 U.S.C. § 132** to establish a record in the Docket Sheet.

And further, any statement of "Article III" must be qualified as otherwise the wordsmithing Pahl's naked Article III has no specific meaning.

The subject matter jurisdiction arising under Article III Sections 1 and 2 of the Courts of the United States exercising the judicial Power of the United States in all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, the Treaties made, or which shall be made, under their Authority can be raised at any time.

As held in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) "It is a fundamental precept that federal courts are courts of limited jurisdiction. The

limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."

In *Statterlee v. Commissioner of Internal Revenue, et al.,* 195 F.Supp.3d 327 (Dist.Cir. 2016), to wit:

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 63 (D.D.C.2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Gen. Motors Corp. v. EPA,* 363 F.3d 442, 448 (D.C.Cir.2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C.Cir.2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

> When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). *333 Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics,* 104 F.Supp.2d 18, 22 (D.D.C.2000), citing *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C.Cir.1992); *see also Jerome Stevens Pharm., Inc. v. FDA,* 402 F.3d 1249, 1253 (D.C.Cir.2005).

*This Court* is not exercising the judicial Power of the United States and *this Court* does not Arise under Article III Section 1 and 2 exercising the judicial Power of the United States in all Cases in Law and Equity, but the United States District Court ("USDC") is operating with the codified authority of as evidenced by the Public Record of **Attach 1—28 U.S.C. § 132.**

This is an excerpt of **Attach 1—28 U.S.C. 132** of public record that *this Court* **shall take judicial Notice thereof,** being *Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress— 2ndSession, Epochal Legislation, West Publishing 1948—*pg. i—"augmented by **expert revisers** and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.** Page 1521—*28 U.S.C § 132. Creation and composition of district courts

(a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**

(b) Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided **by law, or rule or order of court, the judicial power of a district court** with **respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.**

*Page 1732—*Section 132—**Revised [Reviser's Notes]**—Section 132-Section Revised

Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title **48, U.S.C., 1940 ed., Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii. The revised section, by extending it to all districts, merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of title 48,

U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

As to reviser's notes, it is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953).

An essential element of the **"judicial Power of the United States"** arises under Article III Section 1 **"The judicial Power of the United States**, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . . Section 2. The **judicial Power** shall extent to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority" irrevocably precludes "The **judicial power of a district court** [28 U.S.C. § 132(c), *ibid.*] **[derived from the Territory of Hawaii, *ibid.*]** . . . may be exercised by a single judge," is merely codifying use of an "inquisition" CON. See *Lawkowski v. Spellings*, 443 F.3d 930, 941 (7th Cir. 2006) It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (" What makes a system adversarial rather than inquisitorial is ... **the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.").

5

When, as here, a matter is moot or the court otherwise lacked jurisdiction, the judgment amounts to an impermissible advisory opinion, a legal nullity, and is void.  In *Williamson v. Berry*, 49 U.S. 495, 541 (1850) "But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ."; *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828) ""But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ."  See also *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920).  In *Dynes v. Hoover*, 61 U.S. 65, 66 (1857) as follows:

> The following well-settled principles of law cannot be controverted: 'That when a court has jurisdiction, it has a right to decide every question before it; and if its decision is merely *erroneous*, and not *irregular and void*, it is binding on every other court until reversed. But if the subject-matter is not within its jurisdiction, or where it appears, from the conviction itself, that they have been guilty of an excess, or have decided on matters beyond and not within their jurisdiction, **all is void, and their judgments, or sentences, are regarded in law as nullities**. They constitute no justification; and all persons concerned in executing such judgments, or sentences, are trespassers, and liable to an action thereon.' (Numerous case cites omitted) (Emphasis added)

## III. No "Counsel for the United States of America" in this Instant Case to Date.

Upon checking the public record there never has been ANY appearance to date in the public record of the "**Counsel for the United States of America**," being the alleged Plaintiff.  Therein as a matter of law this instant case must be dismissed with prejudice.

