16-cv-0257-97
attachment #6

# Table of Contents

I. GENERAL OVERVIEW OF THE CON.................................................................1

II. IDENTIFICATION IN THE ADDENDUM AND TRANSCRIPTS .........................5

A. Addendum ..................................................................................................5

B. Transcripts ..................................................................................................5

  a. 12-30-15 - Testimony of Linda Logan ("Trans Logan XX")..................5

  b. 02-19-16 - TRANSCRIPT Judge Senyk Hearing ("Trans A—Judge XX")...........5

  c. 07-20-16 - Transcript of Testimony of Stacy Lee Kerlin ("Trans B—Kerlin XX")

  ..................................................................................................................5

  d. 07-21-16 - Testimony of Dion Bredman ("Trans Bredman XX") ..........................5

  e. 07-21-16 - Transcript Partial - Leitch (examiner) & McGraw (Collections) ("Trans C—Minn. Emp.")..................................................................................................5

  f. 08-03-16 - State v Rapatt Tran of Day 4 Opening/Closing Arguments of Court Trial ("Trans D—Rapatt")................................................................................................5

  g. 08-03-16 – Transcript Excerpt – Hauser ("Trans E—Hauser")..............................5

  12-09-16 - Sentencing Hearing ("Trans Sentencing") ................................................5

III. STATEMENT OF LEGAL ISSUES ........................................................................6

A. Denial of Bench Trial.....................................................................................6

  a. How Denial Issue of the Bench Trial Raised In Trial Court .....................6

  b. Concise Statement of Trial's Court Ruling ...........................................6

  c. Preserved for Appeal ..........................................................................6

  d. Cases and Constitutional and Statutory Provisions.................................6

B. How the Issue Denial of Bench Trial With NO Plea Entered. .......................7

SCANNED
JUL 24 2018
U.S. DISTRICT COURT MPLS

a. How The Issue of Bench Trial with NO Plea Entered in Trial Court. ....................7

b. Concise Statement of Trial's Court Ruling, .........................................................7

c. Preserved for Appeal ..........................................................................................7

d. Cases and Constitutional and Statutory Provisions ..............................................7

C. Subornation of Perjury ...........................................................................................7

a. How Subornation Issue in the Bench Trial Raised In Trial Court..........................7

b. Concise Statement of Trial's Court Ruling ..........................................................8

c. Preserved for Appeal ..........................................................................................9

d. Cases and Constitutional and Statutory Provisions ..............................................9

D. Informational Returns—1099s Used as Evidence .....................................................9

a. How Denial of 1099s at Bench Trial Raised In Trial Court...................................9

b. Concise Statement of Trial's Court Ruling ..........................................................9

c. Preserved for Appeal ........................................................................................10

d. Cases and Constitutional and Statutory Provisions ............................................10

E. Denial of Political Rights ......................................................................................10

a. How Denial of Political Rights at Bench Trial Raised In Trial Court...................10

b. Concise Statement of Trial's Court Ruling. ......................................................10

c. Preserved for Appeal ........................................................................................11

d. Cases and Constitutional and Statutory Provisions ............................................11

IV. STATEMENT OF THE CASE AND FACTS. ..........................................................11

V. SUMMARY INTRODUCTION TO THE ARGUMENT...........................................12

VI. ARGUMENT. .........................................................................................................13

A. Civil Rights and Political Rights. ...........................................................................13

B. Buck Act........................................................................................................15

  a. Receded ......................................................................................................15

C. "citizen of the United States. ...................................................................18

  a.. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia or to the District of Columbia...........................................20

  b. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone....21

D. Means ...........................................................................................................21

VII. CONCLUSION ...............................................................................................23

VIII. CERTIFICATION OF WORDS AND SERVICE .................................................24

## Table of Authorities

### Cases

*Bryan v. Itasca County*, 228 N.W.2d 249 (Sup.Ct.Minn. 1975)...........................................15

*Burgess v. United States*, 553 U.S. 124, 131 n. 3 ................................................................21

*Burgess v. United States*, 553 U.S. 124, 131 n. 3, (2008) .....................................................21

*Commissioner of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 99 L.Ed. 483 (1955) .................................................................................................16

*Commissioner of Taxation v. Brun*, 174 N.W.2d 120 (Sup.Ct.Minn. 1970) ......................15

*Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823) ..............................................................19

*Daines v.Alcatel*, 105 F.Supp.2d 1153, 1155 (E.D.Wash. 2000) .........................................10

*Ex parte Virginia*, 100 U.S. 339 (1879).......................................................................11, 13

*First National Bank of Boston v. Bellotti*, 436 U.S. 765, 780 FN15 (1978).......................20

*Ford Motor Co. v. Beauchamp*, 308 U.S. 331, 334, 60 S.Ct. 273, 274, 84 L.Ed. 304 (1939) ...................................................................................................................16

*Ford Motor Co. v. Beauchamp*, supra, 308 U.S. at 334-35, 60 S.Ct. 273 .........................17

*General Dynamic Corporation v. Bullock*, 547 S.W.2d 255 (Sup.Ct.Tx. 1977)...............15

*Groman v. Commissioner*, 302 U.S. 82, 86 (1937) ................................................................22

*Groman v. Commissioner*, 302 U.S. 82, 86, (1937) ...............................................................22

*Grosjean v. American Press Co.*, 297 U.S. 233, 244 (1936)...................................................20

*Houston Oil Co. of Texas v. Lawson*, 175 S.W.2d 716, 723 (Tex.Civ.App. Galveston 1943, writ ref'd) ........................................................................................................16

*Humble Oil & Refining Company v. Calvert*, 478 S.W.2d 926, cert. denied, 409 U.S. 967, 93 S.Ct. 293, 34 L.Ed.2d 234 (1972) ...............................................................15

*Humble Oil & Refining Company v. Calvert*, supra, ...........................................................16

*Humble Oil & Refining Company v. Calvert*, supra, at 929 ................................................16

*In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013) ...................................................................22

*Johnson v. Simpson*, 421 F.Supp. 333, 335 (W.D.Va. 1976) ...............................................7

*Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit: ........................19

*Le Grand v. United States*, 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882) ............................21

*Lessee of William Pollard's Heirs v. Gaius Kibbe*, 39 U.S. 353 (1840) ............................14

*McCarthy v. Zerbst*, 85 F.2d 640, 642 (10th Cir. 1936) ........................................................7

*McDonald v. City of Chicago*, 130 S.C. 3020, 3062 (2010)...............................................20

*Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921) ...............................4, 23

*National Safe Deposit Co. v. Stead*, 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504..................20

*Neff v. Commonwealth*, 569 S.E. 2d 72, 74 (Ct.App.Va. 2002) ...........................................7

*Neild v. District of Columbia*, 110 F.2d 246, 250 FN10 (1940).........................................20

*Ohio ex rel. Lloyd v. Dollison*, 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062) ....................20

