UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Court File No. 16-cv-2547 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| William J. Mooney, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon Defendants William J. Mooney and Joni. T. Mooney's (hereinafter collectively "Defendants") Motion to Dismiss and Motion to Vacate Judgment, [Docket No. 157], and upon referral from the Honorable Susan Richard Nelson. (Order of Referral [Docket No. 159]). The Court took Defendants' Motion under advisement on the written submissions of the parties. (Order [Docket No. 165]).

On July 28, 2016, Plaintiff the United States of America initiated the present action by filing its Complaint. (Compl. [Docket No. 1]). Plaintiff's Complaint sought to "reduce federal tax and penalty assessments to judgment and enforce federal tax liens on property located in this district." (Id.).

The facts underlying the present case have been set forth by this Court many times, and those facts will not be repeated here. (See, e.g., Orders [Docket Nos. 36, 47, 78]; Report and Recommendations [Docket Nos. 74, 112]). The facts are recounted herein only to the extent necessary for the present motion.

On May 15, 2018, Judge Nelson issued an Order, [Docket No. 150], adopting the Report and Recommendation of the undersigned, and she granted Plaintiff's Motion for Summary

Judgment. In so doing, Judge Nelson ordered that judgment be entered against Defendant William J. Mooney in the amount of $101,262.91; that judgement be entered against Defendant Joni T. Mooney in the amount of $67,870.92; that the United States' tax liens are attached to the real property at issue in the present case; that the United States is authorized to enforce its tax liens against the real property at issue in the present case; that the United States is authorized to sell the real property at issue in the present case subject to further Order of this Court; that Defendant Harbor Holdings has no property interest in the real property at issue in the present case; and that the proceeds of the sale of the real property at issue in the present case shall be distributed to the United States to be applied to William J. Mooney's and Joni T. Mooney's outstanding federal tax liability. (Id. at 14–16).

On June 13, 2018, Defendants' filed the present Motion to Dismiss and Motion to Vacate Judgment. [Docket No. 157]. Although Defendants do not cite to any Federal Rule of Civil Procedure upon which they base their present post-judgment Motion, construing their pro se pleading liberally, Defendants appear to be bringing their present Motion pursuant to Rule 60(b).

A Rule 60(b) motion serves to relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharges; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805,

806 (8th Cir. 1986) (per curium). A District Court is provided broad discretion in deciding whether relief should be granted in a Rule 60(b) motion. See, Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003).

In the present case, Defendants have not demonstrated any circumstances, much less exceptions circumstances, which would warrant relief under Rule 60(b). Defendants make no claim that there has been any mistake, inadvertence, surprise, or excusable neglect on the part of any party in the present case. (See, Defs.' Mot. [Docket No. 157]). Nor have Defendants proffered any newly discovered evidence in support of their present Motion. (Id.). Moreover, Defendants fail to raise any meritorious claims of fraud in support of their present Motion. (Id.). Similarly, the judgment in the present case is not void, nor is there any evidence that the judgment in the present case has been satisfied, released, or discharged. The Court also expressly finds that there are no "other reasons that justifies relief" in the present case.

Rather than arguing anything new in support of any of the enumerated reasons listed Rule 60(b), Defendants merely repeat previous failed arguments they have already presented to the Court. (See, Defs.' Mot. [Docket No. 157]). Defendants again attempt to argue that this Court lacks subject matter jurisdiction over the present case. The Court has already considered all of these arguments again presented here by Defendants. As previously discussed several times in the present case, it is an unassailable fact that the Court has subject matter jurisdiction over the present case. (Order, [Docket No. 78], at 7). As noted above, in support of the present Motion, Defendants simply repeat their previously offered meaningless and routinely and properly rejected tax protestor arguments which the Court has already found to be without merit. The Court need not again address here these arguments as they have been previously rejected by this Court, and that rejection is now the law of the case and therefore controls. See, Sprint Commc'ns

Co. L.P. v. Lozier, 860 F.3d 1052, 1056 (8th Cir. 2017) ("The law-of-the-case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." (citations omitted)).

Indeed, every Court to have ever considered any of the other arguments raised here again by Defendants has soundly rejected those arguments too. The Court briefly recounts Defendants' arguments and their previous rejections.

In addition to their lack of subject matter jurisdiction arguments, the Defendants also merely repeat their argument that "Counsel for the United States of America" has not appeared in the present case, and therefore, the present case must be dismissed. However, as Defendants have been previously informed, Michael R. Pahl is counsel for the Plaintiff, the United States of America, in the present case. (Order, [Docket No. 143], at 5; see, Report and Recommendation, [Docket No. 112], at 9). Defendants argument that "Counsel for the United States of America" has not appeared in the present case is premised upon their again repeated and specious argument that there is a distinction between the United States and the United States of America. The Court has already previously considered Defendants' argument that there is a legal distinction between the United States and the United States of America, and the Court has previously found that argument to be lacking in merit. (Order, [Docket No. 143], at 5; Report and Recommendation, [Docket No. 112], at 9). The undersigned need not, and will not, address these meritless assertions again.

Lastly, Defendants again raise their argument that this Court lacks personal jurisdiction over them because they are "citizens of Minnesota" as opposed to "citizens of the United States." Since this litigation's infancy, this Court has squarely and repeatedly rejected, as meritless, this argument by Defendants. (Order, [Docket No. 36], at 8; Report and Recommendation, [Docket

No. 74], at 8–11; Order, [Docket No. 78], at 7; Report and Recommendation, [Docket No. 112], at 8; Report and Recommendation, [Docket No. 146], at 18–24; Order, [Docket No. 150], at 12–13). The Court will not here again address this argument further.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendants' Motion to Dismiss and Motion to Vacate Judgment, [Docket No. 157], be **DENIED**.

Dated: September 28, 2018                                         s/Leo I. Brisbois
                                                                  Leo I. Brisbois
                                                                  United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).