RECEIVED

OCT 1 2 2018

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

"District Court of the United States"
District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *Versus* | ) |
| | ) Case No. 16-cv-02547 (SNR/LIB) |
| William J. Mooney, *in propria persona*; | ) |
| And, Joni T. Mooney, *in propria persona*; | ) |
| And, Harbor Holding, Mid-Atlantic | ) |
| Trustees and Administrators. | ) |
| | ) |
| *Defendants,* | ) |

## Opposition to Magistrate's Recommendation Docket 166

Comes now William Joseph Mooney and Joni Therese Mooney ("Mooneys")

with the Opposition to Magistrate's Recommendation Docket 166 ("Opposition") in

"the Court" ("District Court of the United States" arising under Article III Sections

1 and 2 of the Constitution of the United States exercising the judicial Power of the

United States) and not "*this Court*" being the "United States District Court," *i.e.*

("USDC")) that is operating under the codified 28 U.S.C. § 132.


## Table of Contents

I. Subject Matter Jurisdiction Arising Under Article III Sections 1 and 2 Exercising the Judicial

Power of the United States. ...................................................................................2

  A. Definitions. ......................................................................................................5

   a. "District Courts Means."...............................................................................5

   b. "Subject Matter Jurisdiction" in the "United States" Article III Courts of the United

States..............................................................................5

SCANNED
OCT 1 2 2018
U.S. DISTRICT COURT MPLS

    c. "Counsel for the United States of America"......................................8

      1. Definition of "Behalf"......................................................................9

    d. Definition of "Facial Attack" ..........................................................11

    e. "United States" and "United States of America a sovereign body politic"......................13

    f. "Subject Matter Jurisdiction" Must on the Record Arising under Article III Sections 1 and 2. ...................................................................................13

    g. Legislative History. ..........................................................................17

    h. "citizens of the United States."........................................................19

      1.. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia or to the District of Columbia........................21

      2. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone. ..........22

    i. The "STATE OF MINNESOTA" isn't one of the several States But is a "State of the United States.......................................................................................23

    j. Use of "Means" in Definition of Terms. ..........................................23

II. Tax Court Holdings........................................................................26

III. Conclusion .................................................................................27

# I. Subject Matter Jurisdiction Arising Under Article III Sections 1 and 2 Exercising the Judicial Power of the United States.

"Leo I. Brisbois, United States Magistrate Judge," hereafter "Minor Inquisitor" is untrammeled by the Rule of Law and the Precedents/Holdings of the Courts of the United

States arising under Article III sections 1 and 2 exercising the judicial Power of the United States proffering Off-Point Obfuscations and *ipse dixit* pontifications in **this Court** that is merely a chameleon camouflaged Star Chamber court using the cruel trilemma of coercing people to incriminate themselves by forcing people to answer all questions that might be asked by the accusers (depositions is one of the methods using defined words or phrases as terms with "means" with a totally exclusive new meaning not known or disclosed to the person under oath at the deposition and with no adversarial Court Testimony by the Plaintiff and/or Accusers—Summary judgment tactics not disclosed using an IRS Agent/Officer Declaration with public records [slick]), face charges of perjury and be held in contempt, lose their property, and/or be incarcerated if the accusers don't like their answers.

Minor Inquisitor cites in his "Report and Recommendation" ("Report") **Fraud** and the **Judgment is Void**[1] are grounds to "**relieve a party form final judgment**, order, or proceeding for . . ."

Minor Inquisitor evades answering or opposing Docket 157 page 1, to wit:

> The **subject matter jurisdiction arising under Article III Sections 1 and 2 of the Courts of the United States exercising the judicial Power of the United States in all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States**, the Treaties made, or which shall be made, under their Authority can be raised at any time.

The Minor Inquisitor references in his Report pg. 3 "As previously discussed several times in the present case, it is an **unassailable fact** that the Court has **subject matter jurisdiction over the present case**. (Order, [Docket No. 78], at 7)." This CON

---

[1] Report pg. 2.

by Minor Inquisitor is just plain Jane a "**subject matter jurisdiction over the present case**" and NOT what was Motioned by the Mooneys at Docket 157 page 1, *supra*.

Then the Minor Inquisitor relies upon Docket No. 78, at 7 where "Susan Richard Nelson United States District Judge" ("Major Inquisitor") cites on page 7 general statues but limits the essential element of "subject matter jurisdiction" arising under Article III Sections 1 and 2 exercising the judicial Power of the United States to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made to just, under their Authority to just "**subject matter jurisdiction**" in all to "where a defendant has made a **facial attack against subject matter jurisdiction** (as here), "then the court *only consider the allegation in the complaint*, deciding whether jurisdiction exists *as a matter of law*" citing *Uland v. City of Winsted*, 570 F.Supp 2d 1114, 1117 (D.Minn. 2008) is that totally off point.

The Major Inquisitor in Docket 78 pg. 7 cites "28 U.S.C. § 1331 ("The **district courts** shall have original jurisdiction of all civil actions arising under the **Constitution**, laws, or treaties of the **United States.**"); *id.* at § 1340 ("The **district court** shall have original jurisdiction of any civil action arising under any **Act of Congress** providing for internal revenue "); *id.* at § 1345 ("[T]he **district courts** shall have original jurisdiction of all civil actions, suits or proceedings commenced by the **United States** . . . .")." This is where the Major Inquisitor does not use the "definitions" of terms means and conflates words and phrases, therein, Mooney will define the terms and meanings of the terms and phases in 28 U.S.C. § 1331, 1340 and 1345.

