UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators,<br><br>Defendants. | Case No. 16-cv-2547 (SRN/LIB)<br><br>**AMENDED MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Michael R. Pahl, U.S. Department for Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, DC 20044, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 6th Avenue Northwest, Little Falls, MN 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 167] of Defendants William J. Mooney and Joni T. Mooney (collectively "the Mooneys") to Magistrate Judge Leo I. Brisbois's Report and Recommendation dated September 28, 2018 ("R&R of September 28, 2018") [Doc. No. 166]. In the R&R, Magistrate Judge Brisbois recommended that the Mooneys' Motion to Dismiss and Motion to Vacate Judgment [Doc. No. 157] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules the Mooneys' Objection, adopts the R&R in its entirety, and denies the Mooneys' Motion to Dismiss and Motion to Vacate Judgment.

1

## I. Background

The facts and lengthy procedural history of this case have been thoroughly and accurately stated in several Orders of this Court and of the magistrate judge. (*See, e.g.*, Order of Nov. 7, 2016 [Doc. No. 36]; Order Deny. Defs.' Mot. to Dismiss [Doc. No. 78].) Therefore, this Court, like the magistrate judge, recites the facts here only to the extent necessary to contextualize and rule on the Mooneys' Objection.

On June 13, 2018, the Mooneys filed a Motion to Dismiss and Motion to Vacate Judgment. (Defs.' Mot. to Dismiss and Mot. to Vacate.) In it, the Mooneys asked this Court to set aside the judgment that this Court entered against them on May 15, 2018. (Order Grant. Pl.'s Mot. for Summ. J. [Doc. No. 150].) However, rather than filing a substantive pleading, the Mooneys again filed the same "meaningless and routinely and properly rejected tax protestor documents" advancing the same unmeritorious arguments that this Court had rejected in its prior Orders. (R&R of Sept. 28, 2018 at 3.)

After reviewing the Mooneys' claims, the magistrate judge first found that "[a]lthough Defendants [did] not cite to any Federal Rule of Civil Procedure upon which they base their []post-judgment Motion, construing their pro se pleading liberally, Defendants appear[ed] to be bringing their present Motion pursuant to Rule 60(b)." (*Id.* at 2.) However, the magistrate judge noted that the Mooneys did not demonstrate any circumstances which would warrant relief under Rule 60(b). (*Id.* at 3.) Specifically, the magistrate judge reasoned that the Mooneys made "no claim that there has been any mistake, inadvertence, surprise, or exclusable neglect on the part of any party in the present case . . . nor [did they] proffer[] any newly discovered evidence in support of

2

their []Motion." (*Id.*)

Moreover, the magistrate judge found that the Mooneys' arguments "merely repeat[ed] previous failed arguments that they have already presented to the Court." (*Id.*) The magistrate judge concluded that it was "an unassailable fact that the Court has subject matter jurisdiction over the present case," that the contention that the United States of America's ("Plaintiff's") counsel's appearance was improper due to the distinction between the United States and the United States of America was "a meritless assertion[,]" and that the Mooneys' arguments regarding personal jurisdiction due to the claim that the Mooneys are not "citizens of the United States" had been "squarely and repeatedly rejected." (*Id.* at 3–4.) In light of these conclusions, the magistrate judge found that both of the Mooneys' motions should be denied. (*Id.* at 5.)

On October 12, 2018, the Mooneys filed their Objection to the R&R. As more thoroughly discussed below, the Mooneys regrettably continue to assert the same meritless tax protestor arguments that this Court and the magistrate judge have thoroughly addressed and rejected. Because this Court fully agrees with the magistrate judge's R&R, this Court overrules the Mooneys' Objection and adopts the R&R in its entirety.

## II.     Discussion

### A.     Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portion of the magistrate judge's [R&R] to which

objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Still, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).

### B. Analysis

In their Objection, the Mooneys set forth eleven reasons why this Court should decline to adopt the R&R. They contend: (1) that this Court lacks authority to make law or to refer motions to a magistrate judge based on the definition of "district court"; (2) that Article III does not give this Court subject matter jurisdiction over the case; (3) that "counsel for the United States lacks authority to bring this suit"; (4) that they are not

4

making a "facial attack" on the jurisdiction of the Court; (5) that there is a distinction between the United States and the United States of America; (6) that the Court has not addressed the issue of subject matter jurisdiction on the record; (7) that the legislative history of Article III clarifies that this Court does not have subject matter jurisdiction; (8) that the Mooneys are not "citizens of the United States"; (9) that the state of Minnesota is not one of the "several states" but a state "within the United States"; (10) that the word "means" should be construed to have an "exclusive definition"; and (11) that the previous decision by the United States Tax Court should be replicated in this case. (Defs.' Obj. at 1–29.)

In essence, the Mooneys' objections can be grouped into four categories. First, the Mooneys assert that this Court lacks subject matter jurisdiction over the present case. Second, they contend that counsel for the United States lacks authority to bring this suit because there is a difference between the United States and the United States of America. Third, they argue that they are citizens of Minnesota instead of citizens of the United States. And finally, they argue that the Tax Court's dismissal of a previous and unrelated case for lack of jurisdiction should preclude this Court's consideration of the Mooneys' case.

At the outset, this Court notes that the first three of the Mooneys' contentions have been thoroughly and repeatedly addressed and rejected by this Court and the magistrate judge throughout these proceedings. (*See, e.g.*, Order Deny. Defs.' Mot. to Dismiss; Order Deny. Defs.' Mot. for Summ. J [Doc. No. 143]; Order Grant Pl.'s Mot. for Summ. J.) This Court has, time after time advised the Mooneys that the law-of-the-case doctrine

bars them from continuing to advance the same unmeritorious arguments that have already been rejected by this Court. (*Id.*) Although the Mooneys remain undeterred, this Court will not address those arguments any further. For the reasons already explained elsewhere, the Mooneys' objections about jurisdiction, Plaintiff's counsel's ability to bring suit, and citizenship are overruled.

The last of the Mooneys' contentions—that the Tax Court's dismissal of a previous and unrelated case for lack of jurisdiction should preclude this Court's consideration of the Mooneys' case—is patently frivolous and does not merit a lengthy discussion. (Defs.' Obj. at 26.) On July 20, 2018, the United States Tax Court dismissed a case, filed by the Mooneys, against the Commissioner of Internal Revenue, for lack of jurisdiction. (*Id.* at Attach. 4.) It did so because no notice of deficiency had been issued to the Mooneys for the taxable years of 1990 to 2017, within 150 days of the filing, that would permit them to invoke the Court's jurisdiction. (*Id.*) According to the Internal Revenue Manual, only once the Commissioner of Internal Revenue has determined that a tax deficiency exists, is a taxpayer able to dispute it in the Tax Court. IRM § 35.1.1.2.[1] That decision has nothing to do with the Court's ruling here.

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court agrees with the magistrate judge that both of the Mooneys' motions should be denied. Accordingly, this Court overrules the Mooneys' Objection and adopts

---

[1] Although the Court reviews this argument, it is not required to under *Hammann*, 455 F. Supp. 2d at 947–48, as it was not previously raised in the Mooneys' motions to the magistrate judge. (Defs.' Mot. to Dismiss and Mot. to Vacate.)

the R&R in its entirety.

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Mooneys' Objection [Doc. No. 167] is **OVERRULED**;

2. Magistrate Judge Brisbois's R&R [Doc. No. 166] is **ADOPTED** in its entirety; and

3. Defendant Mooneys' Motion to Dismiss and Motion to Vacate Judgment [Doc. No. 157] are **DENIED**.

Dated: February 6, 2019             s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge