RECEIVED

"District Court of the United States"
District of Minnesota

MAR 04 2019
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES OF AMERICA )
)
    *Plaintiff,* )
)
    *Versus* )
) Case No. 16-cv-02547 (SNR/LIB)
**William J. Mooney**, *in propria persona*; )
**And, Joni T. Mooney**, *in propria persona*; )
**And, Harbor Holding, Mid-Atlantic** )
**Trustees and Administrators.** )
)
    *Defendants,* )

SCANNED
MAR 05 2019
U.S. DISTRICT COURT MPLS

**First:  Opposition and Demand on Dockets 171 and 172 Memorandum of Law.**

## Table of Contents

I.  General Background Information.................................................................1

II.  Actual Notice to the "Chief Inquisitor" That She Can and Will be Sued Evidenced That the USDC has No Subject Matter Jurisdiction evidenced in 28 U.S.C. § 132; and, 28 U.S.C. § 451; 28 U.S.C. Chapter 5. ...................................................2

    A.  District Court of the United States Means. .................................................3

    B.  Subject Matter Jurisdiction.................................................................3

    C.  Reviser's Notes.................................................................7

    D.  28 U.S.C. Organization of Court—Chapter 5—1948 Chapter 646—Pubic Law 773; and 28 U.S.C. § 451 Definitions 1948 Chapter 646—Pubic Law 773 ............................8

    E. Inquisitions versus Adversarial ............................................................13

III.  There was no "Actual Notice" of a Notice of Deficiency, Which is an Unassailable Fact.................................................................19

    A.  IRS Manual Does not have the Force and Effect of Law .......................................19

IV.  Circulars Have No Force and Effect of Law..................................................24

V.  Actual Notice Means "Awareness of sufficient facts to State a Claim;" and, "receipt of Notice"; and, Actual Notice means that a person actually knows or could discover by

making a reasonable investigation; and, "Express information of a fact;" and "Actual Notice is a question of fact.".............................................................................25

VI. Conclusion .......................................................................................................28

VII. Verified Affidavit of William Joseph Mooney .........................................31

VIII. Verified Affidavit of Joni Therese Mooney ...........................................34

IX. Certificate of Service...................................................................................37

## I.  General Background Information

Comes now William Joseph Mooney and Joni Therese Mooney ("Mooneys") with limited and special appearance  with the **First:  Opposition and Demand on Dockets 170, 171 and 172 ("Opposition")** in **"the Court" ("District Court of the United States")** arising under Article III Sections 1 and 2 of the Constitution of the United States exercising the judicial Power of the United States) and not **"*this Court*"** being the **"United States District Court,"** *i.e.* **("USDC"))** that is operating under the codified 28 U.S.C. § 132 exercising the "judicial power of the district court . . . may be exercised by a single judge," being the definition of a "inquisitor" operating the **USDC, established according the "accepted practice" from the "Territory of Hawaii" court of which the USDC and the Chief Inquisitor** (Susan Richard Nelson) **have "actual Notice,"** *infra.,* **thereof evidenced in Docket 167 and in Attachment 3.  The USDC is merely the Star Chamber using the "cruel trilemma" of merry ole England with some new twists and obfuscations.**

**This Controversy was** "Dismissed with prejudice" on November 1, 2018 Docket 168 on page 7, "4.  This action is **DISMSSED WITH PREJUDICE"** followed by Docket 169 pg. 1, "4.  This action is **DISMSSED WITH PREJUDICE."**

The Chief Inquisitor was sent a minimum of two emails *ex parte* by a "Michael R. Pahl" ("Pahl") that are not evidenced in the Docket Sheets threatening the Chief Inquisitor; and further, this Pahl has NEVER to date made an appearance in this instant Controversy as the **"Counsel for the United States of America"** OR as the **"Counsel for the United States"** remembering that is it an unassailable fact that **Plaintiff** is the

"**United States of America**."  These two *ex parte* emails sent to the Chief Inquisitor is evidenced by **Attachment 1—Pahl Email on November 14th, 2018 and Attachment 2–**
**–Pahl Email on February 5th, 2019.**

Then this "Susan Richard Nelson" [United States District Judge, (sic)] ("**Chief Inquisitor**") in Docket 170 Vacated Docket 168—"4.  This action is **DISMSSED WITH PREJUDICE**" with the reason being "[T]that this case was prematurely dismissed – [Doc. No. 169) prior to the Court entering an order of sale."   Then the Chief Inquisitor with this "epiphany" that does not meet any of the Reasons for a legitimate reversal of a filed "Dismissed with Prejudice" does the reversal with NO stated reason other than after two threatening emails from Pahl therein precluding Mooney from any valid Opposition, being more evidence a Chief Inquisitor.

### II.  Actual Notice to the "Chief Inquisitor" That She Can and Will be Sued Evidenced That the USDC has No Subject Matter Jurisdiction evidenced in 28 U.S.C. § 132; and, 28 U.S.C. § 451; 28 U.S.C. Chapter 5.

This **Chief Inquisitor" by this filing into the public Record and Docket of this instant Case is giving "actual notice,"** infra. the for Memorandum, to the Chief Inquisitor that this Chief Inquisitor will be taken to the United States Federal Circuit Court of Appeals soon, being a bona fide Article III Court (Yes, the Mooneys have found a way to give this court "subject matter jurisdiction," which the Mooneys are working on now; and further, as this Chief Inquisitor exceeds all of the holding in Stump v. Sparkman, 435 U.S. 349, 349, 356-357 (1978) "Held:  . . .  (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has

acted in the "clear absence of all jurisdiction," *Bradley v. Fisher*, 13 Wall. 335, 351, 20

L.Ed. 646.   Pp. 1104-1105 (1871)."

## A.  District Court of the United States Means.

In *Wells, et al. v. United States et al.*, 214 F.2d 380, 382 (5th Cir. 1954), to wit:

Not content with this negative defense, the United States, taking the affirmative, conclusively demonstrates, we think, that by Section 1346, 'United States as Defendant', under the provisions of which appellants seek to maintain their suit, the United States has consented to waive its sovereign immunity from suit and permit actions to be brought against it for the recovery of internal revenue taxes only in the Court of Claims and in the district courts; and that, as used in Title 28, the **term 'district courts' means only those courts which are created under Article III of the Constitution** and which are constituted by Chapter 5 of Title 28. **FN6.**

**FN6.** *Mookini v. United States*, 303 U.S. 201 (1938); *International Longshoremen's, Etc., Union v. Wirtz*, 9 Cir., 170 F.2d 183 (1948); *Reese v. Fultz*, 96 F.Supp. 449(D.C. Territory of Alaska 1951); 28 U.S.C., Section 451, Appendix, infra.

In *Mookini et al. v. United States*, 303 U.S. 201, 205 (1938), to wit:

The term **'District courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance. **It describes the constitutional courts created under article 3 of the Constitution**.  **Courts of the Territories are legislative courts**, properly speaking, and **are not District courts of the United States**.  **We have often held that vesting a territorial court with jurisdiction similar to that vested in the District courts of the United States does not make it a 'District court of the United States**.' *Reynolds v. United States*, 98 U.S. 145, 154 (1878); *The City of Panama*, 101 U.S. 453, 460 (1879); *In re Mills*, 135 U.S. 263, 268 (1941); *McAllister v. United States*, 141 U.S. 174, 182 (1891); *Stephens v. Cherokee Nation*, 174 U.S. 445, 476, 477 (1899); *Summers v. United States*, 231 U.S. 92, 101, 102 (1913); *United States v. Burroughs*, 289 U.S. 159, 163 (1933). Not only did the promulgating order use the term District courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.

## B.  Subject Matter Jurisdiction.

As held in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."

