US TAX COURT
RECEIVED

APR 09 2018

Attachment 2
Memorandum 2

SYM



US TAX COURT
eFILED

APR 09 2018

WILLIAM J. MOONEY,

      Petitioner,

      v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent

ELECTRONICALLY FILED

Docket No.   2429-18

# RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO IMPOSE A PENALTY UNDER I.R.C. 6673.

## CERTIFICATE OF SERVICE

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY: _Theodore Tull_

DEPUTY CLERK

SCANNED

MAR 05 2019

U.S. DISTRICT COURT MPLS

hah

Attachment 2 - page 1 of 19

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217
PA

| | |
|---|---|
| WILLIAM J. MOONEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No. 2429-18. |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent | ) |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On April 9, 2018, respondent filed a Motion To Dismiss for Lack of Jurisdiction and To Impose a Penalty under I.R.C. section 6673 on the ground that no notice of deficiency was issued to petitioner for the taxable years 1990 through 2017, within 150 days of the filing of this petition, that would permit petitioner to invoke the Court's jurisdiction; and on the ground that no notice of determination was issued to petitioner for the taxable years 1990 through 2017, within 30 days of the filing of this petition, that would permit petitioner to invoke the Court's jurisdiction. On April 25, 2018, petitioner filed a Response to the motion to dismiss and on May 8, 2018, petitioner filed First Supplement to Response to motion to dismiss. Both petitioner's Response and First Supplement contained only a copy of the petition filed on February 5, 2018, to commence this case. The record in this case does not contain any notice of deficiency for taxable years 1990 through 2017 or any notice of determination pertaining to taxable years 1990 through 2017. Consequently, this case must be dismissed for lack of jurisdiction.

Respondent has also moved for the imposition of a penalty under I.R.C. section 6673 against petitioner, but we will not impose such a penalty against petitioner today. Petitioner is strongly warned, however, that if petitioner should advance frivolous or groundless arguments to this Court in the future, the Court may impose a penalty of up to $25,000.

Upon due consideration, it is

ORDERED that respondent's above-described Motion, as supplemented, is granted in that this case is dismissed for lack of jurisdiction.

Maurice B. Foley
Chief Judge

ENTERED:   **JUL 20 2018**

Attachment 2 - page 2 of 19
**SERVED Jul 20 2018**

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY:
DEPUTY CLERK

## UNITED STATES TAX COURT

WILLIAM J. MOONEY,         )
                             )
         Petitioner,  )
                             )
         v.          )  Docket No.  2429-18
                             )
COMMISSIONER OF INTERNAL REVENUE,  )  Filed Electronically
                             )
         Respondent.  )

## MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO IMPOSE A PENALTY UNDER I.R.C. § 6673

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the grounds that:

1. no statutory notice of deficiency, as authorized by I.R.C. § 6212 and required by I.R.C. § 6213(a) to form the basis for a petition to this Court, has been sent to petitioner with respect to taxable years 1990 through 2017 within 150 days of the mailing date of the petition or the filing date of the petition, and

2. no notice of determination, as authorized and required by I.R.C. § 6330 to form the basis for a petition to this Court, has been sent to petitioner with respect to taxable years 1990 through 2017 within 30 days of the mailing date of the petition or the filing date of the petition.

RESPONDENT FURTHER MOVES that the Court impose a penalty,

Docket No. 2429-18        - 2 -

in an appropriate amount, pursuant to I.R.C. § 6673, based upon the fact that petitioner has instituted these proceedings primarily for the purpose of delay and/or petitioner's position is frivolous or groundless.

IN SUPPORT THEREOF, respondent respectfully states:

1.  Petitioner seeks a redetermination of alleged deficiencies determined by respondent for the taxable years 1990 through 2017 (i.e., 28 years).  Petitioner also seeks a redetermination of alleged notices of determination concerning collection action for the taxable years 1990 through 2017.

2.  No document was attached to the copy of the petition served on respondent as the notice of deficiency or notice of determination for the taxable years 1990 through 2017, as required by Tax Court Rule 34(b)(8).

