PUBLIC LAW 103-31—MAY 20, 1993     107 STAT. 77

Public Law 103-31
103d Congress

# An Act

To establish national voter registration procedures for Federal elections, and for other purposes.

May 20, 1993
[H.R. 2]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "National Voter Registration Act of 1993".

National Voter Registration Act of 1993. Intergovernmental relations.
42 USC 1973gg note.
42 USC 1973gg.

**SEC. 2. FINDINGS AND PURPOSES.**

(a) FINDINGS.—The Congress finds that—

(1) the right of citizens of the United States to vote is a fundamental right;

(2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and

(3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.

(b) PURPOSES.—The purposes of this Act are—

(1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office;

(2) to make it possible for Federal, State, and local governments to implement this Act in a manner that enhances the participation of eligible citizens as voters in elections for Federal office;

(3) to protect the integrity of the electoral process; and

(4) to ensure that accurate and current voter registration rolls are maintained.

**SEC. 3. DEFINITIONS.**

42 USC 1973gg-1.

As used in this Act—

(1) the term "election" has the meaning stated in section 301(1) of the Federal Election Campaign Act of 1971 (2 U.S.C. 431(1));

(2) the term "Federal office" has the meaning stated in section 301(3) of the Federal Election Campaign Act of 1971 (2 U.S.C. 431(3));

(3) the term "motor vehicle driver's license" includes any personal identification document issued by a State motor vehicle authority;

Attachment 3- page 1 of 13

SCANNED
MAR 05 2019
U.S. DISTRICT COURT MPLS

**107 STAT. 78**          PUBLIC LAW 103-31—MAY 20, 1993

(4) the term "State" means a State of the United States and the District of Columbia; and
(5) the term "voter registration agency" means an office designated under section 7(a)(1) to perform voter registration activities.

42 USC 1973gg-2. **SEC. 4. NATIONAL PROCEDURES FOR VOTER REGISTRATION FOR ELECTIONS FOR FEDERAL OFFICE.**

(a) IN GENERAL.—Except as provided in subsection (b), notwithstanding any other Federal or State law, in addition to any other method of voter registration provided for under State law, each State shall establish procedures to register to vote in elections for Federal office—
   (1) by application made simultaneously with an application for a motor vehicle driver's license pursuant to section 5;
   (2) by mail application pursuant to section 6; and
   (3) by application in person—
      (A) at the appropriate registration site designated with respect to the residence of the applicant in accordance with State law; and
      (B) at a Federal, State, or nongovernmental office designated under section 7.

(b) NONAPPLICABILITY TO CERTAIN STATES.—This Act does not apply to a State described in either or both of the following paragraphs:
   (1) A State in which, under law that is in effect continuously on and after March 11, 1993, there is no voter registration requirement for any voter in the State with respect to an election for Federal office.
   (2) A State in which, under law that is in effect continuously on and after March 11, 1993, or that was enacted on or prior to March 11, 1993, and by its terms is to come into effect upon the enactment of this Act, so long as that law remains in effect, all voters in the State may register to vote at the polling place at the time of voting in a general election for Federal office.

42 USC 1973gg-3. **SEC. 5. SIMULTANEOUS APPLICATION FOR VOTER REGISTRATION AND APPLICATION FOR MOTOR VEHICLE DRIVER'S LICENSE.**

(a) IN GENERAL.—(1) Each State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application.
   (2) An application for voter registration submitted under paragraph (1) shall be considered as updating any previous voter registration by the applicant.

(b) LIMITATION ON USE OF INFORMATION.—No information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration.

(c) FORMS AND PROCEDURES.—(1) Each State shall include a voter registration application form for elections for Federal office as part of an application for a State motor vehicle driver's license.
   (2) The voter registration application portion of an application for a State motor vehicle driver's license—

(A) may not require any information that duplicates information required in the driver's license portion of the form (other than a second signature or other information necessary under subparagraph (C));

(B) may require only the minimum amount of information necessary to—

(i) prevent duplicate voter registrations; and

(ii) enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process;

(C) shall include a statement that—

(i) states each eligibility requirement (including citizenship);

(ii) contains an attestation that the applicant meets each such requirement; and

(iii) requires the signature of the applicant, under penalty of perjury;

(D) shall include, in print that is identical to that used in the attestation portion of the application—

(i) the information required in section 8(a)(5) (A) and (B);

(ii) a statement that, if an applicant declines to register to vote, the fact that the applicant has declined to register will remain confidential and will be used only for voter registration purposes; and

(iii) a statement that if an applicant does register to vote, the office at which the applicant submits a voter registration application will remain confidential and will be used only for voter registration purposes; and

(E) shall be made available (as submitted by the applicant, or in machine readable or other format) to the appropriate State election official as provided by State law.

