# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>William J. Mooney, Joni T. Mooney, and Harbor Holdings, Mid-Atlantic Trustees and Administrators,<br><br>    Defendants. | Case No. 16-cv-2547 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Michael R. Pahl, U.S. Department for Justice, Tax Division, P.O. Box 7238 Ben Franklin Station, Washington, DC 20044, for Plaintiff.

William J. Mooney and Joni T. Mooney, 409 6th Avenue Northwest, Little Falls, MN 56345, pro se.

SUSAN RICHARD NELSON, United States District Judge

  Before the Court are a number of pending motions in this matter, which the Court addresses below. The Court heard oral argument on the motions on January 16, 2020. For the reasons set forth below, the Court grants Plaintiff's two motions [Doc Nos. 198, 211] and denies Defendants' five pro se motions [Doc Nos. 206, 207, 218, 220, 221].

## I. Background

  The facts and lengthy procedural history of this case have been thoroughly and accurately stated in several Orders of this Court and of the magistrate judge. (*See, e.g.*, Order of Nov. 7, 2016 [Doc. No. 36]; Order Deny. Defs.' Mot. to Dismiss [Doc. No. 78].) Therefore, this Court recites the facts here only to the extent necessary to contextualize and

rule on the present motions.

On July 28, 2016, Plaintiff, the United States of America, brought an action against Defendants William J. Mooney and Joni T. Mooney (collectively, the "Mooneys") to reduce federal tax and penalty assessments to judgment and enforce federal tax liens against a property jointly owned by the Mooneys. (Compl. [Doc. No. 1] at 1.) This Court entered a final judgment in this action on May 18, 2018 in favor of Plaintiff and against the Mooneys for their respective federal tax debts. [Doc. No. 151.]

The final judgment also ordered that the federal tax liens associated with those liabilities be enforced with a judicial sale of the property located at 409 6th Avenue Northwest, Little Falls, Minnesota (the "Property"), and that the proceeds of sale be distributed as set forth in the Court's final judgment. (Id.) The Property has a legal description of "Lots 9, 10, 11, 12, and 13, all in Block 11 of Thayer's Addition to the City of Little Falls, according to the plat thereof, and situated in Morrison County, Minnesota." (Id.)

Shortly following the Court's final judgment, the Mooneys filed a motion to dismiss and motion to vacate judgment. [Doc. No. 157.] On February 6, 2019, the Court denied both motions and ordered a judicial sale of the Property. [Doc. Nos. 171-172.] The Court ordered that all sale proceeds be deposited with the Clerk of Court and that, after the sale is confirmed, the Court will issue an order directing distribution of the deposited funds. (See Order of Sale [Doc. No. 172].)

Pursuant to the Court's Order of Sale, a notice of the sale of the Property was "published in the classified section of Morrison County Recorder, a newspaper with

general circulation in Morrison County, where the Property is located." (Decl. of J. Breuchaud ("Breuchaud Decl.") ¶ 3, Ex. 1 [Doc. No. 202].) For four consecutive weeks prior to the sale, the notice of sale was published once a week on "August 25, September 1, September 8, and September 15, 2019." (Id.)

The sale of the Property took place on September 25, 2019, and Laurie Veillette bid the highest sum of $81,000. (Id. at ¶¶ 4-5.) Laurie Veillette paid this total sum, which was mailed to the Clerk of the Court. (Id. ¶ 5.) In selling the Property, the Internal Revenue Service ("IRS") incurred total costs of $925.59 for expenses of sale for advertising, a locksmith, and a title report. (Id. ¶ 6.) Additionally, property taxes of $ 765.44 are due to the Morrison County Treasurer. (Id. ¶ 8.)

## II.    Plaintiff's Motions

### A.  Plaintiff's Motion to Confirm the Sale of Real Property [Doc. No. 198]

Plaintiff moves the Court to (i) confirm the sale of the Property, (ii) order the IRS Property Appraisal and Liquidation Specialists ("PALS") to deliver a deed to the purchaser; and (iii) order distribution of the sale proceeds as set forth in its motion. (Pl.'s Mem. of Law in Support of Mot. Confirm Sale [Doc. No. 200] at 3.)

In lieu of filing any response to Plaintiff's motion, Defendants filed several of their own motions, which are addressed below. The Mooneys also originally appealed this Court's final judgment to the Eighth Circuit, but later withdrew that appeal so that they could argue in the Federal Court of Claims that this Court lacks jurisdiction under Article

III.[1] *Mooney et al. v. United States*, No. 19-cv-987 (Fed. Cl. Aug. 27, 2019) [Doc. No. 10]. This argument appears to be the only substantive objection to the sale of the Property. Indeed, even when construing their pro se filings liberally, the Mooneys do not appear to challenge the procedural process Plaintiff followed for the sale of the Property.