There is another CON of the highest degree as the Plaintiff is the "**United States of America is a sovereign body politic**" as evidenced in **public record** being **Attachment 2—Palmer Record District 311 "United States of America is a sovereign body politic." ("Attach 2—USA Sovereign Body Politic")**, which *this Court*, and the

Court shall take judicial Notice of and also under Evidence Rule 901(7) as to its veracity.

In the Preamble of the Constitution of the United States, to wit:

**We the People of the United States**, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this **Constitution for the United States of America**

And further, in the Tenth Amendment to the "Constitution of the United States" "The **powers not delegated** to the <u>United States</u> by the Constitution, nor prohibited by it to the States, are <u>reserved to the States respectively, or to the people</u>."

Judge Nelson's ***ipse dixit*** precedent in *United State of America v. Mooney, et al.,* 0-16-cv-2547 (D.Minn. 2018) Docket 143, pg. 5, Memorandum Opinion and Order of Judge Susan Richard Nelson, *i.e.*, holding being "[T]here is **no legal distinction between** the **United States and the United States of America** is a *sine qua non* and conclusive that *this Court* that Judge Nelson **"exercises the judicial power of the district court"** as codified in 28 U.S.C. § 132 precluding exercising the Judicial Power of the United States arising under Article III Sections 1 and 2.

And further, Judge Nelson's ***ipse dixit* precedent** in *United State of America v. Mooney, et al.,* 0-16-cv-2547 (D.Minn. 2018) Docket 143, pg. 5, Memorandum Opinion and Order of Judge Susan Richard Nelson, *i.e.*, holding being "[T]here is **no legal distinction between** the **United States and the United States of America** is a *sine qua non* that the Tenth Amendment has been repealed; and further, that Framer in the Preamble to the Constitution of the United States "do ordain and establish this

Constitution **for** the United States of America" didn't really understand the true meanings of the Preamble and what they were doing.

And further, in the "Constitution of the United States" in Article I Section 8 Clause 17 "become the Seat of the Government of the United States;" Article I Section 8 Clause 18 "all other Power vested by this Constitution in the Government of the United States." In Article II Section 1 Clause 3 "which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States." In Amendment Twelve "transmit seal to the seat of the government of the United States."

Let *this Court* take judicial Notice that the Mooneys renounce, rescind our signatures and abjure from all of the following: all adhesion contracts and documents known or unknown; and, all implied-in-law contracts and documents known or unknown, all "public rights" doctrine contracts and documents known or unknown; and, all other contracts, agreements and documents that would in any way attach or subject me by any means known or unknown including "local and private law" Statutes, both State and Federal; and, everything clothed by and through or under including but not limited to the new 68 Stat. 869-1009 (1948) "United States District Courts" codified in 28 U.S.C. § 132(c) **"United States of America is a sovereign body politic"** in use since the passing of the Seventeenth Amendment in 1913 wherein the Legislatures of the several States no longer have standing to elect the Senators of the United States and the citizens of the several States no longer have standing to elect the members to the House of Representatives with the only exception being under the Law of Necessity as required. Remembering that "sovereignty" issues are secured in Tenth Amendment "The powers

not delegated to the United States by the Constitution, nor  prohibited by it to the States, **are reserved to the States respectively,  or to the people**." See also *Ex parte Commonwealth of Virginia*, 100 U.S. 339, 346, 358 (1879), to wit:

> [346] "No law can be, which the people of the States have, by the Constitution of the United States, empowered Congress to enact" . . . [356] But by none of the articles was any interference authorized with the purely internal affairs of the States, or with any of the instrumentalities by which the States administered their governments and dispensed justice among their people; and they declared in terms that **each State retained its sovereignty, freedom, and independence, and every power, jurisdiction, and right which was not by the articles expressly delegated to the United States in Congress assembled**. . . . [357] The new government being one of **granted powers**, its authority was limited by them and such as were necessarily implied for their execution. But lest, from a misconception of their extent, these powers might be abused, the **Tenth Amendment was at an early day adopted**, declaring that 'the powers not delegated to the United States by the Constitution nor prohibited by it to the States are reserved to the States respectively, or to the people.' . . . [358] "The general government and the States, although both exist within the same territorial limits, **are separate and distinct sovereignties**, acting separately and independently of each other, within their respective spheres."