*Old Colony Trust Co. v. Commissioner of Int. Rev.*, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918 (1929).........................................................................................................16

*Portillo v. CIR*, 932 F.2d 1128, 1130-1135 (5th Cir. 1991) ................................................10

*Portillo v. CIR*, 988 F.2d 27, 29 (5th Cir. 1993)................................................................10

*Rosser, Jr. v. Commonwealth*, 167 S.E. 257, 259 (Sup.Ct.App.Va. 1933) .........................7

*Slaughter House Cases*, 83 U.S. 36 (1872) .........................................................................11

*Sterling Oil & Refining Corporation v. Isbell*, 202 S.W.2d 300, 302 (Tex.Civ.App. Austin 1947, no writ)........................................................................................................16

*The People of the State, ex rel Kimberly v. Pablo DE LA Guerra*, 40 Cal. 311 (Sup.Ct. Ca. 1870)......................................................................................................................11

*Topash v. Commissioner of Revenue*, 291 N.W.2d 679 (Sup.Ct.Minn. 1980)...................15

*U.S. v. Cruikshank*, 92 U.S. 542 (1875); S.C. 1 Woods, 322 ............................................21

*U.S. v. Reese*, 92 U.S. 214 (1875).....................................................................................21

*United North & South Development Co. v. Heath*, 78 S.W.2d 650, 652 (Tex.Civ.App. Austin 1934, writ ref'd). Accord, *Riveroaks Development Corp. v. Shepperd*, 246 S.W.2d 236, 240 (Tex.Civ.App. Austin 1952, writ ref'd.............................................16

*United North & South Development Co. v. Heath*, supra .................................................16

*United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989)..............................................................................................................22

*United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873)...................18

*United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)...........................19

*United States v. City and County of Denver*, 573 F.Supp. 686, 689 (D.Colo. 1983) ........17

*United States v. Cruikshank et al.,* 92 U.S. 542 (1875)......................................................11

*United States v. Gross*, 511 F.2d 910, 910, 915 (3rd Cir. 1975) ........................................9

*United States v. Janis*, 428 U.S. 433, 440-443 (1976).......................................................10

*United States v. Mattingly*, 52 App.D.C. 188, 285 F. 922 .................................................20

*Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644 (E.D.Tenn. 2015).....21

*Verble v. Morgan Stanley Smith Barney*, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015)......22

*Wright v. Davidson*, 181 US. 371, 384 (D.C. Cir. 1940),..................................................20

**Statutes**

**1443 [Subtitle A—Foreign Organizations]** ....................................................................3

**1461 [Subtitle A Hold Harmless Clause]** ......................................................................3

26 U.S.C § 1441 (non-resident aliens)................................................................................12

26 U.S.C. § 1443 (foreign organizations) ...........................................................................12

**26 U.S.C. § 3402 [Subtitle C]** ......................................................................................2

**26 U.S.C. § 6011—General requirement of return, statement, or list** ...........................3

26 U.S.C. § 6012—Person required to make returns of **incom**...........................................3

**26 U.S.C. § 6211—Definition of Deficiency** ...................................................................3

**26 U.S.C. § 6212—Notice of Deficiency** ........................................................................3

26 U.S.C. § 7701(a)(16) ....................................................................................................12

26 U.S.C. § 7701(a)(16)—**"Withholding agent.**..............................................................3

26 U.S.C. 3402 [chapter 24. **Collection of Income tax at Source on <u>Wages</u>**] on "<u>**wages**</u>" in **Subtitle C** ..............................................................................2

26 U.SC. § 1461 being the hold harmless clause..............................................................12

28 U.S.C. § 132..............................................................................................................2

**31 U.S.C. § 321(d)(2)**..............................................................................................4

**4 U.S.C. § 106(a).**......................................................................................................17

**4 U.S.C. § 106(a). As to "income taxes"** ...............................................................4

4 U.S.C. § 110(c) .........................................................................................................17

4 U.S.C. § 110(d) .........................................................................................................17

**4 U.S.C. § 111** ..........................................................................................................4

**4 U.S.C. 104-110** ......................................................................................................4

**5 U.S.C. § 5517—Withholding State Income Taxes** (a) ...........................................4

5 U.S.C. § 552a(a)(2)....................................................................................................2

6 U.S.C. § 1442 (foreign corporations) .......................................................................12

96 Stat. 25-58 (1982) ....................................................................................................2

Buck Act in 54 Stat. 1059-1061 of 1940, pg. 1060 .....................................................3

**section 1441 [Subtitle A—Non Resident Aliens]** ......................................................3

**section 1442 [Subtitle A—Foreign Corporations]**.....................................................3

Social Security Act of 1935 49 Stat. 620-648 ........................................................2, 23

**Subtitle A, Subtitle B, Subtitle C, Subtitle D or Subtitle E.** .....................................8

uck Act in 54 Stat. 1059-1061 of 1940......................................................................23

## Other Authorities

12-09-16 - Sentencing Hearing ("Trans Sentencing")................................................6

14 Stat. 27 (1866..........................................................................................18

a. 12-30-15 - Testimony of Linda Logan  ("Trans Logan XX") ..........................5

**A.  Denial of Bench Trial**............................................................................8

**A13-16, 51, 58-59, 206, 242, 252 and 273** ..................................................7

**A14-234, *passim, infra***..............................................................................10

**A183-201, and especially A192** ..................................................................13

**A244-261—Rapatt's Reply** .........................................................................7

**A249-252 ("T1-T6")**..................................................................................6

**A262-277** ..................................................................................................12

**A3-9, 21-23. 26-27, 53, 215, 217-218, 228-229, 231-232, 234, 270-271** ..........10

**A6, 17, 48, 52, and 163** ..............................................................................8

**Addendum A1-277 *passim*** ........................................................................9

*Annexations of Military Reservation by Political Subdivisions*, 11 Mil. L. Rev. 99, 103

  (1961)......................................................................................................4

**Attachment 5—Qualified Elector Registration of Minnesota as a "citizen of**

  **Minnesota" ("A5—Elector")**..................................................................18

b. 02-19-16 - TRANSCRIPT Judge Senyk Hearing ("Trans A—Judge XX") ..........5

c. 07-20-16 - Transcript of Testimony of Stacy Lee Kerlin ("Trans B—Kerlin XX") ......5

**Certificate of Political Status, Citizenship and Allegiance Recorded in Palmer,**

  **Alaska Recording District 311 number "2015-020707-0** ..........................18

   d. 07-21-16 - Testimony of Dion Bredman ("Trans Bredman XX")...................................6

DC ST § 1-1001.02 (2) ............................................................................................................20

   e. 07-21-16 - Transcript Partial - Leitch (examiner) & McGraw (Collections) ("Trans C—
      —Minn. Emp.") ...................................................................................................................6

   f. 08-03-16 - State v Rapatt Tran of Day 4 Opening/Closing Arguments of Court Trial
      ("Trans D—Rapatt") ............................................................................................................6

Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone .......................21

**Fourteenth Amendment inapplicable to the District of Columbia.** .............................20

   g. 08-03-16 – Transcript Excerpt – Hauser ("Trans E—Hauser") .....................................6

In Senyk's Specific Findings of Fact and Conclusions of Law **A214, 224, 226 and 227**.10

ORDER and Memorandum Denying Petition for Post-Conviction in **A262-277** ..............11

**Political Status, Citizenship and Allegiance filed in Palmer, Alaska Recording
District 311 "2015-020707-0" being Exhibit 30** .........................................................10

**Quick Books—Trans B—Kerlin 9, 36-38 & 78** ................................................................9

**rans C—Minn. Emp. 13-14. 31-34, 38, 45-48, 57, 60, 63-64, 71-72, 85-86, 115-117,
120, 132, & 140** ...................................................................................................................9

**Rapatt's Voter Registration Exhibit 31** .........................................................................10

**Response by Affidavit 10-09-17 to A238-243 (State's Response) to Rapatt's Petition
for Post-Conviction Relief with Attachments A206-237.** ...........................................7

**Sen.Rpt. 96-304 pgs. 825-845, especially 832-839** ..........................................................2

Senate Report 96-304 of August 3, 1979 ("Sen.Rpt. 96-304") ...........................................2

Senate Report No. 628, May 13, 1935 ("Sen.Rpt. No. 628").............................................2

Senyk's Specific Findings of Fact and Conclusions of Law **A214, 224, 226 and 227**.....11

thirteenth, fourteenth and fifteenth amendments ...............................................................19

**Trans A—Judge [T2 [A249-250]]** ...............................................................................6

**Trans A—Judge [T2]** ..................................................................................................6

**Trans B—Kerlin [T3]** ..................................................................................................6

**Trans B—Kerlin 6-7, 9, 22, 29, 30-31, 35-39, 47, 55, 62, 63, 67, 72, 74-77** ...................9

**Trans B—Kerlin, Pgs. 26-30, 36-51, 61, 63-65, 68-72 and 77**.....................................8

**Trans Bredman [T4]** ...................................................................................................6

**Trans Bredman 6, 11-12, 18-20** .................................................................................9

**Trans C—Minn. Emp. [T5]** .........................................................................................6

**Trans C—Minn. Emp. 17, 22, 24-28, 36-39, 41-42, 49-53, 63-65, 68-70, 74, 112-114, 118, 120, 122, and 123-124** ..........................................................................................8

**Trans D—Rapatt [T6]** ................................................................................................6

**Trans D—Rapatt 11, 17, 101-102** ..............................................................................9

**Trans D—Rapatt, Pg. 24-30**.....................................................................................10

**Trans Logan [T1]**........................................................................................................6

**Trans Logan 7, 8, 12-14, 18, 26, 27, 30 & 36**............................................................9

**Trans Sentencing Pg. 52 L1-17** .................................................................................7

**Rules**

Rule 188.02 states "with complete candor.......................................................................11

**Constitutional Provisions**

13, 14 and 15 amendm ................................................................................................ 17

**Amendments 13, 14 or 15** ...................................................................................... 13

Article III Section 2 Court ........................................................................................ 2

Article IV Section 2 of the Constitution of the United States .............................................. 1

Article IV Section 4 of the Constitution of the United States .............................................. 1

## I. General Overview of the CON

There aren't enough pages in this Post-Conviction Relief to address all of the essential elements with the Addendum that Rapatt has raised and were ignored; so therein, Rapatt gives the Court of Appeals Judicial Notice of all of the essential elements in the Addendum and of the new Research of the CON.

Rapatt upon his newly discovery of the CON of the "STATE OF MINNESOTA" ("SOM") is using only "civil rights" for "citizens of the United States" while knowingly and intentionally denying Rapatt his "political rights" as a "citizen of Minnesota" of Minnesota, being one of the several States, therein *flow a fortiori* of denying the "citizens of Minnesota" a "Republican Form of Government" in Article IV Section 4 of the Constitution of the United States and denying the "citizens of Minnesota," *i.e.* denying "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States" in Article IV Section 2 of the Constitution of the United States. Rapatt has been extremely patient in his attempt to resolve these Constitutional violations (an overthrowing of our Republic by the SOM) and more in the territorial boundaries of Minnesota by the SOM regime but will most definitely be filing the "District Court of the United States" that was not repealed in 1948 court changes for a bona fide *Habeas Corpus ad subjiciendum* as at this point the "deep state" of the SOM is entrenched and will probably not self-correct or expose itself.

And further, Rapatt is researching the United States Federal Court of Claims (a bona fide Article I Court that is the entry into the United States Federal Circuit Court of Appeals being a bona fide Article III Section Court), wherein the United States Federal Circuit Court of

Appeals is the ONLY bona fide Article III Section 2 Court that was established in 96 Stat. 25-58 (1982) as evidenced in Senate Report 96-304 of August 3, 1979 ("Sen.Rpt. 96-304") will be for the "United States" (Not the "UNITED STATES OF AMERICA" as used in the USDCs of 1948 codified in 28 U.S.C. § 132); and further; "The Court of Appeals for the Federal Circuit differs from other Federal courts of appeals, however in that **its jurisdiction is defined in terms of subject matter rather than geography.**" See Sen.Rpt. 96-304 pgs. 825-845, especially 832-839.

And further the SOM has perpetuated a FRAUD upon the "citizens of Minnesota" while using the Social Security Act of 1935 49 Stat. 620-648—"[E]very **employer** (as defined in Section 907) shall pay for each calendar year an **excise tax, with respect to having individuals in his employ . . ." (pg. 639).** In Senate Report No. 628, May 13, 1935 ("Sen.Rpt. No. 628"), pg. 25 "(1) an **income tax** upon employees [retirement], and (2) **an excise tax upon employers based upon wages** [26 U.S.C. § 3402 [Subtitle C]] paid." * * * (pg. 46) "**Section 901:  an annual excise tax is imposed on each employer (as defined in sec. 907) on the privilege of having individuals in his employ."**

Then to get the "individuals" being "citizens of the United States" defined in 5 U.S.C. § 552a(a)(2) to complete a withholding certificate known was "**W4**" to volunteer for this CON styled "**Election of the employer,**" which is found 26 U.S.C. 3402 [chapter 24. **Collection of Income tax at Source on Wages**] on "**wages**" in Subtitle C that precludes any Notice of Deficiencies for **Subtitle C** and all of Title 26, which is found in **26 U.S.C. § 6211—Definition of Deficiency; and, 26 U.S.C. § 6212—Notice of Deficiency.** Therein to conclusively preclude Title 26 for any and all withholding the "term" definition "means" is in "withholding agents" that are required to **withhold for any tax** is **only for Subtitle A** evidenced in 26 U.S.C. §