## A. Definitions.

### a. "District Courts Means."

In *Wells v. United States*, 214 F.2d 380, 382 (5th Cir. 1954), to wit:

[W]e think, that by Section 1346, '**United States** as Defendant', under the provisions of which appellants seek to maintain their suit, the **United States** has consented to waive its sovereign immunity from suit and permit actions to be brought against it for the recovery of internal revenue taxes only in the **Court of Claims** and in the **district courts**; and that, as used in Title 28, the **term 'district courts' means only those courts which are created under Article III of the Constitution** and which are constituted by Chapter 5 of Title 28. **FN6.**

**FN6.**  *Mookini v. United States*, 303 U.S. 201, 205 (1938) "The term 'District courts of the United States,' . . . **It describes the constitutional courts created under article 3 of the Constitution**" excluding the "District courts of the Territory of Hawaii."

### b. "Subject Matter Jurisdiction" in the "United States" Article III Courts of the United States.

In the "Court of Claims," *supra.*, the Plaintiff is limited to just the "**United States**" [2]and not the "**United States of America**" as is the Plaintiff in this instant case.  As evidenced in **Attachment 1—Legislative History, Senate Report No. 96-304 of the 96 Stat. 25-58 (1982)  citied as "Federal Courts Improvement Act of 1982" ("Attach 1––Sen.Rpt.No. 96-304")** wherein, The **United States Federal Court of Claims**, being an

---

[2] Rules of the United States Court of Federal Claims, Rule 4 "Rules Committee Notes 2002 Revision . . . because, in this court (with the exception of vaccine cases**), only the United States is properly the named defendant.**  See RCFC 10(a)." Rule 10. Form of Pleadings "(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a RCFC 7(a) designation. The title of the complaint must name all the parties (see RCFC 20(a)), **with the United States designated as the party defendant**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

bona fide **Article I**[3] **Court of the United States under the Constitution of the United States** and the **United States Court of Appeals for the Federal Circuit** being a bona fide **Article III**[4] **Court of the United States arising under the Constitution of the United States** "exercising nationwide jurisdiction."[5]

And further, in **Attach 1—Sen.Rpt.No. 96-304, pg. 9 [833]** "The **Court of Appeals for the Federal Circuit differs from other Federal courts of appeals** [8th Circuit Court of Appeals], however, in **that its jurisdiction** is defined in terms of **subject matter** rather than **geography**." * "A decision in any one of the eleven [8th Circuit Court of Appeals] **regional circuits is not binding on any of the others**." In **Attach 1—Sen.Rpt.No. 96-304, pg. 9-10[833-834]** "Testimony on S. 677 and S. 678 supported the premise that the capacity of the federal appellate courts to provide a nationwide answer to legal questions could be expanded through the establishment *of* new courts *of* appeals whose jurisdiction is **defined on a topical**[6] **rather than a geographical basis**.FN9" * "Although the jurisdiction *of* the federal circuit is presently delineated in the manner outlined above, the creation *of* a Federal appellate court with **jurisdiction** that is **defined in terms**

---

[3] See **Attach 1—Sen.Rpt.No. 96-304**, pg. 8 [832] "The Bill also creates a new article I trial forum known as the United States Claims Court."

[4] See **Attach 1—Sen.Rpt.No. 96-304**, pg. 8 [832] "The **bill creates an article III court that is** similar **in structure to the eleven other courts of appeals**."

[5] See **Attach 1—Sen.Rpt.No. 96-304**, pg. 8 [832] [T]o fill a void in the judicial system by creating an appellate forum capable of **exercising nationwide jurisdiction** over **appeals in areas of law** where Congress determines there is a **special need for national wide uniformity.**"

[6] "Subject matter jurisdiction"—See **Attach 1—Sen.Rpt.No. 96-304.**

**of subject matter** rather than **territory [8th Circuit Court of Appeals] provides an institutional structure which the Federal judicial system, as it is presently constituted, lacks."**

*This Court* is limited to only Plaintiffs being "United States of America" in Income Tax Cases; and further, the ONLY appeal is to the 8th Circuit Court of Appeals that is NOT a bona fide Article III Court of the United States arising under Article III sections 1 and 2.

Mooney is working on filing into the limited jurisdiction of the United States Federal Court of Claims under 28 U.S.C. § 1491, which is the starting point for ALL claims against the "United States" a/k/a "United States of America," wherein as held by the Minor Inquisitor[7] and the Major Inquisitor[8] in this instant case are exactly the same and many others, which of course is not true. This will not be briefed out here but *this Court* will be given notice when the Court of Claims lawsuit is filed the **Minor Inquisitor and Major Inquisitor are both untrammeled by precedents and holding of the Courts of the United States, both untrammeled by Due Process of Law and both untrammeled by the Rule of Law in *this Court*.**

---

[7] Report, pg. 4 "Defendants argument that "Counsel for the United States of America" has not appeared in the present case is premised upon their again repeated and specious argument that **there is a distinction between the United States and the United States of America.** The Court has already previously considered Defendants' argument that there is a **legal distinction between the United States and the United States of America**, and the Court has previously found that argument to be lacking in merit. (Order, [Docket No. 143], at 5; Report and Recommendation, [Docket No. 112], at 9). **The undersigned need not, and will not, address these meritless assertions** again."