In *Statterlee v. Commissioner of Internal Revenue, et al.,* 195 F.Supp.3d 327 (Dist.Cir. 2016), to wit:

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C.2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C.Cir.2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).
>
> When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). *333 Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F.Supp.2d 18, 22 (D.D.C.2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005).

***This Court*** ("USDC") is not exercising the judicial Power of the United States and ***this Court*** does not Arise under Article III Section 1 and 2 exercising the judicial

Power of the United States in all Cases in Law and Equity, but the United States District Court ("USDC") is operating with the codified authority of as evidenced by the Public Record of **Attachment 3—*Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2[nd]Session, Epochal Legislation, West Publishing 1948*—pg. I** —"**augmented by expert revisers and consultants**"—***New Title 28, United States Code, Judiciary and Judicial Procedure With <u>Official</u> Legislative History and Reviser's Notes.  Page 1521—28 U.S.C §  132. Creation and composition of district courts ("Attach 3—28 U.S.C. § 132")***

This is an excerpt of **Attachment 3—28 U.S.C. 132** of public record that ***this Court*** and **the Court** shall take judicial Notice thereof, to wit

(a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**

(b) Each district court shall consist of the district judge or judges for the district in regular active service.  Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided **by law, or rule or order of court, <u>the judicial power of a district court</u> with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.**

***Page 1732*—Section 132—Revised [Reviser's Notes]**—Section 132-Section Revised

Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title **48, U.S.C., 1940 ed., Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

<u>**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940**</u>

**ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii. The revised section, by extending it to all districts, merely recognizes established practice.**
Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

An essential element of the "**judicial Power of the United States**" arises under Article III Section 1 "**The judicial Power of the United States**, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . . Section 2.  The **judicial Power** shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority" irrevocably precludes "The **judicial power of a district court** [28 U.S.C. § 132(c), *ibid.*] **[derived from the Territory of Hawaii, *ibid.*]** . . . may be exercised by a single judge," is merely codifying use of an "inquisition" CON.  See *Lawkowski v. Spellings*, 443 F.3d 930, 941 (7th Cir. 2006) It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin*, 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (" What makes a system adversarial rather than inquisitorial is ... **the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.").

When, as here, a matter is moot or the court otherwise lacked jurisdiction, the judgment and all actions amounts to an impermissible advisory opinion, a legal nullity, and is void.  In *Williamson v. Berry*, 49 U.S. 495, 541 (1850) "But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ."; *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828) ""But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply

void . . ." See also *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920). In *Dynes v. Hoover*, 61 U.S. 65, 66 (1857) as follows:

> The following well-settled principles of law cannot be controverted: 'That when a court has jurisdiction, it has a right to decide every question before it; and if its decision is merely *erroneous*, and not *irregular and void*, it is binding on every other court until reversed. But if the subject-matter is not within its jurisdiction, or where it appears, from the conviction itself, that they have been guilty of an excess, or have decided on matters beyond and not within their jurisdiction, all is void, and their judgments, or sentences, are regarded in law as nullities. They constitute no justification; and all persons concerned in executing such judgments, or sentences, are trespassers, and liable to an action thereon.' (Numerous case cites omitted)

## C. Reviser's Notes

As to reviser's notes, It is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949);  *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953);  *Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953);  *Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950);  *United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952);  *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952);  *United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951);  *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955);  *Government Nat. Mortg. Ass/n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979);  *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966);  *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960);  *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964);

*Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950);   *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02];   *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978);   *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951);   *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949);   *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955

### D.  28 U.S.C. Organization of Court—Chapter 5—1948 Chapter 646—Pubic Law 773; and 28 U.S.C. § 451 Definitions 1948 Chapter 646—Pubic Law 773

This USDC established and derived from the "Territory of Hawaii" (See Reviser's Notes for 28 U.S.C. § 132(c)) in 28 U.S.C. § 132(c) evidenced in **Attach 16—28 U.S.C. § 132** unambiguous Statue of the United States that—"[T]he **judicial power of a district court** [this USDC] with **respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges**" *flows a fortiori* of an irrevocable estoppel that this USDC is precluded to even have an illusion to accept or to exercise the "Judicial Power of the United States" arising under Article III Sections 1 and 2 under any condition and that is an unassailable fact.

As evidenced by the excerpt of **Attachment 4—***Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th Congress—2[nd]Session, Epochal Legislation, West Publishing 1948—*pg.i—"augmented by expert revisers and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With* **Official** *Legislative History and* **Reviser's Note***.

**(Attach 4—28 U.S.C. § 451")** on pg. 11), which this Court shall take judicial Notice thereof, to wit:

> The term **"court of the United States"** includes the Supreme Court of the United States, courts of appeals, district courts constituted **by chapter 5** of this title, including the district courts of the United States **for** the districts of Hawaii and Puerto Rico . . . The terms **"district court"** and **"district court of the United States"** **mean** the courts **constituted** by **chapter 5 of this title**.

The definition in 28 U.S.C. § 451 conflates **"district court"** with **"district court of the United States"** wherein *flows a fortiori* that all of the Courts listed in Chapter 5 are authorized and empowered exactly same and of course both a "district court" and "district court of the United States are ONLY exercising the "judicial power of a district court" was found in the unambiguous codified Statute of the United States in 28 U.S.C. § 132(c); and, not the "judicial Power of the United States" arising under Article III Sections 1 and 2.

And further, in the excerpt of **Attachment 5—*Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948—*pg.i— "augmented by expert revisers and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With <u>Official</u> Legislative History and <u>Reviser's Note</u>.* (Attach 5—28 U.S.C. Chapter 5")** on pgs. 10-11), we find the Territory of Hawaii at Section 81, the District of Columbia at Section 88 and Puerto Rico at Section 119.

As included in Chapter 5, being "Hawaii," which was still the Territory of Hawaii is in reality an Article IV court. In *Northern Pipeline Const. Co. v. Marathon Pipe Line*

*Co.*, 458 U.S. 50, 64-65 (1982), to wit:

Appellants first rely upon a series of cases in which this Court has upheld the creation by Congress of non-Art. III "**territorial courts.**"   This exception from the general prescription of Art. III dates from the earliest days of the Republic, when it was perceived that the Framers intended that as to certain geographical areas, in which no State operated as sovereign, **Congress was to exercise the general powers of government.**   For example, in *American Ins. Co. v. Canter,* 1 Pet. 511, 7 L.Ed. 242 (1828), the Court observed that **Art. IV bestowed upon Congress alone a complete power of government over territories not within the States that constituted the United States.**   The Court then **acknowledged Congress' authority to create courts for those territories that were not in conformity with Art. III.** Such courts were "created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which **enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States.** The jurisdiction with which they are invested ... is conferred by **Congress, in the execution of those general powers which that body possesses over the territories of the United States.**   Although admiralty jurisdiction can be exercised in the states in those Courts, only, which are established in pursuance of the third article of the Constitution; the same limitation does not extend to the territories.   **In legislating for them, Congress exercises the combined powers of the general, and of a state government.**"   *1 Pet., at 546.*

   **The Court followed the same reasoning when it reviewed Congress' creation of non-Art. III courts in the District of Columbia.**   It noted that there was in the District "**no division of powers between the general and state governments.   Congress has the entire control over the district for every purpose of government; and it is reasonable to suppose, that in organizing a judicial department here, all judicial power necessary for the purposes of government would be vested in the courts of justice.**" *Kendall v. United States,* 12 Pet. 524, 619, 9 L.Ed. 1181 (1838). [FN16]

   FN16.   We recently reaffirmed the principle, expressed in these early cases, **that Art. I, § 8, cl. 17,** provides that Congress shall have power "[t]o exercise exclusive Legislation **in all Cases whatsoever, over" the District of Columbia.** *Palmore v. United States,* 411 U.S., at 397, 93 S.Ct., at 1676. See also *Wallace v. Adams,* 204 U.S. 415, 423, 27 S.Ct. 363, 365, 51 L.Ed. 547 (1907)(recognizing Congress' authority to establish legislative courts to determine questions of tribal membership relevant to property

claims within Indian territory); *In re Ross*, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581 (1891) (same, respecting consular courts established by concession from foreign countries). See generally 1 J. Moore, J. Lucas, H. Fink, D. Weckstein, & J. Wicker, Moore's Federal Practice 46–49, 53–54 (1982). But see *Reid v. Covert*, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957).