I.   **The Petitioner Should Be Subject to a Section 6673 Penalty Because the Petition is Frivolous or Was Filed Purely to Delay.**

3.  In this case, petitioner is invoking the Tax Court's

Docket No. 2429-18                    - 3 -

jurisdiction knowing that the Tax Court lacks jurisdiction.[1]  As

of March 20, 2018, the St. Paul office has 28 of these cases.[2]

In this case, like the other cases with St. Paul, petitioner

states the date of the purported notices is "N/A or not

received" or something similar and states the same thing in the

explanation for the disagreement with the Service's

determination.

4.   In addition to failing to plead "[c]lear and concise

assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination

of the deficiency or liability" as required by Tax Court Rule

34(b)(4), none of the St. Paul petitioners have attached any

documents to the petition showing the Court has jurisdiction

over the case.   See Tax Court Rule 34(b)(8).

5.   These filings are petitioners' attempts to abuse the

Court's policy of requiring respondent to prove lack of

jurisdiction rather than requiring petitioners to prove

jurisdiction.

---

[1] There are currently over 350 similar cases across the nation.
Some of the earliest cases filed were the petitions at docket
numbers 19180-17, 19189-17, 20428-17, 20429-17, 24060-17, 24414-
17, 24461-17, 24692-17, and 24736-17.
[2] Docket Nos. 26159-17, 4415-18, 25306-17, 1871-18, 1870-18,
26258-17, 4205-18, 462-18, 1398-18, 4416-18, 3073-18, 3248-18,
1970-18, 1439-18, 25748-17, 25745-17, 2429-18, 3095-18, 125-18,
637-18, 653-18, 4414-18, 25656-17, 25307-17, 3797-18, 3413-18,
4061-18, and 1890-18.

Docket No. 2429-18                - 4 -

6.   Several facts demonstrate these cases in St. Paul[3] are being filed to pursue frivolous or groundless arguments or solely to delay.

   a. These taxpayers all include decades of years in which they seek to invoke the Tax Court's jurisdiction.  The largest number of years the St. Paul office has seen thus far in one petition is 62 years.

   b. For those petitions filed in 2017, they include the 2017 year even though the year had not yet passed.

   c. For those petitions filed in 2018, they include the 2017 year even though those returns are not even yet due.

   d. These taxpayers all check both notices of deficiency and notices of determination on the petition form.

   e. These taxpayers all fail to include any documents attached to the petition to show the Court's jurisdiction.

   f. These taxpayers all state the date the purported notices of deficiency and notices of determination were issued was "N/A" or "Not applicable" or "Not received" or "Not issued."

   g. The taxpayers all explain the reason they disagree with

---

[3] Respondent's counsel believes the other cases filed across the country are similar.

Docket No. 2429-18                    - 5 -

the purported notice of deficiency and notices of
determination was "N/A" or "Not applicable" or "Not
received" or "Not issued."

h. The taxpayers who responded to the St. Paul counsel's
call or motions regarding whether they objected to our
motions each stated they did not object to dismissal.

i. All of the petitions failed to include the filing fee
with their petition.  And even after the Court issued
orders for filing fees, none of them then paid the filing
fee.  (The time to pay the filing fee pursuant to the
Court's order in St. Paul cases has passed in the
following cases without payment of the filing fee: Docket
Nos. 26159-17, 25306-17, 1871-18, 1870-18, 26258-17, 462-
18, 1970-18, 1439-18, 25748-17, 25745-17, 125-18, 637-18,
653-18, 25656-17, 25307-17, and 1890-18.)

j. In addition, in several cases where the Court ordered
ratifications or amended petitions and the filing fee,
the taxpayer followed the order(s) as to the
ratifications and amended petitions but not as to paying
the filing fee. Docket Nos. 26258-17, 25748-17, 637-18,
653-18, and 25656-17.

k. Most of the petitioners in these cases added oddly
similar items in their signature by either putting the

Docket No. 2429-18               - 6 -

word "By" in front of their signatures, or by also
putting odd capitalization and punctuation (for example,
it would say something like "by john-jane : doe agent").