(d) CHANGE OF ADDRESS.—Any change of address form submitted in accordance with State law for purposes of a State motor vehicle driver's license shall serve as notification of change of address for voter registration with respect to elections for Federal office for the registrant involved unless the registrant states on the form that the change of address is not for voter registration purposes.

(e) TRANSMITTAL DEADLINE.—(1) Subject to paragraph (2), a completed voter registration portion of an application for a State motor vehicle driver's license accepted at a State motor vehicle authority shall be transmitted to the appropriate State election official not later than 10 days after the date of acceptance.

(2) If a registration application is accepted within 5 days before the last day for registration to vote in an election, the application shall be transmitted to the appropriate State election official not later than 5 days after the date of acceptance.

SEC. 6. MAIL REGISTRATION.                                   42 USC 1973gg-4.

(a) FORM.—(1) Each State shall accept and use the mail voter registration application form prescribed by the Federal Election Commission pursuant to section 9(a)(2) for the registration of voters in elections for Federal office.

(2) In addition to accepting and using the form described in paragraph (1), a State may develop and use a mail voter registration

form that meets all of the criteria stated in section 9(b) for the registration of voters in elections for Federal office.

(3) A form described in paragraph (1) or (2) shall be accepted and used for notification of a registrant's change of address.

(b) AVAILABILITY OF FORMS.—The chief State election official of a State shall make the forms described in subsection (a) available for distribution through governmental and private entities, with particular emphasis on making them available for organized voter registration programs.

(c) FIRST-TIME VOTERS.—(1) Subject to paragraph (2), a State may by law require a person to vote in person if—

(A) the person was registered to vote in a jurisdiction by mail; and

(B) the person has not previously voted in that jurisdiction.

(2) Paragraph (1) does not apply in the case of a person—

(A) who is entitled to vote by absentee ballot under the Uniformed and Overseas Citizens Absentee Voting Act (42 U.S.C. 1973ff-1 et seq.);

(B) who is provided the right to vote otherwise than in person under section 3(b)(2)(B)(ii) of the Voting Accessibility for the Elderly and Handicapped Act (42 U.S.C. 1973ee-1(b)(2)(B)(ii)); or

(C) who is entitled to vote otherwise than in person under any other Federal law.

(d) UNDELIVERED NOTICES.—If a notice of the disposition of a mail voter registration application under section 8(a)(2) is sent by nonforwardable mail and is returned undelivered, the registrar may proceed in accordance with section 8(d).

42 USC 1973gg-5.   **SEC. 7. VOTER REGISTRATION AGENCIES.**

(a) DESIGNATION.—(1) Each State shall designate agencies for the registration of voters in elections for Federal office.

(2) Each State shall designate as voter registration agencies—

(A) all offices in the State that provide public assistance; and

(B) all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities.

(3)(A) In addition to voter registration agencies designated under paragraph (2), each State shall designate other offices within the State as voter registration agencies.

(B) Voter registration agencies designated under subparagraph (A) may include—

(i) State or local government offices such as public libraries, public schools, offices of city and county clerks (including marriage license bureaus), fishing and hunting license bureaus, government revenue offices, unemployment compensation offices, and offices not described in paragraph (2)(B) that provide services to persons with disabilities; and

(ii) Federal and nongovernmental offices, with the agreement of such offices.

(4)(A) At each voter registration agency, the following services shall be made available:

(i) Distribution of mail voter registration application forms in accordance with paragraph (6).

(ii) Assistance to applicants in completing voter registration application forms, unless the applicant refuses such assistance.

(iii) Acceptance of completed voter registration application forms for transmittal to the appropriate State election official.

(B) If a voter registration agency designated under paragraph (2)(B) provides services to a person with a disability at the person's home, the agency shall provide the services described in subparagraph (A) at the person's home.