The argument raised by the Mooneys in the Federal Court of Claims, however, has been continually raised throughout these proceedings by the Mooneys. The Court therefore holds that the law-of-the-case doctrine bars the Mooneys from continuing to advance the same unmeritorious arguments here that have already been rejected by this Court. (*See, e.g.*, [Doc. Nos. 143, 171].) For the reasons already explained elsewhere, the Mooneys' argument about jurisdiction is unavailing.

Thus, after carefully reviewing the record, the Court finds that Plaintiff complied with the Court's Order of Sale in auctioning the Property. For four consecutive weeks prior to the sale, legal notice of the sale of the Property was given by publication once a week in a newspaper of general circulation in Morrison County, Minnesota, where the Property is located. The Court further finds that Plaintiff fully complied with the remaining terms and conditions set forth in the Order of Sale, and for good cause shown, Plaintiff's

---

[1] Mooneys' case before the Federal Court of Claims is now on appeal to the United States Court of Appeals for the Federal Circuit. *See Mooney et al. v. United States*, No. 20-cv-1075 (Fed. Cir. Dec. 26, 2019) [Doc. No. 11]. At oral argument, the Mooneys appear to rely on their Federal Circuit appeal to bar this Court from rendering a decision because the "same issue" cannot be "open in two courts at the same time." While the Federal Circuit granted a short extension on the briefing schedule, the court expressly noted there was "no reason to stay proceedings until a final judgment in the district case. [The Federal Circuit appeal] and the district court case are separate matters, and any appeal from the district court case would not properly be brought at [the Federal Circuit]." (*Id.* at 2.) The Court agrees, and finds no reason to defer ruling based on this appeal.

motion is granted.

## B.  Plaintiff's Motion to Quash the Subpoena [Doc. No. 211]

Plaintiff moves to quash the subpoena of Jennifer Breuchaud, the IRS PALS agent on this case, on four bases.  (Pl.'s Mem. [Doc No. 226.] at 2-5.)  First, Plaintiff argues service was not proper under Fed.R.Civ.P. 45(b).  (*Id*. at 2.)  Rule 45(b)(2) limits the subpoena power of a court to a 100-mile radius from the location where the individual subpoenaed is to appear.  The IRS Pals agent works in Fairview Heights, Illinois, and she was subpoenaed to testify in a courthouse in Minnesota, approximately more than 500 miles away.  (*See* Decl. of Michael R. Pahl ("Pahl Decl."), Ex. 1 [Doc. No. 214].)  Moreover, Plaintiff argues that Mr. Mooney, as a party to the case, cannot serve a subpoena under Rule 45(b)(1).  (Pl.'s Mem. at 3.)  At oral argument, Mr. Mooney represented that he personally emailed the subpoena to Ms. Breuchaud and government counsel.  Plaintiff argues that the service of subpoena by email was improper and moreover, government counsel did not agree to accept service on the IRS agent's behalf.  (*Id*.)

Second, Plaintiff argues that the Mooneys were required to tender the appropriate mileage and witness fees when the subpoena was served because under Rule 45(b)(1), "[f]ailure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." (Pl.'s Mem. at 3) (internal citation omitted).  Third, Plaintiff argues that the Mooneys did not timely disclose that it sought to subpoena the IRS PALS Agent.  (*Id*. at 4.)  The Mooneys sent an email to Ms. Breuchaud and government counsel six days before the scheduled hearing.  (Pahl Decl., ¶ 2.)  Finally, Plaintiff argues that the subpoena is unduly burdensome because Ms. Breuchaud was conducting a judicial sale on the day of

the hearing. (*Id.* at ¶ 3.) And, because the Mooneys allegedly failed to identify any particular testimony they desire from her, Plaintiff argues that the subpoena is unduly burdensome on this additional basis. (Pl.'s Mem. at 4-5 (citing *In re Levaquin Products Liability Litigation*, Civ. No. 08-5743 (JRT), 2010 WL 4867407, *2 (D. Minn. Nov. 9, 2010).) At oral argument, Mr. Mooney was vague in identifying any particular testimony the Mooneys sought to illicit from the IRS PALS agent. While Mr. Mooney stated that live testimony was required to determine Ms. Breuchaud's understanding of the "false statements" she made in connection with the declaration she previously submitted in this case, (*see* [Doc. No. 202]), the only example of such statements was her alleged failure to understand that Plaintiff brought only an "in rem" action here. However, Plaintiff notes that Defendants mistakenly characterize this action—this action is in personam, *not* in rem.