Therein *flows a fortiori* that the entity "**United States of America is a sovereign body politic**" is unconstitutional, illegal, and unlawful (there are in excess of one hundred eight (110) cases in the United States District Courts ("USDC") from the Department of Justice with "United States of America is a sovereign body politic;" and further, there various numbers of each of the "States" in the same Complaint in the USDC Complaints with the Department of Justice with the "United States of America" on taxation other issues); and, is **Treason** as this entity by and with its participants, *i.e.* "a body of people" are "levying of war" or "levying war" on any Statute of the United States as held in *Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75, 127-128 (1807).

9

And further, the *United State of America v. Mooney, et al.,* 0-16-cv-2547 (D.Minn. 2018) Docket 143, pg. 5, Memorandum Opinion and Order of Judge Susan Richard Nelson, *i.e.,* holding being "[T]here is **no legal distinction between** the **United States and the United States of America.** In rejecting this argument when it was raised on summary judgment, Magistrate Judge Brisbois correctly noted that the same argument has been raised and rejected repeatedly in cases throughout the federal courts. See, e.g., *United States v. Garcia,* No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013) "*United States v. Wacker,* 173 F.3d 865, *2 (10th Cir. Mar. 31, 1999)." In *Garcia, ibid.,"* The "**United States**" and the "**United States of America**" are one and same." In *Wacker, ibid.,* "The **"United States" and "United States of America" are synonymous terms."** Take judicial Notice that in the United States Federal Court of Claims Rule 4 "[O]nly the **United States** is the properly the named Defendant." Therein a Complaint with "United States" *a/k/a* "United States of America" in the USDC's; and, the "States" being a "state of the United States" in the same USDC's Cases opens the jurisdictional subject matter for taxations issues, State Plan issues and more with the appeal option open to the United States Federal Circuit Court of Appeals, being the only bona fide Article III Appellate Court other that the Supreme Court of the United States.

And further Congress may vest the Courts of the District of Columbia with administrative or legislative functions, which are not properly judicial, but it may not do so with any Federal Court established arising under Article III section 2 of the Constitution of the United States either directly or by appeal including any District Court of the United States, any United States District Court, any Circuit Court of Appeals and the Supreme Court of the United States. *Postum Cereal Co, Inc. v. California Fig Nut Co.,* 272 U.S. 693, 700-701 (1927).

And further, the plenary Power of Congress in the "District of Columbia" is evidenced by "Acts of Congress," "Laws of Congress" or "laws of the United States of America" including but not limited to the "Internal Revenue" Taxation of the National Government that is lawfully and legally confined within the District of Columbia under the Plenary Power of Congress or if someone knowingly and intentionally submits to the

10

"local or private" law of the status of being a "citizen of the United States." I do not knowingly or tacitly clothe myself to the issues of this paragraph and do abjure same with the exception of the law of necessity.

The Mooneys do incorporate the their individual Verified Affidavits into this Reply.

The Mooneys have ZERO confidence that *this Court* will never admit to the lack of Subject Matter Jurisdiction arising under Article III sections 1 and 2; and will never admit to the lack of Personal Jurisdiction; therein the Mooneys are giving *this Court* notice that that they will be filing into the United States Federal Court of Claims Article as that is the only Court of the United States along with the United States Federal Circuit Court of Appeals that is a bona fide Article III Court that is exercising "subject matter jurisdiction" as evidenced in **Attachment 3—Senate Report No. 96-304 (Attach 3— Sen.Rpt. 96-304).** *This Court* is to take judicial Notice of **Attach 3—Sen.Rpt. 96-304** and especially pages 8-10.

## IV.  Public Salary Act of 1939—53 Stat. 574-577

The Mooneys oppose the Declarations in this instant Controversy and specifically "Declaration of IRS Revenue Officer Richard Wallin" being **Attachment 4—Doc 123— Declaration of IRS Revenue Officer Richard Wallin ("Attach 4—Wallin Declaration")** as it is not only FALSE but a FRAUD, *i.e.* CON of which there are so many CON aspects that it would take in excess of a hundred pages to brief out, but the Mooneys will only address some of the essential FACTUAL LIES.

In **Attach 4—Wallin Declaration**, Wallin claims to "have personal knowledge of the facts"[1] that include "federal income tax returns."[2]

Of course Wallin is clothed in the "federal income tax" that is comprehensive within the Public Salary Act of 1939 (53 Stat. 574-577) as Wallin in a Federal Employee

---

[1] **Attach 4—Wallin Declaration** Pg. 1.

[2] **Attach 4—Wallin Declaration** Pg. 1 & 2.

presumably as Wallin is under the "United States of America is sovereign body politic" in the Complaint. But to get the meaning of the "federal income tax" we have to go to the Legislative History, being **Attachment 5—Senate Report No. 112 February 24, 1939 ("Attach 5—S.Rpt. 112")**, which *this Court* and **the Court** shall take judicial Notice of the Legislative History and that it is a public record clothed under the Rules of Evidence.

Contained with n **Attach 5—S.Rpt. 112** Congress clearly explains that the States will tax Federal Employees for their State Income Tax and that the Federal Employees who pay "Federal Income Tax" will be paid also by the State Employees as clarified in *Helvering v. Gerhardt*, 304 U.S. 405, 418 FN6 (1938), *infra.*

Congress explains in the Legislative History in **Attach 5—S.Rpt. 112 pg. 14**, to wit:

> It should be noted that included in the classes of employees to whom the Commissioner may give relief under this section will be employees of the type involved in the case of *Helvering v. Therrell*, 303 U. S. 218, since the decision in the Gerhardt case **clarified and restated the basis for the liability for such persons for Federal income tax.**

Contained with the *Gerhaldt* case being "**clarified and restated basis for the liability for such person for Federal income tax**" being in *Helvering v. Gerhardt*, 304 U.S. 405, 418 FN6 (1938), to wit:

> In these cases the function has been either held or assumed to be of such a character that its performance by the state is immune from direct federal interference; **yet the individuals who personally derived profit or compensation from their employment in carrying out the function were deemed to be subject to federal income tax. FN6**
>
> FN6— The **following classes of taxpayers have been held subject to federal income tax** notwithstanding its possible economic burden on the state: Those who derive income or profits from their performance

of state functions as independent engineering contractors, *Metcalf & Eddy v. Mitchell*, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, **or from the resale of state bonds**, *Willcuts v. Bunn*, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260; **those engaged as lessees of the state in producing oil from state lands, the royalties from which, payable to the state, are devoted to public purposes,** *Group No. 1 Oil Corporation v. Bass*, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032; *Burnet v. A. T. Jergins Trust*, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925; *Bankline Oil Co. v. Commissioner*, 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897, and *Helvering v. Mountain Producers Corp.*, 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907, both decided March 7, 1938, overruling Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815. **Similarly federal taxation of property transferred at death to a state or one of its municipalities was upheld in** *Snyder v. Bettman*, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035, cf. Greiner v. Lewellyn, 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676; **and a federal tax on the transportation of merchandise in performance of a contract to sell and deliver it to a county was sustained in** *Wheeler Lumber Bridge & Supply Co. v. United States*, 281 U.S. 572, 50 S.Ct. 419, 74 L.Ed. 1047; cf. *Indian Motocycle Co. v. United States*, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. **A federal excise tax on corporations, measured by income, including interest received from state bonds, was upheld in** *Flint v. Stone Tracy Co.*, 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq.; see *National Life Insurance Co. v. United States*, 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72 L.Ed. 968; **compare the discussion in** *Educational Films Corp. v. Ward*, 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226, and in *Pacific Co., Ltd., v. Johnson*, 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893.

The Mooneys are not clothed or subject to the classes clarified and restated in *Helvering v. Gerhardt*, 304 U.S. 405, 418 FN6 (1938), *supra*.

And further, explicitly and unambiguously stated in the Legislative History of **Attach 5—S.Rpt. 112 pg. 7** that the "**taxpayers** are **citizens of the United States**" only, to wit:

The reasoning of the Court in the **Gerhardt** case may be summarized as follows: By granting immunity beyond the necessity of protecting the State, the burden of the immunity is thrown upon the National Government with benefit only to a privileged class of taxpayers. While the State might possibly be affected by the tax, the burden on the State is so speculative and

uncertain that if allowed it would restrict the Federal taxing power without affording any corresponding tangible protection to the State government. **The taxpayers are citizens of the United States, and bound to contribute to its support.**

## A. Legislative History

In *Blum v. Stenson*, 465 U.S. 886, 896 (1984) "Where, as here, resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and **then to the legislative history** if the statutory language is unclear." See also *Toibb v. Radloff*, 501 U.S. 157, 162 (1991): *Public Employees Retirement system of Ohio v. Betts*, 492 U.S. 158, 185 (1989); *Oklahoma v. New Mexico*, 501 U.S. 221, 234 FN5 (1991).

**Note**: the cites used, *infra*, are from the United States Federal Court of Claims and the United States Federal Circuit Court of Appeals as they are both arise under the Constitution of the United States as evidenced Legislative History in **Attach 3—Sen.Rpt. 96-304.**

In *Heinzelman v. Secretary of Health and Human Services*, 98 Fed.Cl. 808, 816 (2011), to wit:

> **Statutory interpretation begins with the plain meaning of the language of the statute.** *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 547, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) ("The starting point in any case involving construction of a statute is the language itself."). **If "the language is clear and fits the case, the plain meaning of the statute will be regarded as conclusive.**" *Norfolk Dredging Co. v. United States*, 375 F.3d 1106, 1110 (Fed.Cir.2004). **"When the language of the statute is not clear, canons of construction may be used to determine the meaning of the statute, if possible."** *Cherokee Nation of Okla. v. United States*, 73 Fed.Cl. 467, 476 (2006). One such fundamental canon of statutory construction is that **"the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."** *Davis v.*

14

*Mich. Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). Additionally, **if the statutory language is unclear, the Court will look to the legislative history of the statute.** *See, e.g., Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Allen v. Principi,* 237 F.3d 1368, 1375 (Fed.Cir.2001).

See also *Adams v. United States,* 65 Fed.Cl. 217, 225 (U.S.Fed.Cl. 2005).

In *Zavislak v. United States,* 29 Fed.Cl. 525, 528-529, (U.S.Fed.Cl.1993), to wit:

> Indeed, if a **statute is clear and unambiguous** on its face, **"that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."** *Sullivan v. Stroop,* 496 U.S. 478, 480, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K–Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)); *see, e.g., Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Darsigny v. Office of Personnel Management,* 787 F.2d 1555, 1557 (Fed.Cir.1986). However, when a statute can be read in more than one way, or when a statute is ambiguous on its face, **courts will resort to the legislative history to provide a meaning consistent with what Congress intended.** *Patterson v. Shumate,* 504 U.S. 753, 761, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992) (**"courts appropriately may refer to a statute's legislative history to resolve statutory ambiguity"**); *Toibb v. Radloff,* 501 U.S. 157, ——, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991) (**"we first look to the statutory language and then to the legislative history if the statutory language is unclear"**); *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In *Osage Tribe of Indians of Oklahoma v. United States,* 68 Fed.Cl. 322

(U.S.Fed.Cl. 2005), to wit:

> It is a cardinal rule of statutory construction that **"no clause, sentence, or word shall be superfluous, void, or insignificant."** *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)); *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ( **"It is our duty to give effect, if possible, to every clause and word of a statute ...."**) (internal citations omitted); *James v. Santella,* 328 F.3d 1374, 1381 (Fed.Cir.2003) (acknowledging **"the general rule against construing a statute in a way that renders one of its parts inoperative"**); 2A *Sutherland: Statutes and Statutory Construction* § 46:06 (Norman J.

Singer ed., 6th ed.2000).

## V. FACT: No Where the Pleading from the "UNITED STATES OF AMERICA" or any Declarations in This Controversy is the Subtitle of Tax in Title 26 Identified or the Meaning of "Any Tax Imposed by this Title."

Contained in Title 26 are different Subtitles of Taxes as identified in *1 Mertens law of Fed. Income Tax'n § 1:4. Internal Revenue Code and Other Tax Legislation* of which the Specific Subtitle of "tax" is not identified and they are different especially contained in Subtitles A, B, C, D or E, to wit:

Title 26 of the United States Code contains most of the statutes concerning income, estate and gift, excise, and employment taxes. The Code is the ultimate authority for determining items of income, deduction, and tax liability. The Code is divided into nine Subtitles:

A—Income Taxes;

B—Estate and Gift Taxes;

C—Employment Taxes;

D—Miscellaneous Excise Taxes;

E—Alcohol, Tobacco and Other Excise Taxes;

F—Procedure and Administration;

G—Joint Committee on Taxation;

H—Financing Presidential Elections;

I—Trust Fund Code.

## A. "Any Tax Imposed by this Title means [Title 26]"

As a general matter, the government cannot claim a strong interest in a broad law simply because it is "easier" to write and enforce than a narrowly tailored law would be. *McCullen v. Coakley*, 134 S. Ct. 2518, 2540 (2014).

"Any tax imposed by this Title [Title 26]" is defined in *15 Mertens Law of Fed. Income Tax'n 55A:6. Section 7201 (tax evasion)* supported by decisions from the Courts of the United States, to wit:

The first words of Section 7201, **"Any person,"** generally mean the taxpayer **evading the tax on his return,** but it also includes an officer signing a fraudulent corporate return, **FN9** one spouse evading taxes on the income of another spouse, **FN10** an administrator of an estate evading the estate tax, **FN11** and attorneys, accountants or bookkeepers who aid or abet the filing of a false return of another.**FN12** "Any tax imposed by this title" means the income tax, the gift tax, estate tax, **FN13** admissions tax, **FN14** excise tax, **FN15** social security and withholding tax, **FN16** and wagering tax. **FN17.**

**FN9**—*U.S. v. Genser*, 582 F.2d 292, 78-2 U.S. Tax Cas. (CCH) P 9682, 2 Fed. R. Evid. Serv. 1027, 42 A.F.T.R.2d 78-5747, 49 A.L.R. Fed. 335 (3d Cir. 1978); *Currier v. U.S.*, 166 F.2d 346, 48-1 U.S. Tax Cas. (CCH) P 9191, 36 A.F.T.R. (P-H) P 775 (C.C.A. 1st Cir. 1948).

**FN10**—*U.S. v. Richard*, 209 F. Supp. 542, 63-1 U.S. Tax Cas. (CCH) P 9243, 11 A.F.T.R.2d 437 (D.R.I. 1962), judgment aff'd, 315 F.2d 331, 63-1 U.S. Tax Cas. (CCH) P 9376, 11 A.F.T.R.2d 1176 (1st Cir. 1963); *U.S. v. Cain*, 298 F.2d 934, 62-1 U.S. Tax Cas. (CCH) P 9226, 9 A.F.T.R.2d 795 (7th Cir. 1962).

**FN11**—*U.S. v. Doughty*, 460 F.2d 1360, 72-1 U.S. Tax Cas. (CCH) P 12843, 29 A.F.T.R.2d 72-1550 (7th Cir. 1972); *U.S. v. Alker*, 255 F.2d 851, 58-2 U.S. Tax Cas. (CCH) P 11801, 1 A.F.T.R.2d 2170 (3d Cir. 1958).

**FN12**— A person may be charged under I.R.C. § 7201 as an aider and abettor through 18 U.S.C.A. § 2, which authorizes the Government to charge an aider and abettor as a principal. This procedure, however, requires that a principal exist who also evaded and defeated the tax. See *U.S. v. Doughty*, 460 F.2d 1360, 72-1 U.S. Tax Cas. (CCH) P 12843, 29 A.F.T.R.2d 72-1550 (7th Cir. 1972). Now I.R.C. § 7206(2) specifically covers aiders and abettors "whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such **return** ...."

**FN13**—See *U.S. v. Doughty*, 460 F.2d 1360, 72-1 U.S. Tax Cas. (CCH) P 12843, 29 A.F.T.R.2d 72-1550 (7th Cir. 1972).

**FN14**—*U.S. v. Nigro*, 262 F.2d 783, 59-1 U.S. Tax Cas. (CCH) P 15213, 3 A.F.T.R.2d 1912 (3d Cir. 1959).

**FN15**—*U.S. v. Thompson*, 806 F.2d 1332, 86-2 U.S. Tax Cas. (CCH) P 16451, 22 Fed. R. Evid. Serv. 180, 59 A.F.T.R.2d 87-342 (7th Cir. 1986).

**FN16**—*Wilson v. U.S.*, 250 F.2d 312, 57-2 U.S. Tax Cas. (CCH) P 10040, 52 A.F.T.R. (P-H) P 1048 (9th Cir. 1957).

FN17—*U.S. v. Shaffer*, 291 F.2d 689, 61-2 U.S. Tax Cas. (CCH) P 15351, 7 A.F.T.R.2d 1924 (7th Cir. 1961).

This is a denial of due process of law in that *this Court*, **Pahl**, **Wallin** and others do not identify specifically the type of **"tax imposed"** that allegedly the Mooneys wherein they are guilty of some issue of **"required to be deducted and withheld[3];"** or **not filing a "Return" for money that was already "required to be deducted and withheld"[4] by someone else** or, **of not filing a "Return" of money that was not with the IRS and was not "required to be deducted and withheld.[5]**

And further, Verified Affidavits of William Joseph Mooney and Joni Therese Mooney are incorporated into this Reply.

Therefore as a matter of law, *this Court* and **the Court** is required to dismiss this instant controversy with prejudice as so plead in this Reply and in the Verified Affidavits remembering that the Mooneys **are not "citizens of the United States"** but are "citizens of Minnesota" domiciled in Minnesota, being one of the several States.

---

[3] 26 U.S.C. § 7701(a)(16)—**Withholding agent.**--The term **"withholding agent" means any person required to deduct and withhold any tax** under the provisions of **section 1441 [Nonresident alien], 1442[foreign corporation], 1443[foreign organization, or 1461[hold harmless clause].**

[4] 26 U.S.C. § 7701(a)(16)—**Withholding agent.**--The term **"withholding agent" means any person required to deduct and withhold any tax** under the provisions of **section 1441 [Nonresident alien], 1442[foreign corporation], 1443[foreign organization, or 1461[hold harmless clause].**

[5] 26 U.S.C. § 7701(a)(16)—**Withholding agent.**--The term **"withholding agent" means any person required to deduct and withhold any tax** under the provisions of **section 1441 [Nonresident alien], 1442[foreign corporation], 1443[foreign organization, or 1461[hold harmless clause].**

## B. Means is the Exclusive Use of a Word or Words.

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) (describing a **definition** that **uses** the term "**means**" as **exclusive** and a definition that uses that term "**includes**" as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) ""[T]he word '**includes**' is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid.* See also *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "[W]hen **an exclusive definition is intended the word 'means' is employed**, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**." See also *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); *Verbie v. Morgan Stanley Smith Barney*, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word "**means**,." In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v.*

*DiCristina,* 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. Commissioner,* 302 U.S. 82, 86 (1937) ("When an **exclusive definition is intended the words means is employed.**")).  See also *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....**")"

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to be restrictive or **exclusive.** *Athens Lodge No. 70 v. Wilson,* 1953, 117 Cal.App.2d 322, 255 P.2d 482."

In *Stenberg v. Carhart,* 530 U.S. 914, 942 (2000), to wit:

> **When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning.** *Meese v. Keene,* 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) ("It **is axiomatic that the statutory definition of the term excludes unstated meanings of that term**"); *Colautti v. Franklin,* 439 U.S., at 392–393, n. 10, 99 S.Ct. 675 ("As a rule, **'a definition which declares what a term "means" ... excludes any meaning that is not stated'** "); *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945); *Fox v. Standard Oil Co. of N. J.,* 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.)

See also *Burgess v. United States,* 553 U.S. 124, 130 (2008) citing *Colautti, ibid;* *McNamara v. Nomeco Bldg. Specialties, Inc.,* 26 F.Supp.2d 1168, 1174 (D.Minn. 1998) " In ascertaining the Intent of Congress from a plain reading of a statute, it is fundamental that " 'a statute should be interpreted so as not to render one part inoperative.' " *Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, (1985),

quoting *Colautti v. Franklin,* 439 U.S. 379, 392 (1979).

In *Colautti v. Franklin,* 439 U.S. 392 n10 (1979) **"As a rule, 'a definition which declares what a term "means"... excludes any meaning that is not stated'."**

In *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, (1945) "Of course statutory definitions of terms used therein prevail over colloquial meanings."

In *Fox v. Standard Oil Co. of New Jersey,* 294 U.S. 87, 95 (1935)  "In such circumstances definition by the average man or even by the ordinary dictionary with its studies enumeration of subtle shades of meanings is not a substitute for the definition set before us by the law makers with instructions to apply it to the exclusion of all others." In *Price v. Commissioner of Revenue,* 1989 WL 158198, *3 (Minn.Tax Ct. 1989) "Moreover, where a statutory definition begins by stating what a defined term "means" rather than "includes," the definition excludes any meaning not specifically stated. *Colautti v. Franklin,* 439 U.S. 379, n. 10, (1979); *Meese v. Keene,* 481 U.S. 465, (1987)."

## VI.  Summary of the CON in *Rapatt v. State of Minnesota,* A17-2033 (State of Minnesota, Court Appeals.

Contained in **Attachment 6—*Rapatt v. State of Minnesota,* A17-2003 (State of Minnesota, Court of Appeals)** is the great summary of the CON using the Buck Act and the Receding of the Income Taxes back to the "States" as defined in the Buck Act, 4 U.S.C. § 104-110, which the Mooneys incorporate into this Reply supported by their Affidavits of the Facts contained therein that *this Court* and *the Court* shall take judicial Notice thereof.

21

## VII.  Conclusion

This Controversy in *this Court* and **the Court** is required to be dismissed with prejudice for lack of "subject matter jurisdiction" and "personal jurisdiction" arising under Article III Sections 1 and 2 of the Constitution of the United States.

And further, for the other facts in this Reply, also this Controversy is required to be dismissed with prejudice.

And further, the Mooneys owe permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) **"a person who, though not a citizen of the United States, owes permanent allegiance to the United States."**

And further, to claim to be a "citizen of the United States" is a felony under 18 U.S.C. § 911; and there is no evidence that the Mooneys are "citizens of the United States" under the Rules of Evidence; and further, if claimed to exist: the Mooneys have a right to have this disclosed to them on the Record in this Controversy with verified evidence.

My Hand, *William Joseph Mooney*

My Hand, *Jane Therese Mooney*

## Certificate of Service.

I certify that this Reply is comprised of 7,172 words in 13 Font in Times New Roman.

I further certify that this Reply was delivered personally or mailed First Class prepaid to the following parties, to wit:

**Michael R. Pahl**
**Depart of Justice, Tax Division**
**P.O. Box 7238 Ben Franklin Station**
**Washington, D.C. 20044**
Phone 202-514-6488
Fax    202-514-6770

Date: July 24th, 2018

22