7701(a)(16)—"Withholding agent.--The term "withholding agent" <u>means</u> any <u>person</u> <u>required to deduct and withhold any tax</u> under the provisions of section 1441 [Subtitle A—Non Resident Aliens], section 1442 [Subtitle A—Foreign Corporations], section 1443 [Subtitle A—Foreign Organizations], or section 1461 [Subtitle A Hold Harmless Clause]. That the returns are limited to only **Subtitle A** is found in 26 U.S.C. § 6012—Person required to make returns of income "(a) General Rule.—Returns with respect to income tax under <u>subtitle A shall be made by the following</u>:"

And further evidence of **Returns** is only for **Subtitle A** is found in **26 U.S.C. § 6011—General requirement of return, statement, or list**—(e)(3)(C) "(C) Individual income tax return.--For purposes of this paragraph, the term "individual income tax return" <u>means</u> any return of the tax <u>imposed by Subtitle A on individuals</u>, estates, or trusts."

Then the SOM CON couples this with the Buck Act in 54 Stat. 1059-1061 of 1940, pg. 1060 "The term "**income tax**" means any tax levies on, with respect to, or measured by, net income, gross income, or gross receipts" coupled with the term of "**Federal Area** means . . . which is located with the **exterior boundaries of any State** shall be deemed to be a Federal Area located within such State."

Then the SOM to bypass the holding of term definition of "**income**" for "**Federal Income Tax**" as held in *Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921) "profit gained through sale or conversion of capital assets" within the meaning of The Corporation Excise Tax of 1909 (36 Stat. 11, 112) also precluding the Sixteenth Amendment **has receded** as evidenced in *United States v. City and County of Denver*, 573 F.Supp. 686, 687 (D.Col. 1983) "**4 U.S.C. § 106(a). As to "income taxes" [not**

"Federal Income Tax"], the United States, through the Buck Act, has receded jurisdiction to the <u>states</u> and <u>other local taxing authorities</u>." Codification of the Buck Act is found in **4 U.S.C. 104-110** and **Consent to taxation of Federal Employees in 4 U.S.C. § 111.**

And further evidence of <u>**retrocession to the states**</u> is found in *Annexations of Military Reservation by Political Subdivisions*, 11 Mil. L. Rev. 99, 103 (1961) to wit:

> A **retrocession statute** of major importance was enacted by Congress in 1940. This law, commonly known as the "<u>**Buck Act**</u>", <u>**retroceded to the states**</u> and to their <u>**duly constituted taxing authorities jurisdiction to levy and collect sales, use, and income taxes within federal areas**</u>. The federal government and its instrumentalities were excepted from the operation of the Act.

This **retrocession statue** is found on "Federal Areas" for "federal employment" is codified in **5 U.S.C. § 5517—Withholding State Income Taxes** (a) ""[w]ho are <u>**residents of the State**</u> with which the <u>**agreement**</u> is made" for "whose <u>**regular place of Federal employment**</u> is within the <u>**State with which the agreement**</u> is made."

Then in this **CON**, money collected is donated as a "**gift or bequest**" to the United States as evidenced in **31 U.S.C. § 321(d)(2)** "**For purposes of the <u>Federal income, estate, and gift taxes</u>,** property accepted under paragraph (1) shall be considered as a <u>**gift or bequest**</u> to or for the use of the United States."

This <u>**Complex CON**</u> is being perpetuated upon Rapatt by the SOM, which Rapatt finds himself entangled within this WEB of FRAUD and DECEIT using only the "civil rights" of "citizens of the United States" precluding Rapatt's "political rights" for "citizens of the Minnesota" with Minnesota being one of the several

**States.** This overview demonstrates the extremely difficult task to document this in a "post-conviction relief" document; wherein, Rapatt's continuing Research has only recently unearthed this complex CON.

## II. Identification in the Addendum and Transcripts

### A. Addendum

The Addendum (Separate document consisting of 277 pages) herein this Appellate Brief will be denoted in this form ("AXX") denoting that "A" means the Addendum and denoting "XX" means the page number within the Addendum.

### B. Transcripts

The Transcripts herein this Appellate Brief will be denoted as follows to match up with the Mandamus in **A1-64** if used in the Mandamus but may not match in other Addendum Documents:

**a. 12-30-15 - Testimony of Linda Logan  ("Trans Logan XX")**

**b. 02-19-16 - TRANSCRIPT Judge Senyk Hearing ("Trans A—Judge XX")**

**c. 07-20-16 - Transcript of Testimony of Stacy Lee Kerlin ("Trans B—Kerlin XX")**

**d. 07-21-16 - Testimony of Dion Bredman ("Trans Bredman XX")**

**e. 07-21-16 - Transcript Partial - Leitch (examiner) & McGraw (Collections) ("Trans C—Minn. Emp.")**

**f. 08-03-16 - State v Rapatt Tran of Day 4 Opening/Closing Arguments of Court Trial ("Trans D—Rapatt")**

**g. 08-03-16 – Transcript Excerpt – Hauser ("Trans E—Hauser")**

**12-09-16 - Sentencing Hearing ("Trans Sentencing")**

### III.  Statement of Legal Issues

#### A.  Denial of Bench Trial

##### a.  How Denial Issue of the Bench Trial Raised In Trial Court

As evidenced in **Trans Logan [T1], Trans A—Judge [T2], Trans B—Kerlin [T3], Trans Bredman [T4], Trans C—Minn. Emp. [T5], and Trans D—Rapatt [T6],** *passim*, as evidenced in  A249-252  ("T1-T6") with certain Transcript pages identified and where Rapatt repeatedly attempted to get the definition of the law as promised by Judge Senyk in  **Trans A—Judge [T2 [A249-250]]** pages 11-14 "**We can freely . . . discuss law in the courtroom during the course of the trial**" pg. 14, Lines 8-10.

##### b.  Concise Statement of Trial's Court Ruling

Judge Senyk continually put off the issues of law definition until the closing of the alleged Bench Trial as though this was a Trial by Jury upholding the prosecutors objections over and over, *passim*, transcripts, *ibid*, "**A.  Denial of Bench Trial.**"

##### c.  Preserved for Appeal

The Issues was preserved for Appeal as evidenced in the Transcripts, *supra.*, and in **A244-261—Rapatt's Reply and Response by Affidavit 10-09-17 to A238-243 (State's Response)** to **Rapatt's Petition for Post-Conviction Relief** with **Attachments A206-237.**

##### d.  Cases and Constitutional and Statutory Provisions.

**Cases:**  *McCarthy v. Zerbst*, 85 F.2d 640, 642 (10th Cir. 1936); *Rosser, Jr. v. Commonwealth*, 167 S.E. 257, 259 (Sup.Ct.App.Va. 1933); *Johnson v. Simpson*, 421

F.Supp. 333, 335 (W.D.Va. 1976), *Neff v. Commonwealth*, 569 S.E. 2d 72, 74 (Ct.App.Va. 2002).

## B.  How the Issue Denial of Bench Trial With NO Plea Entered.

### a.  How The Issue of Bench Trial with NO Plea Entered in Trial Court.

In All of the Court Records there is NO record of any Plea entered by Rapatt and this was raised in by Rapatt in the **Trans Sentencing Pg. 52 L1-17.**

### b.  Concise Statement of Trial's Court Ruling.

Judge Senyk ignored this required issue as required before jeopardy can attach, be it a Trial by Jury or Bench Trial.

### c.  Preserved for Appeal

This was preserved for Appeal in **A13-16, 51, 58-59, 206, 242, 252 and 273.**

### d.  Cases and Constitutional and Statutory Provisions

**Cases:**  *McCarthy v. Zerbst*, 85 F.2d 640, 642 (10th Cir. 1936); *Rosser, Jr. v. Commonwealth*, 167 S.E. 257, 259 (Sup.Ct.App.Va. 1933); *Johnson v. Simpson*, 421 F.Supp. 333, 335 (W.D.Va. 1976); *Neff v. Commonwealth*, 569 S.E. 2d 72, 74 (Ct.App.Va. 2002).

## C.  Subornation of Perjury

### a.  How Subornation Issue in the Bench Trial Raised In Trial Court

This mirrors **A.   Denial of Bench Trial** and all of the Transcripts Rapatt kept attempting to get the "term" definitions of which there 849 terms just in Title 26 as evidenced in **A6, 17, 48, 52, and 163**.

Stacy Lee Kerlin testified and admitted to not knowing the terms definitions with means and stated she had no interest in looking up the terms as found in **Trans B— Kerlin, Pgs. 26-30, 36-51, 61, 63-65, 68-72 and 77.** Yet she testified under Oath on terms such as "taxpayer." "income," acting as a "withholding agent," and Rapatt was an "individual" which are some of the terms that Kerlin's total lack of knowledge of the "exclusive use" of words that is redefined as a "term" with means." Judge Senyk did nothing of uphold objection made by the Prosecutor to get to see of Kerlin understood the "exclusive new meanings" the words that are terms.

Even the two Minnesota Employees didn't know the meanings of terms as evidenced in **Trans C—Minn. Emp. 17, 22, 24-28, 36-39, 41-42, 49-53, 63-65, 68-70, 74, 112-114, 118, 120, 122, and 123-124 such as "taxpayer," "withholding agent" and there was an audit done and not one person that testified even knew if it was "Subtitle A, Subtitle B, Subtitle C, Subtitle D or Subtitle E." Those are all unique different types of taxes in Title 26.**

### b. Concise Statement of Trial's Court Ruling

Senyk denied Rapatt's attempts to get terms defined so as to ascertain if the witnesses understood what they are testifying to was true, which is conclusive they had no idea of meanings of the terms and Judge Senyk blocked all attempts as evidenced in the transcripts, *passim*, and in the Addendum, *passim*.

### c. Preserved for Appeal

This is in the **Addendum A1-277** *passim*, as Rapatt would not let up but Judge Senyk blocked it over and over and wouldn't even address the issue if Rapatt was a "taxpayer" as not required.

### d. Cases and Constitutional and Statutory Provisions

Cases: [means] *Groman v. Commissioner*, 302 U.S. 82, 86, (1937), *Burgess v. United States*, 553 U.S. 124, 131 n. 3; *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); [subornation] *United States v. Gross*, 511 F.2d 910, 910, 915 (3rd Cir. 1975).

## D. Informational Returns—1099s Used as Evidence

### a. How Denial of 1099s at Bench Trial Raised In Trial Court

Every alleged "employer" supplied "Form 1099s" or used them as "evidence." See **Trans Logan 7, 8, 12-14, 18, 26, 27, 30 & 36;  Trans B—Kerlin 6-7, 9, 22, 29, 30-31, 35-39, 47, 55, 62, 63, 67, 72, 74-77; Trans Bredman 6, 11-12, 18-20; Trans C—Minn. Emp. 13-14. 31-34, 38, 45-48, 57, 60, 63-64, 71-72, 85-86, 115-117, 120, 132, & 140; Trans D—Rapatt 11, 17, 101-102.**

Not one witness testified with any first hand knowledge of the veracity of the 1099s numbers, they were supplied by Accounts to them (did not testify) and Kerlin stated she relied only on a computer program being Quick Books—**Trans B—Kerlin 9, 36-38 & 78.**

### b. Concise Statement of Trial's Court Ruling

Rapatt objected to no avail during the trial as none of the witnesses had any firsthand knowledge of the 1099s remembering that the 1099s are only informational returns. See transcripts, *ibid, supra.*

Judge Senyk in **A14-234,** *passim, infra.,* **ruled totally off point and took all 1099s as evidenced of "income" or "gross income" ignoring holding of courts stated "informational forms" such as 1099 are evidence of nothing.**

### c. Preserved for Appeal

A3-9, 21-23. 26-27, 53, 215, 217-218, 228-229, 231-232, 234, 270-271.

### d. Cases and Constitutional and Statutory Provisions

*Daines v.* Alcatel, 105 F.Supp.2d 1153, 1155 (E.D.Wash. 2000); *United States v. Janis,* 428 U.S. 433, 440-443 (1976); *Portillo v. CIR,* 988 F.2d 27, 29 (5th Cir. 1993); *Portillo v. CIR,* 932 F.2d 1128, 1130-1135 (5th Cir. 1991).

## E. Denial of Political Rights

### a. How Denial of Political Rights at Bench Trial Raised In Trial Court

Rapatt repeatedly raised the issue that he was not a "citizen of the United States" but was a "citizen of Minnesota" domiciled in Minnesota, one of the several States. In the **Trans D—Rapatt, Pg. 24-30,** Rapatt entered the public record of his **Political Status, Citizenship and Allegiance filed in Palmer, Alaska Recording District 311 "2015-020707-0" being Exhibit 30 and Rapatt's Voter Registration Exhibit 31.**

### b. Concise Statement of Trial's Court Ruling.

In Senyk's Specific Findings of Fact and Conclusions of Law **A214, 224, 226 and 227 were totally off-point and totally misstated.**

### c. Preserved for Appeal

Not only were these issues raised more than once, in Senyk's Specific Findings of Fact and Conclusions of Law **A214, 224, 226 and 227 were totally off-point and totally misstated.**

And further, the ORDER and Memorandum Denying Petition for Post-Conviction in **A262-277, Judge Benson cites bad dictum and totally off-point cases.**

### d. Cases and Constitutional and Statutory Provisions

*Ex parte Virginia*, 100 U.S. 339 (1879); *The People of the State, ex rel Kimberly v. Pablo DE LA Guerra*, 40 Cal. 311 (Sup.Ct. Ca. 1870); *United States v. Cruikshank et al.*, 92 U.S. 542 (1875); *Slaughter House Cases*, 83 U.S. 36 (1872).

## IV.  Statement of the Case and Facts.

This instant Case is prosecuting Rapatt for not filing a "Return" and is based upon Form 1099s, being merely informational returns that are evidence of nothing, which has been adjudicated in other courts but the SOM courts have chosen to ignore.

Rapatt has now discovered that Judge Senyk and Judge Benson are all over the place, not in agreement with each other and using alleged evidence from witnesses that have no understanding of the terms with means definitions and Judge Senyk and Judge Benson totally ignore this essential element of subornation of perjury.  Imagine a civilian testifying about open heart surgery, as that would not accepted.  But the SOM is confirmed to protect the CON.  Rule 188.02 states "with complete candor," which Rapatt is doing.

**FACT.** Allowing witnesses to testify to facts using terms definitions with **means** when the witnesses admit on the Record they have ZERO understanding of the meaning of terms that they are using as mere words; and further, the witnesses state they have no intention of looking up the term definitions; and then, the SOM Courts approve and uphold what is clearly subornation of perjury from witnesses.

**FACT:** Title 26 is not USED by the SOM for State Income Tax as this could have been conclusively proved the trial was a CON; wherein, Rapatt was prohibited from getting the term definition of "withholding agent" in 26 U.S.C. § 7701(a)(16) on the record to see if the witnesses had any understanding if the term that conclusively limits Title 26 to **"required to deduct and withhold any tax"** only 26 U.S.C § 1441 (non-resident aliens), 26 U.S.C. § 1442 (foreign corporations) and 26 U.S.C. § 1443 (foreign organizations) with the 26 U.SC. § 1461 being the hold harmless clause.

**FACT:** Judge Benson stated that "business records" **(A262-277)** were used in Rapatt's Case and not just the Form 1099s. And of course, where pray tell are these "exhibits" entered as "evidence" in the Record? Nope, not there. More Fraud.

**FACT:** The SOM is using the "civil rights" of "citizens of the United States" as denying the "citizens of Minnesota" to exercise their "Political Rights" of suffrage and their elective franchise to have a Republican Form of Government with privileges and immunities of the citizens of the several States, to have three constitutional branches of state government and to have bona fide public officers in their government.

### V. Summary Introduction to the Argument.

See the **I. General Overview of the CON,** *supra.*

## VI.  Argument.

Rapatt incorporates the **I.  General Overview of the CON,** *supra,* **into the Argument.**

### A.  Civil Rights and Political Rights.

The SOM Courts, Judges and Prosecutors have denied Rapatt to exercise his Political Rights as a "citizen of Minnesota."

The SOM limits the "voting" to only "citizens of the United States" M.S.A. 204C.10.    Rapatt has been denied to exercise his "elective franchise" and right of suffrage as a "citizen of Minnesota" evidenced by **A74.**

As evidenced in **A183-201, and especially A192 is a very concise description of "citizen of the United States" is limited to only Congress and "sleep forever" if the State law or state actors don't violate the "prohibitive" actions of Amendments 13, 14 or 15.**

In *Ex parte Virginia,* 100 U.S. 339 (1879) is some very clear and concise descriptions of **"civil rights"** and **"political rights."**

At 363, to wit:

But it [Thirteenth Amendment] **confers no political rights;** it leaves the States free, as before its adoption. A similar prohibition of slavery and involuntary servitude was **to determine who shall hold their offices and participate in the administration of their laws** Constitution of several States previous to its adoption by the United States; and it was **never held to confer any political rights.**

At 367-368, to wit:

The equality of the protection secured extends only to **civil rights as distinguished from those which are political, or arise from the form of the government and its mode of administration.** And yet the reach and

influence of the amendment are immense. It opens the courts of the country to every one, on the same terms, for the security of his person and property, the prevention and redress of wrongs, and the enforcement of contracts; it assures to every one the same rules of evidence and modes of procedure; it allows no impediments to the acquisition of property and the pursuit of happiness, to which all are not subjected; it suffers no other or greater burdens or charges to be laid upon one than such as are equally borne by others; and in the administration of criminal justice it permits no different or greater punishment to be imposed upon one than such as is prescribed to all for like offences. *It secures to all persons their* **civil rights upon the same terms; but it leaves political rights, <u>or such as arise from the form of government and its administration, as they stood previous to its adoption</u>. It has no more reference to them than it has <u>to social rights and duties, which do not rest upon any positive law</u>, though they are more** potential in controlling the intercourse of individuals. **In the consideration of questions growing out of these amendments much confusion *<u>has arisen from a failure to distinguish between the civil and the political rights of citizens</u>. <u>Civil rights</u> are absolute and personal. <u>Political rights</u>,* on the other hand, are conditioned and dependent upon the discretion of the elective or appointing power, whether that be the people acting through the ballot, or one of the departments of their government. The *<u>civil rights</u>* <u>of the individual are never to be withheld, and may be always judicially enforced</u>. The *<u>political rights</u>* <u>which he may enjoy, such as holding office and discharging a public trust, are qualified because their possession</u> depends on his fitness, <u>to be adjudged by those whom society has clothed with the elective authority</u>. The *Thirteenth and Fourteenth Amendments were designed to secure the civil rights of all persons, of every race, color, and condition; but they left to the States to determine to whom the possession of political powers should be intrusted.* This is manifest from the fact that when it was desired to confer** political power upon the newly made citizens of the States, **as was done by inhibiting the denial to them of the suffrage on account of race, color, or previous condition of servitude, a new amendment was required.**

In *Lessee of William Pollard's Heirs v. Gaius Kibbe*, 39 U.S. 353 (1840), to wit:

The right of sovereignty and general propriety remained subject to pending negotiation; the **civil rights** of the people, and their rights of property were protected by various acts of Congress: the ordinance of 1787, the treaty of 1803, and the Constitution of the United States. The local laws remained in force till altered, and the **political rights** <u>of the people were such as existed in all the other territories</u>. 1 Peters, 542. **<u>When these territories became states, the inhabitants thereof became citizens of those states,</u>**

**and, as such, entitled to all the rights which citizens enjoyed in other states**.

## B. Buck Act.

Clearly the SOM recognizes the "Buck Act" as here are three cases in Minnesota being *Commissioner of Taxation v. Brun*, 174 N.W.2d 120 (Sup.Ct.Minn. 1970); *Bryan v. Itasca County*, 228 N.W.2d 249 (Sup.Ct.Minn. 1975); *Topash v. Commissioner of Revenue*, 291 N.W.2d 679 (Sup.Ct.Minn. 1980).

### a. Receded

There are many cases supporting the "receding" of the "income taxes" to the "states," but his is a fairly comprehensive case.

In *General Dynamic Corporation v. Bullock*, 547 S.W.2d 255 (Sup.Ct.Tx. 1977), to wit:

> The court of civil appeals held that this court's decision in *Humble Oil & Refining Company v. Calvert*, 478 S.W.2d 926, cert. denied, 409 U.S. 967, 93 S.Ct. 293, 34 L.Ed.2d 234 (1972), controlled the decision, that the tax levied in the instant case was an **"income tax"** as that term is used in the **Buck Act**, and that the State could therefore classify the **gross receipts derived from the federal enclave as part of the gross receipts resulting from business activities in Texas.**

> Federal law governs the question of whether a tax is an **"income tax"** within the **meaning of the Buck Act.** 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953). When *Howard v. Commissioners of Louisville*, previously interpreting the Buck Act, this court has noted:

> "The Congressional intent is strongly stated in the bill's Senate Report where it is stated that '(t)his **definition (of income tax) . . . must of necessity cover a broad field because of the great variations to be found between the different State laws. The intent of your committee in laying down such a broad definition was to include therein any State tax (whether known as a corporate-franchise tax, or business-privilege tax, or any other name) if it is levied on, with respect to, or measured by net income, gross income, or gross receipts.'** " *Humble Oil & Refining*

*Company v. Calvert*, supra, at 929. (Emphasis added.)

Thus, this court must not only apply federal law but also interpret the Buck Act in light of the recognized congressional intent.

With respect to the Texas franchise tax, the courts of this state have held that it "is not a tax upon the property of the corporation nor one upon its income, though both are to be regarded in measuring such tax, but a charge made by the state **against the corporation for the privilege granted it to do business in the state.** . . . (I) it was the purpose of the Legislature to levy against the corporation a tax co mmensurate with the value of the privilege granted . . . ." *United North & South Development Co. v. Heath*, 78 S.W.2d 650, 652 (Tex.Civ.App. Austin 1934, writ ref'd). Accord, *Riveroaks Development Corp. v. Shepperd*, 246 S.W.2d 236, 240 (Tex.Civ.App. Austin 1952, writ ref'd; *Sterling Oil & Refining Corporation v. Isbell*, 202 S.W.2d 300, 302 (Tex.Civ.App. Austin 1947, no writ); *Houston Oil Co. of Texas v. Lawson*, 175 S.W.2d 716, 723 (Tex.Civ.App. Galveston 1943, writ ref'd).

The United States Supreme Court, citing the Texas decision in *United North & South Development Co. v. Heath,* supra, has held that the Texas franchise tax **"is obviously payment for the privilege of carrying on business in Texas."** *Ford Motor Co. v. Beauchamp*, 308 U.S. 331, 334, 60 S.Ct. 273, 274, 84 L.Ed. 304 (1939).

[4] The United States Supreme Court cases, *Commissioner of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 99 L.Ed. 483 (1955), and *Old Colony Trust Co. v. Commissioner of Int. Rev.*, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918 (1929), cited in the case of *Humble Oil & Refining Company v. Calvert*, supra, indicates that the federal courts would agree with the analysis of this court in that case as to what "income tax" means under the Buck Act. This court wrote:

**"If the tax in question is based upon income and is measured by that income in money or money's worth, as a net income tax, gross income tax, or gross receipts*258 tax, it is an 'income tax.'** " 478 S.W.2d 926 at 930.

This court further described "income" as "an accession to wealth in the form of economic benefit, value in money or money's worth." 478 S.W.2d 926 at 930. Under the analysis in *Humble Oil & Refining Company v. Calvert*, supra, the granting of the privilege to transact business in the State of Texas represents the realization of gross income to the General Dynamics Corporation because an economic benefit flows to the

Corporation.

[5] [6] <u>These economic benefits which flow from the granting of the privilege include the opportunity to transact intrastate business and the right to invoke the protection of the local government</u>. *Ford Motor Co. v. Beauchamp, supra,* 308 U.S. at 334-35, 60 S.Ct. 273.

In *United States v. City and County of Denver*, 573 F.Supp. 686, 689 (D.Colo. 1983), to wit:

> Finally, Denver argues that the tax is an "income tax" as defined by the Buck Act FN 4 U.S.C. § 110(c). That Act provides that:
>
> No person shall be relieved from liability for any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.

**4 U.S.C. § 106(a).** As to "<u>**income taxes**</u>", the <u>**United States**</u>, through the **Buck Act, has <u>receded jurisdiction</u> to the states and other local taxing authorities.**

Lest we forget also the definition of "State" in the Buck Act codified in 4 U.S.C. § 110(d) "the term "state" includes any Territory or possession of the United States." It is conclusive that Congress has plenary Power over the Territories and Possessions that are "citizens of the United States." So therein is the CON as the SOM is legislating by for "citizens of the United States" "civil Rights," wherein there is ZERO authority arising under the Constitution of the United States, as to enforce the 13, 14 and 15 amendments if reserved to ONLY Congress for "citizens of the United States."

As summarized at the beginning of this Post-Conviction Relief this is a Complex

CON and by the time Rapatt gets to the District Court of the United States, this will be much more comprehensive.

## C. "citizen of the United States.

Rapatt is a "citizens of Minnesota" and has his unalienable rights secured in the Constitution of Minnesota. **Rapatt is NOT a "citizen of the United States" under 14 Stat. 27 (1866)** memorialized in the 14th Amendment that are using the "public rights" doctrine[1] with no "judicial determination" of issues concerning "taxpayers" with no remedies in any constitutional adversarial Court.

*This* Court shall take Judicial Notice of the Political Status, Citizenship and Allegiance of Richard Willmar Rapatt evidenced by the public record under Oath in **Certificate of Political Status, Citizenship and Allegiance Recorded in Palmer, Alaska Recording District 311 number "2015-020707-0."**

And further, *this* Court shall take Judicial Notice of Rapatt's Right of his elective franchise, *i.e.* Suffrage in Minnesota as a "citizen of Minnesota" as evidenced by **Attachment 5—Qualified Elector Registration of Minnesota as a "citizen of Minnesota" ("A5—Elector").**

The question arises where is the right or privilege of the elective franchise arise under: The Constitution of the United States or the constitution of one of the several States, *i.e.*, being the Constitution of Minnesota? The answer is found in *United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873), to wit:

---

[1] *Kuretski v. C.I.R.*, 755 F.3d 929, 939-940 (D.C.Cir. 2014).

The thirteenth, fourteenth and fifteenth amendments were designed mainly for the protection of the newly emancipated negroes, but full effect must, nevertheless, be given to the language employed.

* * *

The **right of voting**, or the privilege of voting, is a right or privilege **arising under the constitution of the state**, and not under the constitution of the United States; and second, that a right of the character here involved is not one connected with **citizenship of the United States.**

* * *

[I]f rights of a citizen are thereby violated, they are of that fundamental class, **derived from his position as a citizen of the state, and not those limited rights belonging to him as a citizen of the United States**; and such was the decision in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823).

In *Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit:

If the legislature can impose certain restrictions upon one class of voters, and exempt another, what is the limit to its discretion?

* * *

The **right or privilege of voting is a right or privilege arising under the constitution of each state**, and **not under the constitution of the United States.** The voter is entitled to vote in the election of officers of the United States by reason of the fact that he is a voter in the state in which he resides. He exercises this right because he is entitled to by the laws of the state where he offers to exercise it, and not because he is a citizen of the United States. *United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)

In *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823), a case the Circuit Court of the United States [a bona fide Article III Court] has described the privileges and immunities of the citizens of the several States in great detail including this excerpt to which some additional protections under fourteenth Amendment were overlaid but the fundamental right of the elective franchise is still posited in the constitution of one of the several States, to wit:

[M]ay be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges **deemed to be fundamental**:  to which may be added, the **elective**

franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised.

### a.. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia or to the District of Columbia.

In *Neild v. District of Columbia*, 110 F.2d 246, 250 FN10 (1940) citing the holding of *Wright v. Davidson*, 181 US. 371, 384 (D.C. Cir. 1940), to wit:

> [H]olding the **Fourteenth Amendment inapplicable to the District of Columbia.** On the other hand, the rights and liberties protected by the bill of rights (Amendments I to VIII) against encroachment by the national government have been held applicable to the District although not to the states. Thus, the provisions of the Fourth Amendment are not applicable to the states (*National Safe Deposit Co. v. Stead,* 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504; *Ohio ex rel. Lloyd v. Dollison,* 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062), although they are to the District. *United States v. Mattingly,* 52 App.D.C. 188, 285 F. 922

A "citizen of the United States" in the District of Columbia's Statutes is a "qualified elector" as found in DC ST § 1-1001.02 (2) "The term "**qualified elector**" means a person who . . . (B) is a **citizen of the United States.**" A "citizen of the United States" outside of the District of Columbia under the Fourteenth Amendment is a fiction in law—"All of this is a fiction in law[2]" and has the same rights a "corporation, which is included in the Fourteenth Amendment definition of "person" as found in *Grosjean v. American Press Co.,* 297 U.S. 233, 244 (1936) and *First National Bank of Boston v. Bellotti,* 436 U.S. 765, 780 FN15 (1978). Also this "citizen of the United States" in 14 Stat. 27 (1866) codified today in 42 U.S.C. §§§ 1981, 1982 and 1988 that has the same rights as a "white citizen" is memorialized in the 14th Amendment.

[2] *McDonald v. City of Chicago,* 130 S.C. 3020, 3062 (2010).

### b. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone.

The holding in the Supreme Court of the United States holds that the 15th Amendment does not confer any Right of Suffrage on anyone *Le Grand v. United States*, 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882) in opposition to AG Green's denial, to wit:

> The fifteenth amendment can have no application. That amendment relates to the right of citizens of the United States to vote. It does not confer the right of suffrage on any one. It merely invests citizens of the United States with the constitutional right of exemption from discrimination in the exercise of the elective franchise on account of race, color, or previous condition of servitude. *U.S. v. Reese*, 92 U.S. 214 (1875); *United States v. Reese*, 92 U.S. 214 (1875); S.C. 1 Woods, 322 (Cir.Ct. D. La. 1874) affirmed in *United States. v. Cruikshank*, 92 U.S. 542 (1875).

### D. Means

Clearly with the witnesses having ZERO understanding of the terms defined by means prejudices Rapatt in reality if subornation of perjury.

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3, (2008) (describing a **definition** that **uses** the term "**means**" as **exclusive** and a definition that uses that term "**includes**" as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 ""[T]he word '**includes**' is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is

more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid.* See also *Groman v. Commissioner,* 302 U.S. 82, 86, (1937) "[W]hen an exclusive definition is intended the word 'means' is employed, ... whereas here the word used is 'includes."

In *Groman v. Commissioner,* 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed."** See also *In re Barnet,* 737 F.3d 238, 248 (2nd Cir. 2013); *Verble v. Morgan Stanley Smith Barney,* 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney,* 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition,** it used the word "**means,**." In *State v. Begay,* 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC,* 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v. DiCristina,* 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. IRS,* 302 U.S. 82, 86 (1937) ("When an **exclusive definition is intended the words means is employed.**")). In *United States v. CiCristina,* 726 F.3d 92, 96, 100 (2nd Cir. 2013) *See Groman v. Comm'r of Internal Revenue,* 302 U.S. 82, 86 (1937)" *see also Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....**")"

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was

not intended to be restrictive or **exclusive**. *Athens Lodge No. 70 v. Wilson*, 1953, 117 Cal.App.2d 322, 255 P.2d 482."

## VII.  Conclusion

Clearly the SOM has been using the Social Security Act of 1935 49 Stat. 620-648 and Buck Act in 54 Stat. 1059-1061 of 1940 presuming Rapatt is a "citizen of the United States" within the exterior boundaries of the State being deemed in a "Federal Area," wherein all money exchanges are considered under the receded State Income Tax.  This receding was done as "income" for "Federal Income Tax" is prohibited and limited *Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921) wherein the Sixteenth Amendment did not change the apportionment among the several States.

As there is no evidence to support any conviction; and further, the witnesses provided no evidence as they had ZERO understanding of the term definitions with "means" and had ZERO interest in looking up the terms; and, Judge Senyk blocked Rapatt from having a bona fide Bench Trial as the terms definitions would have blown the cover of the CON by the SOM; and, as the SOM is using "civil rights" for "citizens of the United States" prohibiting the "citizens of Minnesota" from exercising their "political rights" as "citizens of Minnesota."

Therein, there are many more essential elements raised by Rapatt now is not the least of which as there is no Plea in this instant Case; and, there this instant Case should be dismissed with Prejudice.

My Hand,

## VIII.  Certification of Words and Service

This Post-Conviction Brief is composed 6,713 words as calculated by Macintosh Microsoft Word version 16.10 in  Times New Roman Font 13 Proportionally spaced.

I do certify that the following parties were served true and correct copies were mailed via USPS First Class prepaid to the following Parties consisting of the Post-Conviction Relief and the Addendum, to wit:

[2 copies of each]
**Office of the Attorney General, Lori Swanson**
445 Minnesota Street Suite 1400
St. Paul, Minnesota 55101
651-296-3353

[2 copies of each]
David Hauser County Attorney
121 West Junius Avenue
Fergus Falls, Minnesota 56537
218-998-8400

[2 copies of each]
Minnesota Court of Appeals
25 Rev. Dr. Martin Luther King Jr. Blvd
St. Paul, Minnesota 55155
651-296-2581

Date:  February 15th, 2018

_____
     Signature