[8] See FN7, *supra.*

### c.  "Counsel for the United States of America"

The Minor Inquisitor and the Major Inquisitor rely upon the Report, pg. 4, the

Order—Docket No. 143 at 5 and  Docket No. 112 at 9.

Docket No. 143 at 5, to wit:

> The Mooney Defendants also argue that **counsel for the United States** lacks the authority to bring this suit because *United States* Attorneys cannot sue in the name of the *United States of America.* (Obj., at 4.) There are two flaws in this objection, which was raised in the summary judgment motion and rejected in the R&R. (*See* R&R, at 9.) First, **counsel for the United States**, Michael R. Pahl, is a Trial Attorney from the Tax Division of the Department of Justice and not, as the Mooney Defendants assert, a United States Attorney. Second, even if counsel were a United States Attorney, **there is no legal distinction between the United States and the United States of America**. In rejecting this argument when it was raised on summary judgment, Magistrate Judge Brisbois correctly noted that the same argument has been raised and rejected repeatedly in cases throughout the federal courts. *See, e.g., United States v. Garcia*, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker*, No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999). **The Court must therefore reject the Mooney Defendants' argument as it lacks a legal basis.**

Docket No. 112 at 9, to wit:

> The Mooney Defendants also argue that the Assistant United States Attorney prosecuting this case "cannot bring a claim for the **United States of America**" because he lacks the authority to sue on **behalf** of the **United States of America**. (Mem. in Supp., [Docket No. 84], 2-5.) They base this assertion on their purported belief that 28 U.S.C. § 547 only authorizes **United States** Attorneys to prosecute offenses committed against "the **United States**," which the Mooney Defendants attempt to distinguish from "the **United States of America**," as the **Plaintiff** is **named in the case caption in the present case.** (Id.). Again, this attempted distinction has been soundly and repeatedly rejected, both by **this Court and Federal courts in other jurisdictions**. *See, United States v. Garcia*, No. 13-cr-164 (PJS/LIB), 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013) (rejecting the same argument the Mooney Defendants raise here); *see, also, e.g., United States v. Pflum*, No. 14-40062-01-DDC, 2016 WL 7242506, *1-2 (D. Kan. Dec. 15, 2016) (noting that Assistant United States

Attorney was admitted to practice in the District of Kansas and had been properly appointed to his post by the Attorney General of the United States and therefore refusing objection brought under 28 U.S.C. § 547(1) by self-proclaimed sovereign citizen defendant). The Undersigned sees no reason to deviate from the cases cited above, and finds the Mooney Defendants' argument on this point **unpersuasive.**

The Minor Inquisitor and Major Inquisitor are relying upon the public records of Docket 143 and nowhere does the "Counsel for the United States of America" appear but the "**counsel for the United States**" appears twice, therein *flows a fortiori* that the "**counsel for the United States**" and the "**counsel for the United States of America**" have no legal distinction under the holdings of the Minor Inquisitor and the Major Inquisitor as held in the Report, pg. 4; and, as held in Docket No. 143 at 5; and, as held in Docket 112 at 9; and, pursuant to the unpublished case in the "United States District Court" in Minnesota exercising the "judicial power of a district court" under 28 U. S.C. § 132 and not the "judicial Power of the United States" arising under Article III Sections 1 and 2; and, the unpublished case in the 10th Circuit Case dictum does not exercise "subject matter jurisdiction" arising under Article III sections 1 and 2 as disclosed in **Attach 1—Sen.Rpt.No. 96-304,** *supra.*

### 1. Definition of "Behalf"

From Docket No. 112 at 9, *supra.*, ""**[C]annot** bring a claim for the <u>**United States of America**</u>" because he lacks the authority to sue on <u>**behalf**</u> of the **United States of America.**" If the Controversy is "on behalf of the United States of America" therein *flows a fortiori* therein precluding the "United States of America" from being the "Plaintiff."

These Internal Revenue Cases of the "United States of America" cases are brought on **"behalf of the United States"**[9] and "The United States of America, on **behalf of its agency, the Internal Revenue Service ("IRS")"**;[10] and, not on behalf of the "United States of America" where the Plaintiff is always in the United States District Courts the "United States of American" and NEVER "United States." The "United States" refers to not to suits by the "United State" as the Plaintiff, but that the "United States" "on **account of, benefit, advantage, interest, profit, defense, vindication,"** *infra.*, and "has no application in a proceeding where the United States is a party," *infra.*

Concerning "behalf" as found in *Meyers v. State*, 105 S.W. 48, 49 (Tex.Civ.App. 1907), to wit:

> In the case of *State v. Eggerman*, 81 Tex. 569, 16 S. W. 1067, the Supreme Court, in passing upon whether a suit was "in **behalf** of the state," adopts the following definition: "The word **'behalf' means** in **the name of**, on **account of, benefit, advantage, interest, profit, defense, vindication**; and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the state."

In *United States v. Payne*, 30 F.2d 960, 961-962 (W.D.Northern Div.Wash. 1929), to wit:

> The phrase, **'except when on behalf of the United States,'** was significantly used, and has a restricted application, **but has no application in a proceeding where the United States is a party.** It has application to actions **prosecuted or defended by instrumentalities of the United States, or others, on its behalf.** Suit may be brought **by one in authority**

---

[9] See *United States of America [Plaintiff] v. Eleanor Mowery Sheets, et seq*, 3:08-cv-011303 (United States District Court, Northern District of Texas Dallas Division 2008), Docket 1, pg. 1, Complaint "[O]n behalf of the United States"

[10] See *United States of America [Petitioner] v. John K. Thornton*, 0-13-mc-00087, (D.Minn. 2013) Docket 1, Pg. 1. Case by Major Inquisitor Nelson.

for the benefit or advantage of the United States, and, so brought, **would be in its behalf.** See *Georgia v. Brailsford*, 2 Dall. 402, (1792); *State v. Eggerman*, 81 Tex. 569, 16 S.W. 1067 (1891); *Hill County v. Atchison* (Tex.Civ.App.) 49 S.W. 141. **For suit when instrumentality was a party,** see *United States v. Clallam County* (W.D.Wash.) 283 F. 645 (1922) (affirmed 263 U.S. 341) (1923), **which was an action in which an agency or instrumentality of the United States defended.** See, also, *Weeks, Secretary of War, et al. v. Goltra* 7 F.2d 838 (8th Cir. 1925).

There are corporate entities used by the United States as its instrumentalities and officers who prosecute and defend actions. Such actions would be on its behalf. The provision, 'except when on behalf of the United States,' **refers not to suits by the United States, but on its behalf by instrumentalities or officers,** the object being not to do the idle thing of collecting fees for the United States from its instrumentalities or officers, etc. The law must be construed, if possible, with a consistency to accomplish its purpose. *In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).

### d. Definition of "Facial Attack"

The Minor Inquisitor and Major Inquisitor in the Report 4, pg. 3 "As previously discussed several times in the present case, it is an **unassailable fact** that the Court has subject matter jurisdiction over the present case. (Order, [**Docket No. 78**], **at 7**); and rely upon **Docket 78—Memorandum Opinion and Order, pg. 7,** to wit:

Moving beyond the Mooney Defendants' unavailing sovereign citizen arguments, the fundamental fact is this: Plaintiff has asserted that this Court has **subject matter jurisdiction** under **28 U.S.C. §§ 1331, 1340, and 1345**, as well as I.R.C. §§ 7402 and 7403. A quick review of these statutes is all that is necessary to determine—as a matter of law— that **this Court** has **subject matter jurisdiction** over this action. *See, e.g.,* 28 U.S.C. § 1331 ("The **district courts** shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the **United States**."); *id.* at § 1340 ("The **district court** shall have original jurisdiction of any civil action arising under any **Act of Congress** providing for internal revenue "); *id.* at § 1345 ("[T]he **district courts** shall have original jurisdiction of all civil actions, suits or proceedings commenced by the **United States** . . . ."); *see also Uland v. City of Winsted,* 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008) (noting that where a defendant has made a **facial attack** against

subject matter jurisdiction (as here), "then the court *only considers the allegations in the complaint*, deciding whether jurisdiction exists *as a matter of law*") (emphasis added). Likewise, this Court's authority to exercise personal jurisdiction over the Mooney Defendants—both residents of this state—is unquestionable. *See Milliken v. Meyer*, 311 U.S. 457 (1940); *United States v. Olsen*, No. 14-cv-3302 (WJM/KLM), 2016 WL 322554, at *2 (D. Colo. Jan. 27, 2016) (noting that a federal district court has personal jurisdiction over individuals residing within the territorial boundaries of the state within which the court resides). Accordingly, because the Mooney Defendants can present no non-frivolous arguments in favor of their jurisdictional motions, the Court overrules their objections and adopts the R&R on both matters.

The Mooneys are not making a "**facial attack**" on codified statutes in Doc 78, pg. 7, *supra.*, consisting 28 U.S.C. §§ 1331, 1340 or 1345; and, the Mooneys are not making a "**facial attack**" on the terms and phrases identified by the Major Inquisitor in Doc 78, pg. 7 codified in 28 U.S.C. § 1331 "**district courts,**" "**Constitution,**" "**laws,**" "**of the United States;**" or, 28 U.S.C. § 1340 "**district court,**" "**Act of Congress;**" or, in 28 U.S.C. § 1345 "**district courts,**" **and "United States."**

The Minor Inquisitor and Major Inquisitor do not address the issues of 28 U.S.C. § 132, which is the "Authority" and "judicial Power" of "*this Court.*"

"**Facial attack**" has various applications and the Mooneys are not making a "constitutional facial challenge" to the above statues identified as defined in *Ezell v. City of Chicago*, 651 F.3d 684, 697-699 (7th Cir. 2011). *Justice v. Town of Cicero*, 827 F.Supp.2d 835, 843 (N.D.Ill. 2011) "[A] successful facial attack means the statute is wholly invalid and cannot be applied to anyone." See also *Doe v. City of Alburquerque*, 667 F.3d 1111 (10th Cir. 2012). The Mooneys are not even challenging by "facial attack" that 28 U.S.C. § 132 as no authority to exercise "judicial power of a district court" as it

has application to "citizens of the United States" but does not arise "exercise the judicial Power of the United States" arising under the "Constitution of the United States" Article III Section 1 "The **judicial Power of the United States**" and Section 2. **The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority.**"

### e. "United States" and "United States of America a sovereign body politic"

The Minor Inquisitor and Major Inquisitor are knowingly and intentionally claiming that *this Court* has "subject matter jurisdiction" over the Plaintiff "United States of America as a sovereign body politic" as evidenced in **public record** being **Attachment 2—Palmer Record District 311 "United States of America is a sovereign body politic."** ("Attach 2—USA Sovereign Body Politic"), which *this Court,* and **the Court shall take judicial Notice of and also under Evidence Rule 901(7) as to its veracity.**

And further, the Minor Inquisitor and Major Inquisitor are holding that the "United States of America" has "standing" to sue in District Court of the United States arising under Article III Sections 1 and 2 exercising the judicial Power of the United States in all Cases, in Law and Equity.

### f. "Subject Matter Jurisdiction" Must on the Record Arising under Article III Sections 1 and 2.

The Minor Inquisitor and Major Inquisitor are by their **untrammeled actions knowingly and intentionally NOT addressing 28 U.S.C. § 132 and the following**

cases but using totally "off-point" frivolous *ipse dixit* pontifications.

As held in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."

In *Statterlee v. Commissioner of Internal Revenue, et al.,* 195 F.Supp.3d 327 (Dist.Cir. 2016), to wit:

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C.2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C.Cir.2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).
>
> When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). *333 Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F.Supp.2d 18, 22 (D.D.C.2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005).

***This Court*** is not exercising the judicial Power of the United States and ***this Court*** does not Arise under Article III Section 1 and 2 exercising the judicial Power of the

United States in all Cases in Law and Equity, but the United States District Court ("USDC") is operating with the codified authority of as evidenced by the Public Record of **Attachment 3—28 U.S.C. § 132 with Reviser's Notes ("Attach 3—28 U.S.C. § 132").**

This is an excerpt of **Attach 3—28 U.S.C. 132** of public record that *this Court* **shall take judicial Notice thereof,** being *Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948*—pg. i—"augmented by **expert revisers** and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.** **Page 1521**—28* U.S.C **§ 132. Creation and composition of district courts**

> (a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**

> (b) Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

> (c) Except as otherwise provided **by law, or rule or order of court, the judicial power of a district court** with **respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.**

> *Page 1732*—Section 132—Revised [Reviser's Notes]—Section 132-Section Revised

> Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title **48, U.S.C., 1940 ed., Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

> Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

> **Subsection (c) is derived from section 641 of title 48, U.S.C., 1940**

**ed. [Territories and Insular Possessions], which applied only to the
Territory of Hawaii. The revised section, by extending it to all districts,
merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in
sections 133 and 134 of this title. The remainder of section 641 of title 48,
U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

As to reviser's notes, it is well settled that the reviser's notes are authoritative in

interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949);

*Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R.*

*Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac.*

*R. Corp. v. Western Pac. R. Co.,* 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast*

*Line R.Co.*, 345 U.S. 379, 384 (1953).

An essential element of the **"judicial Power of the United States"** arises under

Article III Section 1 **"The judicial Power of the United States**, shall be vested in one

supreme Court, and in such inferior Courts as the Congress may from time to time ordain

and establish. . . . Section 2. The **judicial Power** shall extent to all Cases, in Law and

Equity, arising under this Constitution, the Laws of the United States, and Treaties made,

or which shall be made, under their Authority" irrevocably precludes "The **judicial**

**power of a district court** [28 U.S.C. § 132(c), *ibid.*] **[derived from the Territory of**

**Hawaii,** *ibid.*] . . . may be exercised by a single judge," is merely codifying use of an

"inquisition" CON. See *Lawkowski v. Spellings*, 443 F.3d 930, 941 (7th Cir. 2006) It

should not be undertaken in the absence of an actual claim for this form of relief and full

briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204,

115 L.Ed.2d 158 (1991) (" What makes a system adversarial rather than inquisitorial is ...

**the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.").

When, as here, a matter is moot or the court otherwise lacked jurisdiction, the judgment amounts to an impermissible advisory opinion, a legal nullity, and is void. In *Williamson v. Berry*, 49 U.S. 495, 541 (1850) "But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ."; *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828) ""But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ." See also *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920). In *Dynes v. Hoover*, 61 U.S. 65, 66 (1857) as follows:

> The following well-settled principles of law cannot be controverted: 'That when a court has jurisdiction, it has a right to decide every question before it; and if its decision is merely *erroneous*, and not *irregular and void*, it is binding on every other court until reversed. But if the subject-matter is not within its jurisdiction, or where it appears, from the conviction itself, that they have been guilty of an excess, or have decided on matters beyond and not within their jurisdiction, **all is void, and their judgments, or sentences, are regarded in law as nullities.** They constitute no justification; and all persons concerned in executing such judgments, or sentences, are trespassers, and liable to an action thereon.' (Numerous case cites omitted) (Emphasis added)

### g. Legislative History.

The Legislative History has standing to clarify statutes, including **Attach 1— Sen.Rpt.No. 96-304,** *supra.*

In *Blum v. Stenson*, 465 U.S. 886, 896 (1984) "Where, as here, resolution of a question of federal law turns on a statute and the intention of Congress, we look first to

the statutory language and **then to the legislative history** if the statutory language is unclear." See also *Toibb v. Radloff*, 501 U.S. 157, 162 (1991): *Public Employees Retirement system of Ohio v. Betts*, 492 U.S. 158, 185 (1989); *Oklahoma v. New Mexico*, 501 U.S. 221, 234 FN5 (1991).

In *Heinzelman v. Secretary of Health and Human Services*, 98 Fed.Cl. 808, 816 (2011), to wit:

> **Statutory interpretation begins with the plain meaning of the language of the statute.** *St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 547, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) ("The starting point in any case involving construction of a statute is the language itself."). **If "the language is clear and fits the case, the plain meaning of the statute will be regarded as conclusive."** *Norfolk Dredging Co. v. United States,* 375 F.3d 1106, 1110 (Fed.Cir.2004). **"When the language of the statute is not clear, canons of construction may be used to determine the meaning of the statute, if possible."** *Cherokee Nation of Okla. v. United States,* 73 Fed.Cl. 467, 476 (2006). One such fundamental canon of statutory construction is that **"the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."** *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). Additionally, **if the statutory language is unclear, the Court will look to the legislative history of the statute.** *See, e.g., Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Allen v. Principi,* 237 F.3d 1368, 1375 (Fed.Cir.2001).

See also *Adams v. United States*, 65 Fed.Cl. 217, 225 (U.S.Fed.Cl. 2005).

In *Zavislak v. United States*, 29 Fed.Cl. 525, 528-529, (U.S.Fed.Cl.1993), to wit:

> Indeed, if a **statute is clear and unambiguous** on its face, **"that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."** *Sullivan v. Stroop,* 496 U.S. 478, 480, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K–Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)); *see, e.g., Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Darsigny v. Office of Personnel Management,* 787 F.2d 1555, 1557 (Fed.Cir.1986). However, when a statute can be read in more than one way,

or when a statute is ambiguous on its face, **courts will resort to the legislative history to provide a meaning consistent with what Congress intended.** *Patterson v. Shumate,* 504 U.S. 753, 761, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992) ("courts appropriately may refer to a statute's legislative history to resolve statutory ambiguity"); *Toibb v. Radloff,* 501 U.S. 157, ——, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991) ("**we first look to the statutory language and then to the legislative history if the statutory language is unclear**"); *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In *Osage Tribe of Indians of Oklahoma v. United States,* 68 Fed.Cl. 322

(U.S.Fed.Cl. 2005), to wit:

It is a cardinal rule of statutory construction that **"no clause, sentence, or word shall be superfluous, void, or insignificant."** *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)); *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ( **"It is our duty to give effect, if possible, to every clause and word of a statute ...."**) (internal citations omitted); *James v. Santella,* 328 F.3d 1374, 1381 (Fed.Cir.2003) (acknowledging **"the general rule against construing a statute in a way that renders one of its parts inoperative"**); 2A *Sutherland: Statutes and Statutory Construction* § 46:06 (Norman J. Singer ed., 6th ed.2000).

### h. "citizens of the United States."

The Mooneys having already put their "Political Status, Citizenship and Allegiance as evidenced by public records at Dockets 155 and 156 confirming that they are NOT "citizens of the United States." To claim to be a "citizen of the United States" is a felony under 18 U.S.C. § 911 and there is no evidence of that fact to date in this instant case.

The Mooneys are in fact "nationals of the United States" as codified in 8 U.S.C. § 1101 (22)(B) "**(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.**" Both Mooneys are "citizens of

Minnesota" domiciled in Minnesota, being one of the several States, which has not been addressed by *this Court*'s **Inquisitors to date.**

The Mooneys **are NOT a "citizen of the United States"** under 14 Stat. 27 (1866) memorialized in the 14th Amendment that are using the "public rights" doctrine[11] with no "judicial determination" of issues concerning "taxpayers" with no remedies in any constitutional adversarial Court.

And further, *this Court* shall take Judicial Notice of the Mooneys's Right of their elective franchise, *i.e.* Suffrage in Minnesota as a "citizen of Minnesota."

The question arises where is the right or privilege of the elective franchise arise under: The Constitution of the United States or the constitution of one of the several States, *i.e.*, being the Constitution of Minnesota?  The answer is found in *United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873), to wit:

> The thirteenth, fourteenth and fifteenth amendments were designed mainly for the protection of the newly emancipated negroes, but full effect must, nevertheless, be given to the language employed.
> * * *
> The **right of voting,** or the privilege of voting, is a right or privilege **arising under the constitution of the state,** and not under the constitution of the United States; and second, that a right of the character here involved is not one connected with **citizenship of the United States.**
> * * *
> [I]f rights of a citizen are thereby violated, they are of that fundamental class, **derived from his position as a citizen of the state, and not those <u>limited rights belonging to him as a citizen of the United States</u>**; and such was the decision in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823).

In *Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit:

---

[11] *Kuretski v. C.I.R.*, 755 F.3d 929, 939-940 (D.C.Cir. 2014).

If the legislature can impose certain restrictions upon one class of voters, and exempt another, what is the limit to its discretion?
* * *

The **right or privilege of voting is a right or privilege arising under the constitution of each state**, and **not under the constitution of the United States.** The voter is entitled to vote in the election of officers of the United States by reason of the fact that he is a voter in the state in which he resides. He exercises this right because he is entitled to by the laws of the state where he offers to exercise it, and not because he is a citizen of the United States. *United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)

In *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823), a case the Circuit Court of the United States [a bona fide Article III Court] has described the privileges and immunities of the citizens of the several States in great detail including this excerpt to which some additional protections under fourteenth Amendment were overlaid but the fundamental right of the elective franchise is still posited in the constitution of one of the several States, to wit:

[M]ay be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges **deemed to be fundamental:** to which may be added, the **elective franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised.**

### 1.. The Fourteenth Amendment Doesn't Apply To "citizens of the United States" in the District of Columbia or to the District of Columbia.

In *Neild v. District of Columbia*, 110 F.2d 246, 250 FN10 (1940) citing the holding of *Wright v. Davidson*, 181 US. 371, 384 (D.C. Cir. 1940), to wit:

[H]olding the **Fourteenth Amendment inapplicable to the District of Columbia. On the other hand, the rights and liberties protected by the bill of rights (Amendments I to VIII) against encroachment by the national government have been held applicable to the District although not to the states.** Thus, the provisions of the Fourth Amendment are not

applicable to the states (*National Safe Deposit Co. v. Stead,* 232 U.S. 58, 34 S.Ct. 209, 58 L.Ed. 504; *Ohio ex rel. Lloyd v. Dollison,* 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062), although they are to the District. *United States v. Mattingly,* 52 App.D.C. 188, 285 F. 922

A "citizen of the United States" in the District of Columbia's Statutes is a "qualified elector" as found in DC ST § 1-1001.02 (2) "The term **"qualified elector"** means a person who . . . (B) is a **citizen of the United States."** A "citizen of the United States" outside of the District of Columbia under the Fourteenth Amendment is a fiction in law—"All of this is a fiction in law[12]" and has the same rights a "corporation, which is included in the Fourteenth Amendment definition of "person" as found in *Grosjean v. American Press Co.,* 297 U.S. 233, 244 (1936) and *First National Bank of Boston v. Bellotti,* 436 U.S. 765, 780 FN15 (1978). Also this "citizen of the United States" in 14 Stat. 27 (1866) codified today in 42 U.S.C. §§ 1981, 1982 and 1988 that has the same rights as a "white citizen" is memorialized in the 14th Amendment.

### 2. The Fifteenth Amendment Does not Confer any Right of Suffrage on Anyone.

The holding in the Supreme Court of the United States holds that the 15th Amendment does not confer any Right of Suffrage on anyone *Le Grand v. United States,* 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882) in opposition to AG Green's denial, to wit:

> The fifteenth amendment can have no application. **That amendment relates to the right of citizens of the United States to vote. It does not confer the right of suffrage on any one**. It merely invests citizens of the United States with the constitutional right of exemption from discrimination in the exercise of the elective franchise on account of

---

[12] *McDonald v. City of Chicago,* 130 S.C. 3020, 3062 (2010).

race, color, or previous condition of servitude. *U.S. v. Reese*, 92 U.S. 214 (1875); *United States v. Reese*, 92 U.S. 214 (1875); S.C. 1 Woods, 322 (Cir.Ct. D. La. 1874) affirmed in *United States. v. Cruikshank*, 92 U.S. 542 (1875).

### i.  The "STATE OF MINNESOTA" isn't one of the several States But is a "State of the United States.

The "STATE OF MINNESOTA" ("SOM") is a "State of the United States" as only "citizens of the United States" can vote the within the territorial boundaries of Minnesota, one of the several States.  The SOM is in accord with the National Voter Registration Act of 1993 in 107 Stat. 97-109 that limits voting to ONLY "citizens of the United States."

And further, there are no "public [State] Officers of the State of Minnesota" because under the National Voter Registration Act of 1993 of which the SOM has adopted the "elections' are limited to only "citizens of the United States" that vote only for the "President or Vice President, of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress" as found in the annotated 185 A.L.R. Fed. 155 (Originally published in 2003), which *this Court* **shall take judicial Notice of all of 185 A.L.R. Fed., which has essential elements to this instant case but is beyond this single pleading to brief out.**

### j.  Use of "Means" in Definition of Terms.

*This Court's* Inquisitors have proceeded untrammeled by Congress defining terms with exclusive new meaning by the use of "means," which is shocking to say the least.

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) (describing a **definition** that **uses** the term **"means"** as **exclusive** and a definition that uses that term **"includes"** as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) ""[T]he word **'includes'** is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid*. See also *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "**[W]hen an exclusive definition is intended the word 'means' is employed**, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**." See also *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); *Verbie v. Morgan Stanley Smith Barney*, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word "**means**,." In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v. DiCristina*, 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. Commissioner*, 302 U.S.

82, 86 (1937) ("When an **exclusive definition is intended the words means is employed**.")).  See also *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....")"**

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to be restrictive or **exclusive**. *Athens Lodge No. 70 v. Wilson*, 1953, 117 Cal.App.2d 322, 255 P.2d 482."

In *Stenberg v. Carhart,* 530 U.S. 914, 942 (2000), to wit:

> **When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning.** *Meese v. Keene,* 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) ("**It is axiomatic that the statutory definition of the term excludes unstated meanings of that term**"); *Colautti v. Franklin,* 439 U.S., at 392–393, n. 10, 99 S.Ct. 675 ("**As a rule, 'a definition which declares what a term "means" ... excludes any meaning that is not stated'** "); *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945); *Fox v. Standard Oil Co. of N. J.,* 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.)

See also *Burgess v. United States,* 553 U.S. 124, 130 (2008) citing *Colautti, ibid;*

*McNamara v. Nomeco Bldg. Specialties, Inc.,* 26 F.Supp.2d 1168, 1174 (D.Minn. 1998) " In ascertaining the Intent of Congress from a plain reading of a statute, it is fundamental that " 'a statute should be interpreted so as not to render one part inoperative.' " *Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, (1985), quoting *Colautti v. Franklin,* 439 U.S. 379, 392 (1979).

In *Colautti v. Franklin*, 439 U.S. 392 n10 (1979) **"As a rule, 'a definition which declares what a term "means". . . excludes any meaning that is not stated'."**

In *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, (1945) "Of course statutory definitions of terms used therein prevail over colloquial meanings."

In *Fox v. Standard Oil Co. of New Jersey*, 294 U.S. 87, 95 (1935) "In such circumstances definition by the average man or even by the ordinary dictionary with its studies enumeration of subtle shades of meanings is not a substitute for the definition set before us by the law makers with instructions to apply it to the exclusion of all others."

In *Price v. Commissioner of Revenue*, 1989 WL 158198, *3 (Minn.Tax Ct. 1989) "Moreover, where a statutory definition begins by stating what a defined term "means" rather than "includes," the definition excludes any meaning not specifically stated. *Colautti v. Franklin,* 439 U.S. 379, n. 10, (1979); *Meese v. Keene,* 481 U.S. 465, (1987)."

## II. Tax Court Holdings

Even though the Tax Court admits that is isn't a "court" as found in 28 U.S.C. § 610, the Tax Court dismissed the alleged federal liabilities against the Mooneys in accord with *Brewer v. United States*, 764 F.Supp. 309, 315 (S.D. N.Y. 1991), to wit:

> In order to place a lien against property, the IRS must make a valid assessment of taxes pursuant to 26 U.S.C. § 6203. After this assessment is made, the IRS must send a § 6212 "Notice of Deficiency" to the taxpayer. Then the IRS must provide a "Notice and Demand for payment" of the assessed tax as required by § 6303(a). Only after full compliance with these procedures, may the IRS take a lien on the delinquent taxpayer's property.
> In the Tax Court the "Order of Dismissal for Lack of Jurisdiction" is evidenced by

**Attachment 4—Docket No. 2429-18 entered on July 20, 2018. So *this Court*, having**

never address the issue of *Brewer, supra.* is plowing forward untrammeled by the Tax Court dismissal.

### III.  Conclusion

As *this Court* is not exercising the "judicial Power of the United States" arising under Article III Sections 1 and 2 but is exercising the "judicial Power of a district court" codified in 28 U.S.C. § 132, being in reality a modern-day Star Chamber.

And further, the Minor Inquisitor and Major Inquisitor holding that the "United States of America" has no legal difference with "United States" is  going to shake the foundations of our Republic.  If the "United States of America is a sovereign body politic" therein *flows a fortiori* that the "United States is a sovereign body politic" which will have repercussion with the "Constitution of the United States" being now the "Constitution of the United States of America" such as 1 Stat. 97 and 1 Stat 98 "amendments to the constitution of the United States," the Oath in Article II Clause 8is now also "Constitution of the United States of America" and "President of the United States of America" is not correct; and Preamble that was "establish this Constitution for the United States of America" is not establish this Constitution for the United States," Article II Section 4 "civil Officers of the United States" is now also "civil Offers of the United States of America," in Article III Section 2 and Article VI Clause 2, "the Laws of the United States" is now the "Laws of the United States of America," and amazing Articles of Confederation for the "United States of America" is also the Articles of Confederation for the "United States."  This just a very minuscule sample of the CON of the Minor Inquisitor and the Major Inquisitor untrammeled by the "Constitution of the

United States," the "Laws of the United States," holding and precedents of the "Supreme Court of the United States" that is now also the "Supreme Court of the United States of America." Imagine when the Justices of the Supreme Court of United States find out that two Inquisitors in Minnesota have enlightened them of that the "United States" and the "United States of America" are exactly the same—Darn founders of Republic where just plain stupid it seems.

Yes, the "United States" was the real party of interest from 1789 to 1913; and then magically right after the Seventeenth Amendment passed the "United States" was no longer the real party of interest with "standing" but the "United States of America" showed up. Of course with the CON of no citizens of the several States (We the People) exercising right of suffrage and the elective franchise and the Legislatures of the several States no longer electing "Senators of the United States," we are back to the plenary Powers of Congress with Legislating for "agencies" under "regulations" and the President of the United States using Executive Orders as the under 49 Stat. 501 "Federal agency" or "agency" mean the President of the United States.

**As plead with the evidence of public records and unambiguous Statues of the United States *this Court* lacks "subject matter jurisdiction" arising under Article III Sections 1 and 2 excising the judicial Power of the United States and the "United States of America is a sovereign body politic" has no authority or standing under the Constitution of United States within the several States, being the Union of States.**

Therefore as a matter of law this instant Case must be dismissed with prejudice.

My Hand, *William Joseph Mooney*

My Hand, *Joni Therese Mooney*

## Certificate of Service.

I certify that this Notice is comprised of 8,751 words in 13 Font in Times New Roman.

I further certify that this Opposition was delivered personally or mailed First Class prepaid to the following parties, to wit:

**Michael R. Pahl**
**Depart of Justice, Tax Division**
**P.O. Box 7238 Ben Franklin Station**
**Washington, D.C. 20044**
Phone 202-514-6488
Fax    202-514-6770

Date:  October 12, 2018

By: *William Joseph Mooney*
 ‾‾‾‾‾‾‾‾Signature‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

SCANNED
OCT 12 2018
U.S. DISTRICT COURT