In *Williams v. United States,* 289 U.S. 553, 565-566 (1933), to wit:
That **judicial power** apart from that article may be conferred by Congress upon **legislative courts**, as well as upon **constitutional courts,** is plainly apparent from the opinion of Chief Justice Marshall in ***American Insurance Company et al. v. Canter,*** 1 Pet. 511, 546, 7 L.Ed. 242, **dealing with the territorial courts. 'The jurisdiction,' he said, 'with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution,** but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States.'  That is to say (1) that the courts of the territories (and, of course, **other legislative courts**) are invested with judicial power, **but (2)** *that this power is not conferred by the third article of the Constitution,* but by Congress in the execution of other provisions of that instrument.  * * * .  'Thus,' he says, 'the authority granted to territorial courts to hear and determine controversies arising in the territories of the United States is judicial power.  **But it is not a part of that judicial power granted by section 1, and defined by section 2, of article 3 of the Constitution**.  Nevertheless, under the constitutional grant to Congress of power to 'make all needful rules and regulations respecting the territory * * * belonging to the United States' (article 4, s 3), that body **may create territorial courts not contemplated or authorized by article 3 of the Constitution,** and may confer upon them **plenary judicial power,** because the establishment of such courts and the bestowal of such authority constitute appropriate means by which to exercise the congressional power to make needful rules respecting the territory belonging to the United States. * *

The Courts of the United States have held from the earlier cases in our Republic until now the unassailable fact  that all courts in the Territories and Possessions do not exercise the "judicial Power of the United States" arising under Article III Sections and 2 by are Article IV "legislative courts" under the plenary Power of Congress as also are the Courts in the District of Columbia are courts of general jurisdiction under the plenary

Power of Congress being different from limited jurisdiction of the "District Courts of the United States" within the Union of States, being the several States.

The Courts of the United States in the District of Columbia are clearly different that the District Courts of the United States as held in *Postum Cereal Co, Inc. v. California Fig Nut Co.,*, 272 U.S. 693, 700 (1927) cited *supra,* in FN12 in *Crowell v. Crowell*, 285 U.S. 22, 50-51 (1932), to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the constitutional sense and that of administrative action and decision, power for which may be conferred upon courts of the District is shown in the case of *Keller v. Potomac Electric Company*, 261 U. S. 428, 440, 442, 443, 43 S. Ct. 445, 67 L. Ed. 731. There it is pointed out that, **while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts** (*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, 29 S. Ct. 67, 53 L. Ed. 150), and **so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution**. Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> **'Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346 (31 S. Ct. 250, 55 L. Ed. 246). **The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them,** and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court without real parties or a real case, **or to administrative or legislative issues or controversies.'**
> See, also, *Liberty Warehouse Co. v. Grannis*, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. -, decided this day.

With this limitation upon our powers, it is not difficult to reach a conclusion in the present case. We should have had no power to review the action of the District Court if it had heard the appeal and **taken administrative jurisdiction, and by the same token have now no power to review its action in refusing such jurisdiction.**

Clearly this conflating of the courts in territories and possessions with the courts within the District of Columbia with bona fide Courts of the United States arising under the Article III Sections 1 and 1 exercising the "judicial Power of the United States,' which "shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and treaties made, or which shall be made, under their Authority" into "Chapter 5" is totally *ultra vires* and total FRAUD and CON.

### E. Inquisitions versus Adversarial

Clearly the "Trial") in the **USDC is merely ab inquisition as they do not guarantee an Independent Judge as in the District of Columbia not even a bona fide Article III arising under Sections 1 and 2 is required remembering that SOM is equal to the "District of Columbia" as to the definition of "State" in the NVRA.**

This essential element of NO constitutional Court in the District of Columbia is explained in great detail in *United States v. Jenkins*, 734 F.2d 1322 (1983), to wit:

The Constitution grants Congress the authority over federal enclaves, by providing that Congress has the power

to exercise exclusive Legislation in all Cases whatsoever, over [the District of Columbia], and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for Erection of Forts ... and other needful Buildings.

U.S. Const. art. I, § 8, cl. 17. The Congressional power under clause 17 is plenary. *See Palmore v. United States,* 411 U.S. 389, 397, 93 S.Ct. 1670,

1676, 36 L.Ed.2d 342 (1973). When Congress legislates with respect to the District of Columbia and federal enclaves it acts as a state government with all the powers of a state government. *See id.; Paul v. United States,* 371 U.S. 245, 263, 83 S.Ct. 426, 437, 9 L.Ed.2d 292 (1963).

In *Palmore,* 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973), the Supreme Court considered "whether a defendant charged with a felony under the District of Columbia Code may be tried by a judge who does not have protection with respect to tenure and salary under Art. III of the Constitution." *Id.* at 390, 93 S.Ct. at 1672. The Court held that under clause 17 Congress could provide that such a defendant be tried before a non-Article III judge. *Id.* at 390–91, 93 S.Ct. at 1672–73.

Because clause 17 does not distinguish between the District of Columbia and other federal enclaves, we find *Palmore* *1326 indistinguishable from the instant case and controlling. *See Paul v. United States,* 371 U.S. at 263, 83 S.Ct. at 437 ("The power of Congress over federal enclaves that come within the scope of Art. I, § 8, cl. 17, is obviously the same as the power of Congress over the District of Columbia"). In addition, the reasoning of *Palmore* is fully applicable here. Under clause 17 Congress acts as a state government with total legislative, executive and judicial power. *Palmore,* 411 U.S. at 397, 93 S.Ct. at 1676; *see Marathon Pipe Line Co.,* 102 S.Ct. at 2873–74 (discussing the rationale of *Palmore* ). The Constitution does not require that all federal criminal law be enforced before Article III courts. *Palmore,* 411 U.S. at 400, 93 S.Ct. at 1677; *see Swain v. Pressley,* 430 U.S. 372, 382–83, 97 S.Ct. 1224, 1230–31, 51 L.Ed.2d 411 (1977). Thus, the requirements of Article III are consistent with the establishment by Congress of non-Article III courts to enforce federal criminal laws in special geographic areas where, pursuant to clause 17, it functions as a state government. *Palmore,* 411 U.S. at 407–08, 93 S.Ct. at 1681–82; *see Marathon Pipe Line Co.,* 102 S.Ct. at 2874 (emphasizing Congress's unique power under Art. I, § 8, cl. 17, to legislate in certain geographic areas).

Therein the **USDC is in reality an Inquisition** as stated In *Laskowski v. Spellingings,* 443 F.3d 930, 941 (7th Cir. 2006), wherein the Seventh Circuit distinguishes the difference between an adversarial system and an inquisitorial system concerning plaintiff taxpayers with an inquisitor, to wit:

It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (" **What makes a**

**system adversarial rather than inquisitorial** is ... the **presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself,** but instead **decides on the basis of facts and arguments pro and con adduced by the parties.**").

In *Miller v. Fenton*, 374 U.S. 104, 110 (1985)  "[T]he court's analysis has consistently been animated by the view that "ours is a accusatorial and not an inquisitorial system. *Roberts v. Richmond*, 385 U.S. 534, 541 (1961)."

In *Rogers .v Richmond*, 365 U.S. 534, 540-541, to wit:
Our decisions under that Amendment have made clear that convictions following the admission into evidence of confessions which are involuntary, i.e., the product of coercion, either physical or psychological, cannot stand. This is so not because such confessions are unlikely to be *541 true but because the methods used to extract them offend an underlying principle in the enforcement of our criminal law: **that ours is an accusatorial and not an inquisitorial system**—a system in which the State must establish guilt by evidence independently and freely secured and may not by coercion prove its charge against an accused out of his own mouth. See *Chambers v. State of Florida*, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; *Lisenba v. People of State of California*, 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166; *Rochin v. People of California,* 342 U.S. 165, 172—174, 72 S.Ct. 205, 209—210, 96 L.Ed. 183; *Spano v. People of State of New York*, 360 U.S. 315, 320—321, 79 S.Ct. 1202, 1205—1206, 3 L.Ed.2d 1265; *Blackburn v. State of Alabama*, 361 U.S. 199, 206—207, 80 S.Ct. 274, 279—280, 4 L.Ed.2d 242. And see *Watts v. State of Indiana*, 338 U.S. 49, 54—55, 69 S.Ct. 1347, 1350, 1357, 93 L.Ed. 1801. To be sure, confessions cruelly extorted may be and have been, to an unascertained extent, found to be untrustworthy. But the constitutional principle of excluding confessions that are not voluntary does not rest on this consideration. Indeed, in many of the cases in which the command of the Due Process Clause has compelled us to reverse state convictions involving the use of confessions obtained by impermissible methods, independent corroborating evidence left little doubt of the truth of what the defendant had confessed. Despite such verification, confessions were found to be the product of constitutionally impermissible methods in their inducement. Since a defendant had been subjected to pressures to which, under our accusatorial system, an accused should not be subjected, we were constrained to find that the procedures leading to his conviction had failed to afford him that due process of law which the Fourteenth Amendment guarantees.

In *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991), to wit:

> What makes a system **adversarial rather than inquisitorial** is not the presence of counsel, much less the presence of counsel where the defendant has not requested it; but rather, the presence of a judge who does not (as an **inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.

See also *In re United Air Lines, Inc.*, 438 F.3d 720, 738 (7th Cir. 2006); *Sanchez-Liamas v. Oregon*, 548 U.S. 331, 357 (2006); *United States v. Loughner*, 672 F.3d 731, 773 (9th Cir. 2012), to wit:

> As he recognized, "[w]hat makes a system adversarial rather than inquisitorial is not the presence of counsel ... but rather, the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin,* 501 U.S. 171, 181, n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). In Loughner's *Harper* hearings, the **presiding psychiatrist,** Dr. Tomelleri, **acted as an inquisitor.**

In *Dietrz v. Blould*, 794 F.3d 1093,1102, 1103 (9th Cir. 2015), to wit:

> Our system of justice is an adversarial one. "What makes a system adversarial rather than inquisitorial is not the presence of counsel," but "the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the bases of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Consistent with this principle, our court has never required district court judges develop—**by interrogation of witnesses—the record on which they render judgments; instead, we require district court judges to make specific findings based on the evidence that the parties place in the record.**

In *United States v. Bendolph*, 409 F.3d 155, 172 (3rd Cir. 2005), to wit:

> Underlying the *Scott* and *Nardi* decisions is the rule that generally it is not appropriate for a court to *sua sponte* raise non-jurisdictional defenses not raised by the parties. *See Acosta v. Artuz,* 221 F.3d 117, 122 (2d Cir.2000)

("Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties."); *cf. Zelson v. Thomforde,* 412 F.2d 56, 58 (3d Cir.1969) **(holding that a court may not raise the defense of lack of personal jurisdiction—a non-jurisdictional defense because it does not concern the power of the court to entertain the suit—once the defendant has waived the issue by appearing).** This rule exists because ours is an adversarial system, which relies on advocacy by trained counsel. *Cf. United States v. Burke,* 504 U.S. 229, 246, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) ("The rule that points of law not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, **distinguishes our adversary system of justice from the inquisitorial one.**"). In an adversarial system, it is not for the courts to bring to light the best arguments ·for either side; that responsibility is left to the parties themselves. *McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ("What makes a system adversarial rather than inquisitorial is ... the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con *adduced by the parties.*") (emphasis added). As the Supreme Court has explained, "[t]he determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States,* 384 U.S. 855, 875, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

In *Brown v. United States*, 2011 WL 2470732, *2 (E.D. N.C. 2011), to wit:

The IRS's " 'summons power should ... be liberally construed in light of the purposes it serves.' " *Uhrig v. United States,* 592 F.Supp. 349, 352 (4th Cir.1984) (quoting *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983)). As noted above, the IRS possesses the "**power of inquisition**" to investigate possible **unpaid tax liabilities, and its inquisitory powers need not be supported by probable cause that wrongdoing has occurred.** *Powell,* 379 U.S. at 57; *see also United States v. Bisceglia,* 420 U.S. 141, 146 (1975) ("**The purpose of the [summons] statutes is not to accuse, but to inquire.**"). **Although a court will not enforce a summons that appears to be a groundless fishing expedition through** taxpayer **records, the IRS need only convince the court that it "has a 'realistic expectation rather than an idle hope that something may be discovered.'** " *United States v. Richards,* 631 F.2d 341, 345 (4th Cir.1980) (quoting *United States v. Harrington,* 388 F.2d 520, 524 (2d Cir.1968)). "This standard generally will be satisfied where the summons pertains to 'a legitimate investigation of an ascertainable target.' " *United States v. O'Shea,* 662 F.Supp.2d 535, 541 (S.D.W.Va.2009)

(quoting *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 320 (1985)). **"Provided that the four good faith elements are satisfied, no greater justification is required."** *Id.*

In *United States v. Central National Bank*, 1980 WL 1515m •7 *(N.D. Ohio 1980), to wit:

> The teaching of *Powell* militates against approval of the Magistrate's reasoning and result. <u>The taxpayer in *Powell*,</u> who had previously been examined by the IRS, challenged a summons directed at tax years as to which, unless fraud was proved, the statute of limitations had run. The **taxpayer** asserted that the IRS should bear the burden of showing a basis for suspecting fraud as a prerequisite to the enforcement of the summons, relying on 26 U. S. C. § 7605(b), which precludes "unnecessary examination or investigations." The Court firmly rejected this argument [FN8] and ruled that probable cause need not be shown to obtain enforcement of a section 7602 summons.

> FN8. It has the <u>**power of inquisition**</u>, if one chooses to call it that, <u>**which is not derived from the judicial function**</u>. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. [*United States v. Powell*] 379 U. S. at 57. This analogy further supports the court's conclusion that inquiry into the basis for an IRS investigation should not be allowed as a matter of course. See *United States v. Newman, supra,* 441 F. 2d at 174-74.

In *United States v. Newman*, 441 F.2d 165, 174 (5th Cir. 1971), to wit:

> An important factor back of this approach is of course the fact that if accusatory proceedings are begun the person concerned 'will be accorded **all the traditional judicial safeguards at a subsequent adjudicative proceeding * * *.'** [*Hannah v.* Larche] 363 U.S. at 446 [1980]. And this applies in the context of an IRS summons situation as Donaldson makes clear.

In *United States v. O'Shea*, 662 F.supp.2d 535, 539 (S.C. W.Va. 2009), to wit:

> Furthermore, the IRS possesses the **"power of inquisition"** to investigate

possible unpaid tax liabilities, and its **inquisitory powers** need **not be supported by probable cause that wrongdoing has occurred.** *Powell,* 379 U.S. at 57, 85 S.Ct. 248; *see also United States v. Bisceglia,* 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975) ("The purpose of the [summons] statutes **is not to accuse, but to inquire.**"). If the Government meets its burden of demonstrating that the summons was issued in good faith, "**it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process.**" *Conner,* 434 F.3d at 680 (quoting *United States v. Stuart,* 489 U.S. 353, 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989)).

*United States v. O'Shea,* 662 F.Supp.2d 535, 539 (S.D.W.Va. 2009) "[T]he IRS possesses the "**power of inquisition**" **to investigate** possible unpaid tax liabilities . . . the purpose . . . **is not to accuse, but to inquire** . . . unless the [I am a] **taxpayer**."

### III.  There was no "Actual Notice" of a Notice of Deficiency, Which is an Unassailable Fact.

Typical of the Chief Inquisitor in this instant Total LIES absent any "Ultimate Facts" wherein the Chief Inquisitor actually admits in Docket 171 "It did so because not notice of deficiency had been issued to the Mooneys for the taxable years of 1990 to 2017, within 150 days of filing, that would permit them to invoke the Court's jurisdiction." Then this Chief Inquisitor goes to IRM § 35.1.1.2 that is evidence of Nothing and the Tax Court, that isn't even clothed with the LIE of being a Court codified in 28 U.S.C. § 610, would reject this *ipse dixit* pontification by the Chief Inquisitor as the IRM § 35.1.1.2 is Not found in one case in the Tax Court and IRM is Not law—total BS.

### A.  IRS Manual Does not have the Force and Effect of Law

It is well-settled that the provisions of the IRS Manual are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law.

In *Oxford Capital Corp v. United States*, 211 F.3d 280, 285 n.3 (5th Cir. 200), to wit:

> **As a general rule, the internal operating procedures of the IRS as described in the Internal Revenue Manual do not create rights in the taxpayer and thus a violation of these procedures does not establish a cause of action for the taxpayer.** *See United States v. Caceres,* 440 U.S. 741, 752, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *Cargill, Inc. v. United States,* 173 F.3d 323, 340 n. 43 (5th Cir.1999). **A corollary to this broad rule has developed however-that internal operating procedures intended to protect a citizen's constitutional rights can establish a cause of action.** *See, e.g., United States v. McKee,* 192 F.3d 535, 544 (6th Cir.1999) ("**If the IRS's internal operating procedures afford anything less than faithful adherence to constitutional guarantees, then public confidence in the IRS will necessarily be undermined**"); *United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983) (per curiam). **Since we are remanding to apply the proper shifting burden of proof,** we need not address whether the failure to follow section 5.12.1.33 of the Internal Revenue Manual renders the levy *per se* wrongful for purposes of section 7426.

In *Marks v. CIR*, 947 F.2d. 983, 986 n1 (D.C. Cir. 1991), to wit:

Appellants point out that the IRS field manual instructs agents to send duplicate notices of deficiency to "each known address" if "there is any doubt as to what constitutes the [taxpayer's] last known address." Internal Revenue Manual (CCH) § 4462.1(3). It is well-settled, however, that the **provisions of the manual are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law.** *See, e.g., Pomeroy v. United States,* 864 F.2d 1191, 1194-95 (5th Cir.1989).

In *Pomeroy v. United States*, 864 F.2d 1191, 1194-1195 (5th Cir. 1989) "However, "[p]rocedures or rules adopted by the IRS are not law." *Keado v. United States,* 853 F.2d 1209, 1214 (5th Cir.1988). *See also Johnson v. Commissioner,* 611 F.2d 1015, 1020 (5th Cir.1980) ("[n]either the manual [n]or the statute imposes a duty of sending a second notice.")

In *Fargo v. United States*, 447 F.3d 706, 713 (9th Cir. 2006), to wit:

> **The Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers.** This view is shared among many of our sister circuits. *See, e.g., Carlson v. United States,* 126 F.3d 915, 922 (7th Cir.1997); *Marks v. Comm'r,* 947 F.2d 983, 986 n. 1 (D.C.Cir.1991) (holding that "[i]t is well-settled ... **that the provisions of the [Internal Revenue M]anual are *directory rather than mandatory,* are not codified**

**regulations, and clearly do not have the force and effect of law"** (emphasis added)); *see also Valen Mfg. Co. v. United States,* 90 F.3d 1190, 1194 (6th Cir.1996); *United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983); *Einhorn v. DeWitt,* 618 F.2d 347, 349-50 (5th Cir.1980).

In *Carlson v. United States,* 126 F.3d 915, 922 (7th Cir. 1997), to wit:

Unlike treasury regulations, to which we give deference, *Smoot v. United States,* 892 F.2d 597, 601-02 (7th Cir.1989), **the Internal Revenue Manual has no such luster. Noncompliance with the manual does not render an action of the IRS invalid.** *United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983). **Procedures in the Internal Revenue Manual are intended to aid in the internal administration of the IRS; they do not confer rights on taxpayers.** *United States v. Mapp,* 561 F.2d 685, 690 (7th Cir.1977); *Horne,* 714 F.2d at 207.

In *Valen Mgg. Co, v. United States,* 90 F.3d 1190, 1194 (6th Cir. 1996), to wit:

In a final attempt to secure forgiveness of the penalty assessments, Valen Manufacturing argues that the IRS's own *Internal Revenue Manual* suggests that the situation present in this case might justify a finding of reasonable cause for the delinquent tax filings and payments. **The provisions of the manual, however, only "govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law."** *United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983) (quoting *Einhorn v. DeWitt,* 618 F.2d 347, 350 (5th Cir.1980)). *See generally Reich v. Manganas,* 70 F.3d 434, 437 (6th Cir.1995) (**"Internal operating manuals ... do not carry the force of law, bind the agency, or confer rights upon the regulated entity."**). This argument is, therefore, also without merit.

In *United States v. Horne,* 714 F.2d 206, 207 (1st Cir. 1983), to wit:

Whether or not it also complied with the rules contained in the Internal Revenue Manual has no bearing on its validity. **The provisions in the Manual are not codified in the Code of Federal Regulations. Even if they were codified, the provisions would not be "mandatory."** *See Rosenberg v. Commissioner,* 450 F.2d 529, 532-33 (10th Cir.1971); *Luhring v. Glotzbach,* 304 F.2d 560, 564-65 (4th Cir.1962). **Like the IRS's Statement of Procedural Rules, 26 C.F.R. § 601.101 et seq.** (1982), also cited in the defendant's appeal brief, **"[t]heir purpose is to govern the internal affairs of the Internal Revenue Service. They do not have the**

force and effect of law." *Einhorn v. DeWitt,* 618 F.2d 347, 350 (5th Cir.1980). *Compare Brafman v. United States,* 384 F.2d 863 (5th Cir.1967) (invalidating an assessment not signed by the proper official in violation of binding Treasury Regulations). In contrast to the procedure at issue in *United States v. Leahey,* 434 F.2d 7, 10-11 (1st Cir.1970), **the provisions of the Manual relied on by the defendant here were not designed to protect the constitutional rights of taxpayers.**

In *Rosenberg v. CIR,* 450 F.2d 529, (10th Cir. 1971), to wit:

The mandatory-directory distinction was again employed in Cleveland Trust Company v. United States, 6 Cir., 421 F.2d 475, cert. denied 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46, **where the question was whether the IRS was bound by its own procedures in rejecting agreements reached at informal conference. The court held that the procedures are directory and do not affect the right of the IRS to assert a deficiency.** Ibid. at 481-482.

In *Luhring v. Glotzbach,* 304 F.2d 560, (4th Cir. 1962), to wit:

**The taxpayers contend that these procedural rules were promulgated under the authority of Section 7805(a)** of the Internal Revenue Code of 1954 and the Administrative Procedure Act, 5 U.S.C.A. § 1011, and were published in the Federal register in accordance with 5 U.S.C.A. § 1002(a) of the latter act. **They contend in effect that the rules have the force and effect of law and are mandatory in their operation** and unless they are observed no valid assessment and collection of taxes can be made.[1]

**In our view the procedural rules do not have this weight;** and compliance with them is not essential to the validity of a notice of deficiency. **The Statement of Procedural Rules, part of which is pertinent here, was promulgated and published in the Federal Register of June 30, 1955, 20 F.R. 4621, now 26 C.F.R., part 600, et seq. It was signed only by the Commissioner, Internal Revenue,** and purports to be issued under **R.S. § 161**; 5 U.S.C.A. § 22, which reads: 'The **head of each department is authorized to prescribe regulations, not inconsistent *564 with law,** for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it.' **This statute was originally passed in 1789 and codified in 1875 as section 161 of the Revised Statutes.** Its purpose

(as disclosed by the legislative history of its amendment in 1958-1958 U.S.Code Cong. & Admin. News, p. 3352) **was to enable General Washington to get his administration under way by spelling out the authority of Government officers to set up offices and to file Government documents.**[2]

The significance of the promulgation of the rules without the approval of the Secretary should not be overlooked. **Section 7805, I.R.C., gave to the Secretary, or his delegate, authority to prescribe needful rules and regulations for the enforcement of the statute.** Section 7802 provides for the appointment of a Commissioner of Internal Revenue by the President with such duties and powers as may be prescribed by the Secretary. **Section 301.7085-1 of Part 301, Procedure and Administration, 26 C.F.R.-Internal Revenue, empowers the Commissioner, with the approval of the Secretary, to prescribe all rules and regulations for the enforcement of the Code.** Since the procedural rules now under examination were promulgated **without the approval of the Secretary they constitute rules laid down by the Commissioner for the regulation of the affairs of his office rather than formal regulations with the force and effect of law**; and **they have no added authority by reason of the terms of the Administrative Procedure Act,** 5 U.S.C.A. § 1001 et seq., as the taxpayers contend. Section 1002 of that statute requires the publication of the rules of an agency adopted according to law for guidance of the public, and Section 1011 grants every agency the authority to comply with the requirements of the statutes through the issuance of rules or otherwise. **It is obvious, however, that the latter provision merely enables the agencies to comply with the statute and does not take the place of or modify Section 7805 from which the Secretary of the Treasury or his delegate derives authority to prescribe needful rules for the enforcement of the Internal Revenue laws.**

Even if it should be supposed that the procedural rules have the same authority as if they had been issued by the Commissioner with the approval of the Secretary in strict conformity to **Section 7805, their directory character would still be apparent.** Obviously, they are rules to govern the conduct of the agents of the Internal Revenue Service in the performance of their duty to determine the correctness of the income tax returns of the taxpayers. They are carefully devised to avoid litigation in disputed cases by affording an opportunity to the taxpayer to agree with examining agents in adjustments of the tax shown on the return and by authorizing the *565 representatives of the Commissioner to enter into compromises and settlements when complete agreement cannot be had. **To this end, if a return has been audited and found to be incorrect the taxpayer is**

notified and given an opportunity to agree to the changes suggested by the agent and, if no agreement is reached, further informal conferences between the taxpayer and the Government agents may be had in the auditing office of the District Director and later with the Appellate Board of the District. Obviously, this pretrial procedure is of great value both to the taxpayer and to the Government in composing disputed questions of fact and law and avoiding the delay and expense of litigation; and it is so much to the interest of the parties that it is customarily employed. We think, <u>however, that the rules are directory and not mandatory in legal effect, and they do not curtail the power conferred upon the Secretary of the Treasury or his delegate by § 6212, I.R.C. to send a notice of deficiency if he determines that there is a deficiency in the tax shown on the taxpayer's return.</u>

## IV.  Circulars Have No Force and Effect of Law.

In *Muncle Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180 (5th Cir. 1975) "The trial court, conceded that the circulars were without the force or effect of law . . ."

In *Rank v. Nimmo*, 677 F.2d 692, 698, to wit:

It is clear that the VA Act, by its terms, imposes no legal duty upon the VA to undertake loan servicing of VA-guaranteed loans. If such duty exists, it must be derived from statements found in the Lenders' Handbook and VA circulars. We note at the outset "that not all agency policy pronouncements which find their way to the public can be considered regulations enforceable in federal court." *Chasse v. Chasen*, 595 F.2d 59, 62 (1st Cir. 1979). In order for the Lenders Handbook and the VA **circulars** to have the "**force and effect of law,**" they must (1) **prescribe substantive rules**-not interpretive rules, general statements of policy or rules of agency organization, procedure or practice-and, (2) conform to certain procedural requirements. *Chrysler Corp. v. Brown*, 441 U.S. 281, 301, 99 S.Ct. 1705, 1717, 60 L.Ed.2d 208 (1979). The **first element** requires that the rules be **legislative in nature, affecting individual rights and obligations**. Id. at 302, 99 S.Ct. at 1717. The **second element** requires that the agency promulgate the **rules pursuant to a specific statutory grant of authority** and in conformance with the procedural requirements imposed by Congress. Id. at 302-03, 99 S.Ct. at 1717-1718.

In *United States of America v. Fifty-Three (53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982) "See *id.* at 698-699 (holding that VA Lenders' Handbook and VA

Circulars **do not have the force and effect of law.**) FN9 (As was the case in *Rank v. Nimmo*, 677 F.2d at 698 n.10, nothing in the record here suggests that Appellant relied to his detriment on s 12.28 of the Customs Manual.)

In *In re Air Disaster at Lockerbie Scotland on De. 21, 1988*, 37 F.3d 804, 821-822 (2nd Cir. 1994) "With respect to the exclusion of the documentary evidence there was no abuse of discretion.  That evidence was proffered in the form of British Department of Transport documents and notably included **circulars** not having the force of law."

### V.  Actual Notice Means "Awareness of sufficient facts to State a Claim;" and, "receipt of Notice"; and, Actual Notice means that a person actually knows or could discover by making a reasonable investigation; and, "Express information of a fact;" and "Actual Notice is a question of fact."

In *Prouty v. Devin*, 50 P. 380, 381 (Sup.Ct.Ca. 1897) **"Notice is actual or constructive. Actual notice is that which consists in express information of a fact, and constructive notice is that which is imputed by law."** In *Ferraro v. Humphrey*, 242 F.Supp.3d 732, 739 (N.D.Ind. 2017) "Actual Notice means notice sufficient to permit the insurer to locate the suit and defend it (cites omitted). In *McCarthy v. Lane*, 16 N.E. 683, 685 (Sup.Jud.Ct.Mass. 1938) "Actual Notice is a question of fact." See also *Mara v. Pierce*, 9 Gray 306, 307 (Sup.Jud.Ct.Mass. 1857). In *Petition of Alchemedes/Brookwood, Ltd. Partnership*, 546 N.W.2d 41, 42 (**Ct.App.Minn.** 1996) "Actual notice means actual knowledge. See *Comstock & Davis Inc. v. G.D.S. & Assocs*, 481 N.W.2d 82, 85 (Minn.App. 1992 (actual notice requires knowledge of enforceable agreement.). In *Comstock & Davis, Inc. v. G.D.S. & Assoc.*, 481 N.W.2d 82, 85 (**Ct.App.Minn.** 1992), to wit:

> **Constructive notice is a creature of statute** and, as a **matter of law**, imputes notice to all purchasers of any properly recorded instrument even though the purchaser has no **actual notice** of the record." * * *

**Implied notice** occurs where one has "*actual knowledge* of facts which would put one on further inquiry." *Id.* (emphasis in original). **Inquiry notice** is thus distinguished from **actual notice**, which requires conveying knowledge of a signed, enforceable agreement. *See Levine v. Bradley Real Estate Trust,* 457 N.W.2d 237, 240 (Minn.App.1990) (no **actual notice** of easement based merely upon telephone conversation that gives notice a document concerning parking privileges *might* be signed), *pet. for rev. denied* (Minn. Aug. 7, 1990).

In *United States v. Real located at 7215 Longboat Drive (Lot 24),* 750 F.3d 968, 974 (8th Cir. 2014) "The Supreme Court concluded in *Dusenbery v. United States,* 534 U.S. 161, 169 n.5 (2002), that in general "actual notice" means "receipt of notice." See also *United States v. Pulg,* 419 F.3d 700, 706 (8th Cir. 2005) As the Supreme Court explained in *Dusenbery v. United States,* 534 U.S. 161, 169 n.5 (2002) "**actual notice** means the same thing as "receipt of notice." Due process does not require the government to provide interested parties with "actual notice," but requires that the government "*attempt to provide* **actual notice**" by means reasonably calculated to inform the absent party. *Id.* at 169–70, 122 S.Ct. 694."

In *SD3 II LLC v. Black & Decker (U.S.) Incorporated,* 888 F.3d 98, 108-109, 112 115-116 (4th Cir. 2018), to wit:

**Actual notice** is a straightforward concept to which we have long applied the standard that the plaintiff knew the " '**fraudulently concealed facts, which are the basis of a claim.'** " *Go Comput.,* 508 F.3d at 178 (quoting *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 218 (4th Cir. 1987) ); *accord Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.,* 71 F.3d 119, 122 (4th Cir. 1995) (holding that to prove fraudulent concealment the plaintiff must demonstrate that the defendant "**fraudulently concealed** *facts that are the basis of the plaintiff's claim*" (emphasis added) ). Thus, a plaintiff is on **actual notice** if it has "**sufficient facts to identify a particular cause of action.**" *Hobson v. Wilson,* 737 F.2d 1, 35 (D.C. Cir. 1984), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,*

507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). **Mere "hints, suspicions, hunches or rumors"** are not enough to put a plaintiff on **actual notice.** *Hobson*, 737 F.2d at 35. Instead, the plaintiff must be able to plead the factual allegations necessary to withstand a motion to dismiss, including "both the injury that g[ave] rise to [its] claim and the injurer." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 386 (7th Cir. 2010).

\* \* \*

[112] **Actual notice"** means notice of **sufficient facts,** "which are the **basis of a claim,"** *Go Comput.*, 508 F.3d at 178, including identification of the injury, the injurer, and the type of injury

\* \* \*

[155-166] For more than 40 years, this Court has been unwavering in our articulation of what **actual notice** requires: **awareness of sufficient facts to state a claim.** *See Go Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 178 (4th Cir. 2007) (explaining that antitrust plaintiff may not invoke fraudulent concealment if he has **discovered "facts which are the basis of a claim");** *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) (**"facts that are the basis of the plaintiff's claim");** \*116 *Pocahontas Supreme Coal Co. v. Bethlehem Steel*, 828 F.2d 211, 218 (4th Cir. 1987) (**"facts which are the basis of a claim");** *Charlotte Telecasters, Inc. v. Jefferson–Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976) (**"facts which are the basis of his cause of action").**

It is axiomatic that the "facts which are the basis of a claim" or "cause of action" are those which enable a party to bring a valid suit. *See* Cause of Action, *Black's Law Dictionary* (10th ed. 2014) ("A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to *obtain a remedy in court from another person.*" (emphasis added) ). Thus, as the majority opinion correctly explains, for a plaintiff to be on **actual notice,** it **"must be able to plead the factual allegations necessary to withstand a motion to dismiss."** *Ante* at 109.

This rule is consistent with the approach taken by our sister circuits. *See, e.g., Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 385 (7th Cir. 2010) ("A defendant who prevents a plaintiff from obtaining information that he needs *in order to be able to file a complaint that will withstand dismissal* is forbidden ... to plead the statute of limitations for the period in which the inquiry was thwarted." (emphasis added) ); *Conmar Corp. v. Mitsui & Co.*, 858 F.2d 499, 504 (9th Cir. 1988) (**holding** that **actual notice** requires **"knowledge [that] would ... justify the filing of a complaint");** *Hobson v. Wilson*, 737 F.2d 1, 35 (D.C. Cir. 1984) (holding that **actual notice** requires **"awareness of sufficient facts to identify a**

**particular cause of action" and "to file suit"**), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

And this long-standing and widely embraced rule—that a plaintiff is on **actual notice *only* when it is aware of sufficient facts to state a claim that withstands a motion to dismiss**—balances the interests served by the fraudulent concealment doctrine: obliging plaintiffs to file suit in a timely fashion once they are aware, or should be aware, of facts sufficient to state a claim that can withstand a motion to dismiss, while preventing wrongdoers from avoiding liability by concealing their wrongdoing. *See Marlinton*, 71 F.3d at 122 ("The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from concealing a fraud, or ... committing a fraud in a manner that concealed itself until the defendant could plead the statute of limitations to protect it." (internal quotation marks omitted) ). To that end, any rule that would treat a plaintiff as being on **actual notice** under a standard more favorable to defendants—in situations when the plaintiff lacks knowledges of sufficient facts to state a claim that would withstand dismissal—would wrongly "creat[e] the anomalous situation of *requiring persons to file suit on a hunch*, only to be dismissed for failure to state a claim." *Hobson*, 737 F.2d at 39 (emphasis added). As the majority opinion correctly states, "[m]ere 'hints, suspicions, hunches or rumors' are not enough to put a plaintiff on **actual notice**." *Ante* at 109 (quoting *Hobson*, 737 F.2d at 35). Accordingly, a plaintiff is on **actual notice** when it knows of "enough factual information from which [it] could plead [its] cause of action for Rule 12(b)(6) purposes." *Id.* at 112.

## VI.  Conclusion

As **USDC** is not exercising the "judicial Power of the United States" arising under Article III Sections 1 and 2 but is exercising the "judicial Power of a district court" codified in 28 U.S.C. § 132, being in reality a modern-day Star Chamber.

And further, the Minor Inquisitor and Major Inquisitor holding that the "United States of America" has no legal difference with "United States" is  going to shake the foundations of our Republic.  If the "United States of America is a sovereign body politic" evidenced in in the public Record evidenced by Docket 152 Attach 2; therein

*flows a fortiori* that the "United States is a sovereign body politic" which will have repercussions within the "Constitution of the United States" being now the "Constitution of the United States of America" such as 1 Stat. 97 and 1 Stat 98 "amendments to the Constitution of the United States of America," the Oath in Article II Clause 8 is now also "Constitution of the United States of America" and "President of the United States of America" is not correct except in one place in the "Constitution of the United Staets;" and Preamble that was "establish this Constitution **for the United States of America**" is not to establish this Constitution for the United States," Article II Section 4 "civil Officers of the United States" is now also "civil Officers of the United States of America," in Article III Section 2 and Article VI Clause 2, "the Laws of the United States" is now the "Laws of the United States of America," and amazingly Articles of Confederation for the "United States of America" is also the Articles of Confederation for the "United States."  This just a very minuscule sample of the CON of the Minor Inquisitor and the Major Inquisitor untrammeled by the "Constitution of the United States," the "Laws of the United States," holding and precedents of the "Supreme Court of the United States" that is now also the "Supreme Court of the United States of America."  Imagine when the Justices of the Supreme Court of United States find out that two Inquisitors in Minnesota have enlightened them of that the "United States" and the "United States of America" are exactly the same—Darn founders of Republic were just so plain stupid it seems.

Yes, the "United States" was the real party of interest from 1789 to 1913; and then magically right after the Seventeenth Amendment passed the "United States" was no

longer the real party of interest with "standing" but the "United States of America" showed up.  Of course with the CON of no citizens of the several States (We the People) exercising right of suffrage and the elective franchise and the Legislatures of the several States no longer electing "Senators of the United States," we are back to the plenary Powers of Congress with Legislating for "agencies" under "regulations" and the President of the United States using Executive Orders as the under 49 Stat. 501 "Federal agency" or "agency" mean the President of the United States.

**As plead with the evidence of public records and unambiguous Statues of the United States *this Court* (USDC") lacks "subject matter jurisdiction" arising under Article III Sections 1 and 2 excising the judicial Power of the United States and the "United States of America is a sovereign body politic" has no authority or standing under the Constitution of United States within the several States, being the Union of States.**

**And further, *this Court* (USDC) lacks personal jurisdiction an no evidence has been supplied that the Mooneys are in fact "citizens of the United States."**

Therefore as a Controversy in  this instant Case Must again be Dismissed with Prejudice.

My Hand, *William Joseph Mooney*

My Hand, *Joni Therose Mooney*

### VII.  Verified Affidavit of William Joseph Mooney

**State of Minnesota**     )
                          ) ss.
**Morrison County**        )

I, William Joseph Mooney, do hereby swear (or affirm) that the facts in this Verified Affidavit and This First Opposition are true and correct under the penalties of perjury.

1. My true name is William Joseph Mooney.

2. I am of the age of majority and competent to testify to the facts in this Verified Affidavit and to the facts evidenced with the "actual notice" in the **Certified Copy** of **"Certificate of Political Status, Citizen Status and Allegiance"** of **William Joseph Mooney** which is a certified copy of the Public Record filed into the **Office of County Recorder, Morrison County, Minnesota, Doc. #556420, being Recorded on June 11th, 2018 that filed into the "District Court of the United States" in Docket 155.**

3. I have personal knowledge that has not been any appearance in this instant Case of the **"Counsel for the United States of America."**

4. I am a "citizen of Minnesota.

5. I am domiciled in the Minnesota, one of the several States.

6. I am not a "citizen of the United States."

7. I am a "national of the United States" that owes permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) ""a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

8. I am not domiciled, have residence or reside in any "Federal Area" as defined

in codified in 4 U.S.C. § 110.

8. I challenged subject matter jurisdiction of *this Court* (**"United States District Court"**) the Plaintiff, being the "United States of America" but the Plaintiff never did put in the Record the Subject Matter Jurisdiction of *this Court* arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" in "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United Stated and Treaties made, or with shall be made, under their Authority."

10. *This Court's* (**USDC**) alleged authority is found the public record codified in 28 U.S.C. § 132(c) exercising "**[T]he judicial power of a district court**" that is derived from the "Territory of Hawaii" as documented in the Reviser's Notes.

11. I have never given *this Court* **knowingly, tacitly or by any other means "personal jurisdiction."**

12. I am proceeding in this instant Case under threat, duress and coercion.

13. There is not one scintilla of sworn testimony in this instant Case.

14. *This Court* (**USDC**) has used public record filings supported by Declarations and off premise Depositions to give the appearance of an adversarial Court of the United States Arising under Article III Sections 1 and 2.

15. The "**United States of America is a sovereign body politic,**" which will be evidenced by a Motion with the attachment identifying one hundred eight (108) Cases in various USDC's in the public Record evidenced by Docket 152 Attach 2.

16. Judge Nelson's (Chief Inquisitor) holding in Docket 143, Page 5 "[T]here is no legal distinction between the United States and the United States of America" is lie

prejudicing this instant Case.

17.   I clothe all of the facts in **Docket 155 of Mooney's Political Status, Citizenship and Allegiance as** true and correct.

My Hand, *William Joseph Mooney*

Sworn and Subscribed before me a Notary Public in and for the State of Minnesota on *March 4, 2019* .

My Civil Commission expires on *Jan 31, 2023*.



Signature of Notary Public

[SEAL]

CAROLYN D. YOTTER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2023

## VIII.  Verified Affidavit of Joni Therese Mooney

**State of Minnesota**        )
                          ) ss.
**Morrison County**          )

I, Joni Therese Mooney, do hereby swear (or affirm) that the facts in this Verified Affidavit and This First Opposition are true and correct under the penalties of perjury.

1. My true name is Joni Therese Mooney.

2. I am of the age of majority and competent to testify to the facts in this Verified Affidavit and to the facts evidenced with the "actual notice" in the **Certified Copy** of **"Certificate of Political Status, Citizen Status and Allegiance"** of Joni Therese Mooney **y** which is a certified copy of the Public Record filed into the **Office of County Recorder, Morrison County, Minnesota, Doc. #556419, being Recorded on June 11th, 2018 that filed into the "District Court of the United States" in Docket 156.**

3. I have personal knowledge that has not been any appearance in this instant Case of the **"Counsel for the United States of America."**

4. I am a "citizen of Minnesota.

5. I am domiciled in the Minnesota, one of the several States.

6. I am not a "citizen of the United States."

7. I am a "national of the United States" that owes permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) ""a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

8. I am not domiciled, have residence or reside in any "Federal Area" as defined in codified in 4 U.S.C. § 110.

8.  I challenged subject matter jurisdiction of *this Court* (**"United States District Court"**)  the Plaintiff, being the "United States of America" but the Plaintiff never did put in the Record the Subject Matter Jurisdiction of *this Court* arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" in "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United Stated and Treaties made, or with shall be made, under their Authority."

10.  *This Court's* (**USDC**) alleged authority is found the public record codified in 28 U.S.C. § 132(c) exercising "**[T]he judicial power of a district court**" that is derived from the "Territory of Hawaii" as documented in the Reviser's Notes.

11.  I have never given *this Court* **knowingly, tacitly or by any other means "personal jurisdiction."**

12.  I am proceeding in this instant Case under threat, duress and coercion.

13.  There is not one scintilla of sworn testimony in this instant Case.

14.  *This Court* (**USDC**) has used public record filings supported by Declarations and off premise Depositions to give the appearance of an adversarial Court of the United States Arising under Article III Sections 1 and 2.

15.  The "**United States of America is a sovereign body politic,**" which will be evidenced by a Motion with the attachment identifying one hundred eight (108) Cases in various USDC's in the public Record evidenced by Docket 152 Attach 2.

16. Judge Nelson's (Chief Inquisitor) holding in Docket 143, Page 5 "[T]here is no legal distinction between the United States and the United States of America" is lie prejudicing this instant Case.

First Opposition to Dockets 170, 171 and 172   35

17.   I clothe all of the facts in **Docket 155 of Mooney's Political Status, Citizenship and Allegiance as** true and correct.

My Hand, *Jani Therese Mooney*

Sworn and Subscribed before me a Notary Public in and for the State of Minnesota on *March 4, 2019* .

My Civil Commission expires on *Jan 31, 2023* .

*Carolyn D. Yotter*
Signature of Notary Public

[SEAL]


CAROLYN D. YOTTER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2023

## IX.  Certificate of Service

I certify that this First Opposition is comprised of 11, 508 words in 13 Font in Times New Roman.

I certify that true and correct copy of this Opposition with

Attachments was delivered personally or mailed USPS First Class

to the following parties, to wit:

**Michael R. Pahl**
**Depart of Justice, Tax Division**
**P.O. Box 7238 Ben Franklin Station**
**Washington, D.C. 20044**
Phone 202-514-6488
Fax    202-514-6770

Date:  March 4th, 2019

_William Joseph Mooney_
              Signature