1. Respondent's review of its files shows that for most of
the years included in the petitions, the years dropped
off the normal electronic records years ago because it
had no balance due and there had been no activity for at
least 51 months when it dropped off.

m. Moreover, for those few years for each taxpayer that
still had open accounts, the vast majority have no
balance due.

n. For those few remaining accounts that were not full paid,
even if the Service had issued notices of deficiency or
notices of determination, they were sent well outside the
time for filing the petitions.

o. Thus far, respondent has found no case where petitioners
had a "ticket to the Tax Court" such that either a notice
of deficiency was issued or a notice of determination was
issued for the petitioners to timely file a petition for
a single year in any of the cases, let alone the decades
in each petition.

7.  By including decades and claiming it was for both
notices of deficiency and notices of determination, petitioners

Docket No. 2429-18            - 7 -

were sending respondent on excessive and wasteful searches to look for up to three different notices per year (i.e., notice of deficiency, notice of determination as to lien filing, and notice of determination as to proposed levy) that petitioners knew did not exist.  Thus, for these cases, that means the taxpayer's claims would require the Service to procure as many as 186 (62 x 3) notices over which the taxpayer was attempting to invoke the Court's jurisdiction.

8.   The frivolous nature of these petitions becomes more apparent when you consider that for the oldest years included in these petitions, it is likely that the ten year (and because of the age, for some of these years it would have been a six year) collection statute of limitations has long since passed.  See I.R.C. §6502; see also I.R.C. §6501 (the general assessment statute of limitations is 3 years from filing a return).

9.   For the foregoing reasons, the petitions in these cases are frivolous on their face, these cases where filed purely to raise frivolous or groundless issues or purely to delay, and petitioners should be liable for the Section 6673 penalty. Moreover, in these cases, where petitioners have filed these cases to pursue frivolous or groundless arguments or purely to delay, each petitioner should be required to prove the Court has jurisdiction for these periods.

Docket No. 2429-18                    - 8 -

10. This case follows exactly the same pattern as the other St. Paul cases in which petitioners included decades of years, claim to be raising both notices of deficiency and notices of determination, and state the date of the purported notices and issues are "NA" or something similar.  Thus, petitioner filed this case purely to raise frivolous or groundless issues or purely to delay, and petitioner should be liable for the Section 6673 penalty.

II.   **The Tax Court Lacks Jurisdiction Because No Notice Sufficient to Confer Jurisdiction on the Court in this Case Has Been Issued.**

11. The Tax Court is a court of limited jurisdiction.  It may, therefore, exercise jurisdiction only to the extent expressly provided by statute.  <u>Naftel v. Commissioner</u>, 85 T.C. 52, 529 (1985).  In addition, jurisdiction must be proven, affirmatively, and a party invoking the Court's jurisdiction bears the burden of proving that the Court has jurisdiction over the party's case.  <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960).

12. In a deficiency case, the Court's jurisdiction depends on the issuance of a valid notice of deficiency and a timely filed petition.  T.C. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93

Attachment 2- pg 10

Docket No. 2429-18                    - 9 -

T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). The notice of deficiency has been described as "the taxpayer's ticket to the Tax Court" because without it, there can be no prepayment judicial review by the Tax Court of the deficiency determined by respondent. <u>Mulvania v. Commissioner</u>, 81 T.C. 65, 67 (1983).

13. Similarly, in a case seeking review of collection activity, the Court's jurisdiction to review certain collection activity of the IRS depends on the issuance of a valid notice of determination under I.R.C. section 6320 or 6330 and the timely filing by the taxpayer of a petition within 30 days of that determination (after the taxpayer has timely requested a collection due process hearing). <u>Smith v. Commissioner</u>, 124 T.C. 492, 498 (2000); I.R.C. § 6320(c) & 6330(d)(1); T.C. Rule 330(b).[4]

14. Accordingly, the Court cannot consider the merits of a case unless the Court first has jurisdiction of the case.

15. As set forth above, on the face of the petition, it is apparent the petitioner is attempting to invoke the Court's jurisdiction knowing the Tax Court lacks jurisdiction.

16. Thus, petitioner should be required to affirmatively

---

[4] Paragraphs 11 through 13 were taken from the Court's Order to Show Cause dated February 23, 2018, in the case of <u>Thomas John Squirek v. Commissioner</u>, Docket No. 25307-17.

Docket No. 2429-18                    - 10 -

prove jurisdiction in this case, and this case should be

dismissed if petitioner cannot prove jurisdiction.

A. **No Notices of Deficiency have been issued within 150 days**
   **of the mailing or filing of the petition.**

   17. The petition in this case indicates that petitioner is

disputing purported notices of deficiency for 1990 through 2017.

Respondent has diligently searched his records and contacted

I.R.S. personnel in an attempt to determine whether notices of

deficiency were issued for petitioner's taxable years 1990

through 2017 such that they would provide jurisdiction to the

Court in this case pursuant to I.R.C. § 6213 and § 7502 to form

a proper basis for this case.

   18. Under I.R.C. § 6213, such a notice of deficiency was

required to be issued within no more than 150 days from the

mailing or filing of the petition.   I.R.C. § 7502.

   19. Based on said diligent search, and based on a review of

respondent's records kept in the ordinary course of business

when respondent issues and mails a notice of deficiency to a

specific taxpayer, there is no record, information, or other

evidence indicating that a notice of deficiency authorized by

I.R.C. § 6212 was mailed to petitioner within the time frame

(i.e., at most 150 days) required for petitioner to have timely

filed a petition with respect to the taxable years 1990 through

attachment 2 - pg 12

Docket No. 2429-18                    - 11 -

2017.

20. Accordingly, respondent has determined, based upon the foregoing, that no notice of deficiency sufficient to confer jurisdiction on the Court in this case pursuant to I.R.C. §§ 6212 and 6213(a) has been sent to petitioner with respect to the taxable years 1990 through 2017.

21. Respondent has further determined based upon the above-described diligent search that no other determination has been made by respondent that would confer jurisdiction upon this Court in this case.

22. Because of the apparent frivolous nature of this case, respondent requests that petitioner be required to offer clear and concise statements regarding his dispute with respondent as required by Tax Court Rule 34(b)(4), petitioner be required to provide any notices petitioner asserts gives this court jurisdiction (see Tax Court Rule 34(b)(8)), and petitioner as the party invoking the Court's jurisdiction bear the burden of proving that the Court has jurisdiction over the party's case. Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960).

23. Petitioner has neither produced, nor otherwise demonstrated, that a notice of deficiency or other determination

attachment 2 - pg 13

Docket No. 2429-18                    - 12 -

sufficient to confer jurisdiction on this Court in this case was

mailed to petitioner within the time frame required by I.R.C.

§ 6213 and Tax Court Rule 34(b), or other applicable provisions

of the Internal Revenue Code or Rules of this Court.

**B. No Notices of Determination have been issued within 30**

**days of the mailing or filing of the petition.**

24. The petition in this case indicates that petitioner is

disputing purported notices of determination[5] for 1990 through

2017. Respondent has diligently searched his records and

contacted I.R.S. personnel in an attempt to determine whether

notices of determination were issued for petitioner's taxable

years 1990 through 2017 such that they would provide

jurisdiction to the Court in this case pursuant to I.R.C. § 6330

and § 7502 to form a proper basis for this case.

25. Under I.R.C. § 6330, such a notice of determination was

required to be issued no more than 30 days from the mailing or

filing of the petition.

26. Based on said diligent search, and based on a review of

respondent's records kept in the ordinary course of business

---

[5] Collection due process rights were added to the code in 1998.
P.L. 105-206, Sec. 3401(a). The petitioners claim that notices
of determination were issued for the oldest years, raises the
likelihood that such claims are frivolous because petitioner
could not have been entitled to CDP rights, and hence a notice
of determination, if those periods were full paid prior to the
law's existence.

Docket No. 2429-18                    - 13 -

when respondent issues and mails a notice of determination to a specific taxpayer, there is no record, information, or other evidence indicating that a notice of determination authorized by I.R.C. § 6330 was mailed to petitioner within the time frame (i.e., 30 days) required for petitioner to have timely filed a petition with respect to the taxable years 1990 through 2017.

27. Accordingly, respondent has determined, based upon the foregoing, that no notice of determination sufficient to confer jurisdiction on the Court in this case pursuant to I.R.C. § 6330 has been sent to petitioner with respect to the taxable years 1990 through 2017.

28. Respondent has further determined based upon the above-described diligent search that no other determination has been made by respondent that would confer jurisdiction upon this Court in this case.

29. Because of the frivolous nature of this case, respondent requests that petitioner be required to offer clear and concise statements regarding his dispute with respondent as required by Tax Court Rule 34(b)(4), petitioner be required to provide any notices petitioner asserts gives this court jurisdiction (see Tax Court Rule 34(b)(8)), and petitioner as the party invoking the Court's jurisdiction bear the burden of proving that the Court has jurisdiction over the party's case.

attachment 2 - pg 15

Docket No. 2429-18                    - 14 -

Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's

Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180

(1960).

30. Petitioner has neither produced, nor otherwise

demonstrated, that a notice of determination or other

determination sufficient to confer jurisdiction in this case on

this Court was mailed to petitioner within the time frame

required by I.R.C. § 6330 and Tax Court Rule 34(b), or other

applicable provisions of the Internal Revenue Code or Rules of

this Court.

**Conclusion**

31. This case is being pursued by petitioner based on

purely frivolous or groundless issues or solely to delay.  Thus,

the petitioner in this case should be required to affirmatively

prove jurisdiction.

32. The Tax Court lacks jurisdiction in this case either

because the issuance of such a notice was outside the time frame

required for petitioner to timely file a petition, or because no

notice of deficiency or notice of determination was issued.[6]  See

I.R.C. § 6213 and § 6330.

---

[6] Petitioner may always file a claim for refund after paying any outstanding
liabilities if petitioner claims a notice of deficiency or notice of
determination was not issued or issued outside the time frame for filing a
timely petition with Tax Court in this case.

attachment 2 - Pg 16

Docket No. 2429-18               - 15 -

33. Moreover, if petitioner cannot prove the Court has jurisdiction, then petitioner should be liable for a Section 6673 penalty for pursuing this case purely to raise frivolous or groundless arguments or to delay.

34. On April 6, 2018, respondent's counsel spoke with petitioner by phone and requested that he provide a notice of deficiency or notice of determination or any other document showing the Tax Court had jurisdiction for any of the years in this case. Petitioner said he does not have any such documents, and the petition itself indicates petitioner lacks any document proving jurisdiction in this case.

35. Petitioner indicated to respondent's counsel that he filed the petition to find out if there is any tax liability or notices. Petitioner is aware that tax liabilities exist, as an action to reduce federal tax and penalty assessments to judgment and enforce federal tax liens is currently pending against him in United States District Court, District of Minnesota, Docket No. 16-cv-02547. Petitioner has been active in that case and filed multiple documents with the Court. Accordingly, petitioner's statement regarding his purpose in filing the petition further supports that he filed the petition for frivolous or groundless reasons or for delay.

Docket No. 2429-18                - 16 -

36. Petitioner does not object to dismissal but does object to imposition of penalties.

WHEREFORE, respondent requests that this motion be granted.

WILLIAM M. PAUL
Acting Chief Counsel
Internal Revenue Service

Date: 4/9/18                    By: _Shannon M. Harmon_

SHANNON M. HARMON
Attorney
(Small Business/Self-Employed)
Tax Court Bar No. HS0485
380 Jackson Street, Suite 650
St. Paul, MN 55101
Telephone: (651)361-1805

OF COUNSEL:
BRUCE K. MENEELY
Division Counsel
(Small Business/Self-Employed)
VICKI L. MILLER
Area Counsel
(Small Business/Self-Employed:Area 9)
JOHN C. SCHMITTDIEL
Associate Area Counsel
(Small Business/Self-Employed)

attachment 2- pg 18

Docket No. 2429-18

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO IMPOSE A PENALTY UNDER I.R.C. § 6673 was served on petitioner by mailing the same on April 9, 2018 in a postage paid wrapper addressed as follows:

William J. Mooney
409 6th Avenue Northwest
Little Falls, MN 56345

Date: April 9, 2018

SHANNON M. HARMON
Attorney (St. Paul)
(Small Business/Self-Employed)
Tax Court Bar No. HS0485

attachment 2- pg 19