(5) A person who provides service described in paragraph (4) shall not—

(A) seek to influence an applicant's political preference or party registration;

(B) display any such political preference or party allegiance;

(C) make any statement to an applicant or take any action the purpose or effect of which is to discourage the applicant from registering to vote; or

(D) make any statement to an applicant or take any action the purpose or effect of which is to lead the applicant to believe that a decision to register or not to register has any bearing on the availability of services or benefits.

(6) A voter registration agency that is an office that provides service or assistance in addition to conducting voter registration shall—

(A) distribute with each application for such service or assistance, and with each recertification, renewal, or change of address form relating to such service or assistance—

(i) the mail voter registration application form described in section 9(a)(2), including a statement that—

(I) specifies each eligibility requirement (including citizenship);

(II) contains an attestation that the applicant meets each such requirement; and

(III) requires the signature of the applicant, under penalty of perjury; or

(ii) the office's own form if it is equivalent to the form described in section 9(a)(2),

unless the applicant, in writing, declines to register to vote;

(B) provide a form that includes—

(i) the question, "If you are not registered to vote where you live now, would you like to apply to register to vote here today?";

(ii) if the agency provides public assistance, the statement, "Applying to register or declining to register to vote will not affect the amount of assistance that you will be provided by this agency.";

(iii) boxes for the applicant to check to indicate whether the applicant would like to register or declines to register to vote (failure to check either box being deemed to constitute a declination to register for purposes of subparagraph (C)), together with the statement (in close proximity to the boxes and in prominent type), "IF YOU DO NOT CHECK EITHER BOX, YOU WILL BE CONSIDERED TO HAVE DECIDED NOT TO REGISTER TO VOTE AT THIS TIME.";

(iv) the statement, "If you would like help in filling out the voter registration application form, we will help you. The decision whether to seek or accept help is yours. You may fill out the application form in private."; and

(v) the statement, "If you believe that someone has interfered with your right to register or to decline to register to vote, your right to privacy in deciding whether to register or in applying to register to vote, or your right to choose your own political party or other political preference, you may file a complaint with _____."; the blank being filled by the name, address, and telephone number of the appropriate official to whom such a complaint should be addressed; and

(C) provide to each applicant who does not decline to register to vote the same degree of assistance with regard to the completion of the registration application form as is provided by the office with regard to the completion of its own forms, unless the applicant refuses such assistance.

(7) No information relating to a declination to register to vote in connection with an application made at an office described in paragraph (6) may be used for any purpose other than voter registration.

(b) FEDERAL GOVERNMENT AND PRIVATE SECTOR COOPERATION.—All departments, agencies, and other entities of the executive branch of the Federal Government shall, to the greatest extent practicable, cooperate with the States in carrying out subsection (a), and all nongovernmental entities are encouraged to do so.

(c) ARMED FORCES RECRUITMENT OFFICES.—(1) Each State and the Secretary of Defense shall jointly develop and implement procedures for persons to apply to register to vote at recruitment offices of the Armed Forces of the United States.

(2) A recruitment office of the Armed Forces of the United States shall be considered to be a voter registration agency designated under subsection (a)(2) for all purposes of this Act.

(d) TRANSMITTAL DEADLINE.—(1) Subject to paragraph (2), a completed registration application accepted at a voter registration agency shall be transmitted to the appropriate State election official not later than 10 days after the date of acceptance.

(2) If a registration application is accepted within 5 days before the last day for registration to vote in an election, the application shall be transmitted to the appropriate State election official not later than 5 days after the date of acceptance.

42 USC 1973gg-6.  **SEC. 8. REQUIREMENTS WITH RESPECT TO ADMINISTRATION OF VOTER REGISTRATION.**

(a) IN GENERAL.—In the administration of voter registration for elections for Federal office, each State shall—

(1) ensure that any eligible applicant is registered to vote in an election—

(A) in the case of registration with a motor vehicle application under section 5, if the valid voter registration form of the applicant is submitted to the appropriate State motor vehicle authority not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

(B) in the case of registration by mail under section 6, if the valid voter registration form of the applicant is postmarked not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

PUBLIC LAW 103-31—MAY 20, 1993          107 STAT. 83

(C) in the case of registration at a voter registration agency, if the valid voter registration form of the applicant is accepted at the voter registration agency not later than the lesser of 30 days, or the period provided by State law, before the date of the election; and

(D) in any other case, if the valid voter registration form of the applicant is received by the appropriate State election official not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

(2) require the appropriate State election official to send notice to each applicant of the disposition of the application;

(3) provide that the name of a registrant may not be removed from the official list of eligible voters except—

(A) at the request of the registrant;

(B) as provided by State law, by reason of criminal conviction or mental incapacity; or

(C) as provided under paragraph (4);

(4) conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of—

(A) the death of the registrant; or

(B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d);

(5) inform applicants under sections 5, 6, and 7 of—

(A) voter eligibility requirements; and

(B) penalties provided by law for submission of a false voter registration application; and

(6) ensure that the identity of the voter registration agency through which any particular voter is registered is not disclosed to the public.

(b) CONFIRMATION OF VOTER REGISTRATION.—Any State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office—

(1) shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.); and

(2) shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote.

(c) VOTER REMOVAL PROGRAMS.—(1) A State may meet the requirement of subsection (a)(4) by establishing a program under which—

(A) change-of-address information supplied by the Postal Service through its licensees is used to identify registrants whose addresses may have changed; and

(B) if it appears from information provided by the Postal Service that—

(i) a registrant has moved to a different residence address in the same registrar's jurisdiction in which the registrant is currently registered, the registrar changes the registration records to show the new address and sends the registrant a notice of the change by forwardable mail and a postage prepaid pre-addressed return form by which

the registrant may verify or correct the address information; or

(ii) the registrant has moved to a different residence address not in the same registrar's jurisdiction, the registrar uses the notice procedure described in subsection (d)(2) to confirm the change of address.

(2)(A) A State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters.

(B) Subparagraph (A) shall not be construed to preclude—

(i) the removal of names from official lists of voters on a basis described in paragraph (3) (A) or (B) or (4)(A) of subsection (a); or

(ii) correction of registration records pursuant to this Act.

(d) REMOVAL OF NAMES FROM VOTING ROLLS.—(1) A State shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant—

(A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

(B)(i) has failed to respond to a notice described in paragraph (2); and

(ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.

(2) A notice is described in this paragraph if it is a postage prepaid and pre-addressed return card, sent by forwardable mail, on which the registrant may state his or her current address, together with a notice to the following effect:

(A) If the registrant did not change his or her residence, or changed residence but remained in the registrar's jurisdiction, the registrant should return the card not later than the time provided for mail registration under subsection (a)(1)(B). If the card is not returned, affirmation or confirmation of the registrant's address may be required before the registrant is permitted to vote in a Federal election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice, and if the registrant does not vote in an election during that period the registrant's name will be removed from the list of eligible voters.

(B) If the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered, information concerning how the registrant can continue to be eligible to vote.

(3) A voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection.

(e) PROCEDURE FOR VOTING FOLLOWING FAILURE TO RETURN CARD.—(1) A registrant who has moved from an address in the

area covered by a polling place to an address in the same area shall, notwithstanding failure to notify the registrar of the change of address prior to the date of an election, be permitted to vote at that polling place upon oral or written affirmation by the registrant of the change of address before an election official at that polling place.

(2)(A) A registrant who has moved from an address in the area covered by one polling place to an address in an area covered by a second polling place within the same registrar's jurisdiction and the same congressional district and who has failed to notify the registrar of the change of address prior to the date of an election, at the option of the registrant—

(i) shall be permitted to correct the voting records and vote at the registrant's former polling place, upon oral or written affirmation by the registrant of the new address before an election official at that polling place; or

(ii)(I) shall be permitted to correct the voting records and vote at a central location within the same registrar's jurisdiction designated by the registrar where a list of eligible voters is maintained, upon written affirmation by the registrant of the new address on a standard form provided by the registrar at the central location; or

(II) shall be permitted to correct the voting records for purposes of voting in future elections at the appropriate polling place for the current address and, if permitted by State law, shall be permitted to vote in the present election, upon confirmation by the registrant of the new address by such means as are required by law.

(B) If State law permits the registrant to vote in the current election upon oral or written affirmation by the registrant of the new address at a polling place described in subparagraph (A)(i) or (A)(ii)(II), voting at the other locations described in subparagraph (A) need not be provided as options.

(3) If the registration records indicate that a registrant has moved from an address in the area covered by a polling place, the registrant shall, upon oral or written affirmation by the registrant before an election official at that polling place that the registrant continues to reside at the address previously made known to the registrar, be permitted to vote at that polling place.

(f) CHANGE OF VOTING ADDRESS WITHIN A JURISDICTION.—In the case of a change of address, for voting purposes, of a registrant to another address within the same registrar's jurisdiction, the registrar shall correct the voting registration list accordingly, and the registrant's name may not be removed from the official list of eligible voters by reason of such a change of address except as provided in subsection (d).

(g) CONVICTION IN FEDERAL COURT.—(1) On the conviction of a person of a felony in a district court of the United States, the United States attorney shall give written notice of the conviction to the chief State election official designated under section 10 of the State of the person's residence.

(2) A notice given pursuant to paragraph (1) shall include—
(A) the name of the offender;
(B) the offender's age and residence address;
(C) the date of entry of the judgment;
(D) a description of the offenses of which the offender was convicted; and

**107 STAT. 86**   PUBLIC LAW 103-31—MAY 20, 1993

(E) the sentence imposed by the court.

(3) On request of the chief State election official of a State or other State official with responsibility for determining the effect that a conviction may have on an offender's qualification to vote, the United States attorney shall provide such additional information as the United States attorney may have concerning the offender and the offense of which the offender was convicted.

(4) If a conviction of which notice was given pursuant to paragraph (1) is overturned, the United States attorney shall give the official to whom the notice was given written notice of the vacation of the judgment.

(5) The chief State election official shall notify the voter registration officials of the local jurisdiction in which an offender resides of the information received under this subsection.

(h) REDUCED POSTAL RATES.—(1) Subchapter II of chapter 36 of title 39, United States Code, is amended by adding at the end the following:

**"§ 3629. Reduced rates for voter registration purposes**

"The Postal Service shall make available to a State or local voting registration official the rate for any class of mail that is available to a qualified nonprofit organization under section 3626 for the purpose of making a mailing that the official certifies is required or authorized by the National Voter Registration Act of 1993.".

(2) The first sentence of section 2401(c) of title 39, United States Code, is amended by striking out "and 3626(a)–(h) and (j)–(k) of this title," and inserting in lieu thereof "3626(a)–(h), 3626(j)–(k), and 3629 of this title".

(3) Section 3627 of title 39, United States Code, is amended by striking out "or 3626 of this title," and inserting in lieu thereof "3626, or 3629 of this title".

(4) The table of sections for chapter 36 of title 39, United States Code, is amended by inserting after the item relating to section 3628 the following new item:

"3629. Reduced rates for voter registration purposes.".

Records.

(i) PUBLIC DISCLOSURE OF VOTER REGISTRATION ACTIVITIES.—(1) Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

(2) The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made.

(j) DEFINITION.—For the purposes of this section, the term "registrar's jurisdiction" means—

(1) an incorporated city, town, borough, or other form of municipality;

(2) if voter registration is maintained by a county, parish, or other unit of government that governs a larger geographic

PUBLIC LAW 103-31—MAY 20, 1993          107 STAT. 87

area than a municipality, the geographic area governed by that unit of government; or

(3) if voter registration is maintained on a consolidated basis for more than one municipality or other unit of government by an office that performs all of the functions of a voting registrar, the geographic area of the consolidated municipalities or other geographic units.

**SEC. 9. FEDERAL COORDINATION AND REGULATIONS.**          42 USC 1973gg-7.

(a) IN GENERAL.—The Federal Election Commission—

(1) in consultation with the chief election officers of the States, shall prescribe such regulations as are necessary to carry out paragraphs (2) and (3);

(2) in consultation with the chief election officers of the States, shall develop a mail voter registration application form for elections for Federal office;

(3) not later than June 30 of each odd-numbered year,   Reports.
shall submit to the Congress a report assessing the impact of this Act on the administration of elections for Federal office during the preceding 2-year period and including recommendations for improvements in Federal and State procedures, forms, and other matters affected by this Act; and

(4) shall provide information to the States with respect to the responsibilities of the States under this Act.

(b) CONTENTS OF MAIL VOTER REGISTRATION FORM.—The mail voter registration form developed under subsection (a)(2)—

(1) may require only such identifying information (including the signature of the applicant) and other information (including data relating to previous registration by the applicant), as is necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process;

(2) shall include a statement that—

(A) specifies each eligibility requirement (including citizenship);

(B) contains an attestation that the applicant meets each such requirement; and

(C) requires the signature of the applicant, under penalty of perjury;

(3) may not include any requirement for notarization or other formal authentication; and

(4) shall include, in print that is identical to that used in the attestation portion of the application—

(i) the information required in section 8(a)(5) (A) and (B);

(ii) a statement that, if an applicant declines to register to vote, the fact that the applicant has declined to register will remain confidential and will be used only for voter registration purposes; and

(iii) a statement that if an applicant does register to vote, the office at which the applicant submits a voter registration application will remain confidential and will be used only for voter registration purposes.

**SEC. 10. DESIGNATION OF CHIEF STATE ELECTION OFFICIAL.**          42 USC 1973gg-8.

Each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this Act.

107 STAT. 88         PUBLIC LAW 103-31—MAY 20, 1993

42 USC 1973gg-9.    **SEC. 11. CIVIL ENFORCEMENT AND PRIVATE RIGHT OF ACTION.**

(a) ATTORNEY GENERAL.—The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this Act.

(b) PRIVATE RIGHT OF ACTION.—(1) A person who is aggrieved by a violation of this Act may provide written notice of the violation to the chief election official of the State involved.

(2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.

(3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

(c) ATTORNEY'S FEES.—In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs.

(d) RELATION TO OTHER LAWS.—(1) The rights and remedies established by this section are in addition to all other rights and remedies provided by law, and neither the rights and remedies established by this section nor any other provision of this Act shall supersede, restrict, or limit the application of the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.).

(2) Nothing in this Act authorizes or requires conduct that is prohibited by the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.).

42 USC 1973gg-10.   **SEC. 12. CRIMINAL PENALTIES.**

A person, including an election official, who in any election for Federal office—

(1) knowingly and willfully intimidates, threatens, or coerces, or attempts to intimidate, threaten, or coerce, any person for—

(A) registering to vote, or voting, or attempting to register or vote;

(B) urging or aiding any person to register to vote, to vote, or to attempt to register or vote; or

(C) exercising any right under this Act; or

(2) knowingly and willfully deprives, defrauds, or attempts to deprive or defraud the residents of a State of a fair and impartially conducted election process, by—

(A) the procurement or submission of voter registration applications that are known by the person to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held; or

(B) the procurement, casting, or tabulation of ballots that are known by the person to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held,

shall be fined in accordance with title 18, United States Code (which fines shall be paid into the general fund of the Treasury, miscellaneous receipts (pursuant to section 3302 of title 31, United

Attachment 3- page 12 of 13

PUBLIC LAW 103-31—MAY 20, 1993          107 STAT. 89

States Code), notwithstanding any other law), or imprisoned not more than 5 years, or both.

**SEC. 13. EFFECTIVE DATE.**

42 USC 1973gg note.

This Act shall take effect—

(1) with respect to a State that on the date of enactment of this Act has a provision in the constitution of the State that would preclude compliance with this Act unless the State maintained separate Federal and State official lists of eligible voters, on the later of—

(A) January 1, 1996; or

(B) the date that is 120 days after the date by which, under the constitution of the State as in effect on the date of enactment of this Act, it would be legally possible to adopt and place into effect any amendments to the constitution of the State that are necessary to permit such compliance with this Act without requiring a special election; and

(2) with respect to any State not described in paragraph (1), on January 1, 1995.

Approved May 20, 1993.

---

LEGISLATIVE HISTORY—H.R. 2 (S. 460):

HOUSE REPORTS: Nos. 103-9 (Comm. on House Administration) and 103-66 (Comm. of Conference).
SENATE REPORTS: No. 103-6 accompanying S. 460 (Comm. on Rules and Administration).
CONGRESSIONAL RECORD, Vol. 139 (1993):
  Feb. 4, considered and passed House.
  Mar. 10, 11, 15-17, S. 460 considered in Senate; H.R. 2, amended, passed in lieu.
  May 5, House agreed to conference report.
  May 6-8, Senate considered and agreed to conference report.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 29 (1993):
  May 20, Presidential remarks.