Accordingly, the Court grants Plaintiff's motion to quash. First, the Court finds that the Mooneys failed to properly serve Ms. Breuchaud. Indeed, at oral argument, Mr. Mooney acknowledged that service of the subpoena did not comply under Rule 45(b). Second, the Court finds that the Mooneys have not identified any potentially relevant testimony they seek to elicit from the IRS PALS agent. *See e.g., In re Levaquin Products Liability Litigation*., 2010 WL 4867407 at *2. While the Mooneys purport to allege that Ms. Breuchaud made certain "false" statements, this action is indeed in personam, not in rem. (*See* Compl.) Further, the Mooneys do not challenge any of the documentary evidence regarding the sale of the Property. Thus, despite the Mooneys' insistence that Ms. Breuchaud's live testimony is warranted, the Court finds that the late notification of the subpoena, combined with the distance Ms. Breuchaud would have to travel to testify

outweighs any potentially relevant testimony.  *Id.*  (holding that the balance of similar factors for quashing a subpoena on the basis of undue burden weighs in favor of quashing the subpoena).

## III.    Defendants' Motions

To the extent that Defendants seek relief in their pro se filings, Plaintiff opposes Defendants' motions on procedural grounds.  [Doc Nos. 206, 207, 218, 220, 221.]  During oral argument, Plaintiff argues that the Mooneys violated this Court's Local Rules by, *inter alia*, failing to make an effort to meet and confer prior to filing Defendants' motions.  *See* D. Minn. L.R. 7.1(a)(A)-(B).  Despite this apparent failing, the Court will nevertheless consider the Mooneys' motions on the merits.

When construing Defendants' pro se filings liberally, the Mooneys appear to seek an extension of the deadline to respond to this action because of their pending appeal in the Federal Circuit.  [*See* Doc. No. 206.]  However, as noted above, this action and the Federal Circuit appeal are separate matters, and the Court sees no reason to extend any deadlines on the basis of that appeal.  Defendants further seek to cancel the Court's scheduled hearing on the premise that the judgment previously entered by the Court was "not final," [Doc. Nos. 218, 220], which is patently false.  (*See* [Doc No. 151].)  The Mooneys further assert they were denied due process because neither the Court nor government's counsel provided notice to the Mooneys that this action was only "in rem."  [*See* Doc. No. 207 at 3-6.]  As explained above, however, this action is indeed in personam, *not* in rem.

Finally, the Mooneys recycle previous arguments repeatedly addressed and rejected by this Court.  [Doc. Nos. 207, 221.]  Specifically, the Mooneys assert that the Court lacks

jurisdiction over the present case, and that counsel for the United States lacks authority to bring this suit because there is a difference between the United States and the United States of America. *Id.* As the Court has time after time advised the Mooneys that the law-of-the-case doctrine bars them from continuing to advance the same unmeritorious arguments, the Court will not address these arguments further. Accordingly, the Court denies Defendants' five *pro se* motions. [Doc Nos. 206, 207, 218, 220, 221.]

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Confirm the Sale of Real Property [Doc. No. 198] is **GRANTED**; and

**IT IS FURTHER ORDERED** that the sale of real property, identified as located at 409 6th Avenue, Northwest, Little Falls, Minnesota, and legally described as follows:

> Lots 9, 10, 11, 12, and 13, all in Block 11 of Thayer's Addition to the City of Little Falls, according to the plat thereof, and situated in Morrison, County, Minnesota

to Laurie Veillette for the total sum of $81,000 is approved and confirmed;

**IT IS FURTHER ORDERED** that upon entry and filing of this Order with the United States District Court, District of Minnesota, the IRS is directed to execute and deliver a deed conveying the property to Laurie Veillette, the purchaser, in accordance with paragraph 2(m) of the Order of Sale [Doc. No. 172] previously entered by the Court;

**IT IS FURTHER ORDERED** that the Clerk of Court shall distribute the sale proceeds as follows:

i. $925.59 to IRS PALS for expenses incurred in selling the Property. The check should be made payable to the "United States Treasury" and sent to:

> Internal Revenue Service
> Shawn Kennedy
> 801 Wabash
> Terre Haute, IN 47807

ii. $765.44 to Morrison County Treasurer for outstanding real property taxes accrued on the Property. The check should be made payable to the "Morrison County Treasurer" and sent to:

> Morrison County Treasurer
>  213 1st Ave SE
> Little Falls, MN 56345

iii. $79,308.97 representing the remaining proceeds from the sale of the Property for application towards the federal tax liabilities of William J. Mooney and Joni T. Mooney. The check should be made payable to the "U.S. Department of Justice" and sent to:

> William E. Thompson
> U.S. Dept. of Justice, Tax Division
> Attn: Financial Litigation Unit
> P.O. Box 310
> Washington, DC 20044

2. Plaintiff's Motion to Quash the Subpoena [Doc. No. 211] is **GRANTED**; and

3. Defendants' Motions [Doc. Nos. 206, 207, 218, 220, 221] are **DENIED**.

Dated: January 22, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge